# FILED

# UNDER

# SEAL

**ORIGINAL**



1  **GREENBERG TRAURIG LLP**
   Mark G. Tratos (Bar No. 1086) (*Local Counsel*)
2  F. Christopher Austin (Bar No. 6559) (*Local Counsel*)
   Ronald D. Green, Jr. (Bar No. 7360) (*Local Counsel*)
3  3773 Howard Hughes Parkway, Ste. 500 N
   Las Vegas, Nevada  89109
4  Tel: (702) 792-3773
   Fax: (702) 792-9002
5
   **KRONENBERGER & ASSOCIATES**
6  Karl S. Kronenberger (CA Bar No. 226112) (*Pro Hac Vice*)
   Terri R. Hanley (CA Bar No. 199811) (*Pro Hac Vice*)
7  220 Montgomery Street, Suite 1920
   San Francisco, California 94104
8  Tel:  (415) 955-1155
   Fax:  (415) 955-1158
9
   Attorneys for Plaintiff
10
                    UNITED STATES DISTRICT COURT
11                      DISTRICT OF NEVADA
12
13
14 | ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD., a Cayman Islands company, | Case No. CV-S-05-0848-RCJ(LRL) |
15 |                                                                   |                                 |
16 | Plaintiff,                                                        | **PETITION FOR LIMITED EXCEPTION TO SEAL ORDER** |
17 | vs.                                                               |                                 |
18 | ASSOCIATION OF AMERICAN INTERNATIONAL MEDICAL GRADUATES, INC., a Nevada corporation; THOMAS MOORE, M.D. a.k.a. "presaaimg@hotmail.com," an individual; SARAH B. WEINSTEIN a.k.a. "execsecaaimg@hotmail.com," an individual; and RACHAEL E. SILVER, an individual, | **CONDITIONALLY UNDER SEAL** |
19 |                                                                   |                                 |
20 |                                                                   |                                 |
21 |                                                                   |                                 |
22 | Defendants.                                                       |                                 |
23
24
25         Plaintiff ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD. ("ST. MATTHEW's"),
26 through its attorneys, pursuant to Local Rules and the inherent powers of this Court,
27
28

                                              PETITION FOR EXCEPTION TO SEAL
                              1

hereby brings this *ex parte* petition to modify the present seal order issued in this case on July 15, 2005, to allow limited disclosures as described herein.

## BACKGROUND

Upon hearing had on July 15, 2005, this Court issued the following orders in connection with Plaintiff's Complaint filed in the case:

- **Preservation Order:** an order preserving now-existing electronic evidence in the possession, custody and/or control of non-parties, which is subject to intentional, inadvertent, and/or automated deletion;

- **Expedited Discovery Order:** allowing the immediate discovery of identifying information through third-party subpoenas, required for the full and accurate identification and location of defendants, which was issued upon the posting of a $10,000.00 bond with the Court; and

- **Order for Filing Under Seal:** ordering that any and all papers submitted in the case, as well as the case docket and any orders issued, shall be filed and kept under seal, to protect against notice of this action to as yet unidentified parties and non-parties shown to be highly likely to destroy evidence or evade service, discovery and identification.

Plaintiff sought and was granted the above motions on an *ex parte* basis, good cause having been shown and found therefore.

Since these orders were issued, Plaintiff has conducted the discovery sought pursuant to the Expedited Discovery Order, and the Preservation Order has been provided to and effectuated by the third-party subjects of the subpoenas served.

## LIMITED EXCEPTION FROM SEAL ORDER SOUGHT

In the time since the granting of the above orders, including the Order to File Under Seal, the need has arisen on the part of Plaintiff to make disclosures regarding the existence and nature of the current litigation in the course of Plaintiff's corporate administration and related duties as specified below. Such disclosure is necessary for the operation of Plaintiff's business, and disclosure pursuant thereto would not frustrate

PETITION FOR EXCEPTION TO SEAL

the purpose of the initial seal order sought – that is, preservation of evidence, and minimizing notice to Defendants to prevent the likelihood of evasion of service and location.

### 1. Exception sought is for limited purposes of disclosures pursuant to private offering for sale of shares of Plaintiff corporation.

Plaintiff, a privately-held Grand Cayman company, contemplates various private sales of its shares to private individuals and investors. Pursuant to the bringing of fruition of such offerings and sales, and as required under law, Plaintiff is required to disclose information material to the present and future valuation of Plaintiff's business, and any matter that may materially affect its business. As such, Plaintiff is under a duty to disclose to any such potential investors the existence and nature of the present case.

### 2. Disclosure would be strictly limited in scope for the purpose sought.

Scope of disclosure of the documents in the case would be made for the strictly limited purpose described above. As to the parties to which disclosure shall be made, disclosure shall be limited to (1) the counsel retained pursuant to such purpose by any such investor or potential investor corporation, and (2) to one insider executive officer of any such investor or potential investor.

### 3. Disclosure would be subject to highly confidential treatment pursuant to an executed confidentiality agreement.

Any such disclosure made as described above will be held and subject to strict confidential treatment. Any parties to which disclosure shall be made will be required to execute and agree to be bound by a confidentiality agreement, accompanied by a copy of any order issued pursuant to this petition, and prohibiting further disclosure to any other party for any purpose, requiring confidential handling of any documents disclosed, and notifying them that violation of such agreement will constitute acts in contempt of Court. Any documents disclosed thereunder shall be conspicuously labeled as "CONFIDENTIAL – ATTORNEYS / EXECUTIVE EYES ONLY."

///

1  **WHEREFORE**, Plaintiff prays that this Court issue the order requested herein, in
2  the form filed herewith.
3
4  DATED: August 26, 2005.        **KRONENBERGER & ASSOCIATES**
5
6                                  By: _____
7                                  Karl S. Kronenberger
                                    Terri R. Hanley
                                    Attorneys for Plaintiff
8                                   ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD.
9
10 DATED: August 26, 2005.        **GREENBERG TRAURIG, LLP**
11
12                                  By: _____
                                    Mark G. Tratos
13                                  F. Christopher Austin
                                    Ronald D. Green, Jr.
14                                  Designated Local Counsel for Plaintiff
                                    ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD.
15

**ORIGINAL**

**GREENBERG TRAURIG LLP**
Mark G. Tratos (Bar No. 1086) (*Local Counsel*)
F. Christopher Austin (Bar No. 6559) (*Local Counsel*)
Ronald D. Green, Jr. (Bar No. 7360) (*Local Counsel*)
3773 Howard Hughes Parkway, Ste. 500 N
Las Vegas, Nevada 89109
Tel: (702) 792-3773
Fax: (702) 792-9002

**KRONENBERGER & ASSOCIATES**
Karl S. Kronenberger (CA Bar No. 226112) (*Pro Hac Pending*)
Terri R. Hanley (CA Bar No. 199811) (*Pro Hac Pending*)
220 Montgomery Street, Suite 1920
San Francisco, California 94104
Tel: (415) 955-1155
Fax: (415) 955-1158

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD. a Cayman Islands company,<br><br>Plaintiff,<br><br>vs.<br><br>ASSOCIATION OF AMERICAN INTERNATIONAL MEDICAL GRADUATES, a Nevada domestic corporation; "presaaimg@hotmail.com," a.k.a. THOMAS MOORE, M.D., an individual; "execsecaaimg@hotmail.com," a.k.a. SARAH WEINSTEIN, an individual; RACHAEL E. SILVER, an individual; and DOES 1-10,<br><br>Defendants. | Case No. CV-S-05-0848-RCJ(LRL)<br><br>[~~PROPOSED~~]<br><br>ORDER RE FILING UNDER SEAL<br><br><u>CONDITIONALLY UNDER SEAL</u> |

After consideration upon petition properly brought by Plaintiff ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD. in the above-captioned case, and good cause having been found therefore, IT IS HEREBY ORDERED:

1

[PRPOSED] ORDER RE MODIFICATION OF SEAL

Plaintiff shall be allowed disclosure of the documents in the case in connection with any private sales or offering for sale of its shares to private investors.

Disclosure pursuant to such limited purpose shall be limited to (1) the counsel retained pursuant to such purpose by any such investor or potential investor corporation, and (2) to one insider executive officer of any such investor or potential investor.

Any such disclosure made as described above will be held and subject to strict confidential treatment. Any parties to which disclosure shall be made will be required to execute and agree to be bound by a confidentiality agreement, accompanied by a copy of this Order, which shall prohibit further disclosure to any other party for any purpose, require confidential handling of any documents disclosed, and notify them that violation of such agreement will constitute acts in contempt of Court. Any documents disclosed thereunder shall be conspicuously labeled as "CONFIDENTIAL – ATTORNEYS / EXECUTIVE EYES ONLY."

**IT IS SO ORDERED.**

DATED: 8-30-05

UNITED STATES DISTRICT JUDGE