1   **GREENBERG TRAURIG LLP**    *ORIGINAL*
     Mark G. Tratos (Bar No. 1086)

2    F. Christopher Austin (Bar No. 6559)
     Ronald D. Green, Jr. (Bar No. 7360)

3    3773 Howard Hughes Parkway, Ste. 500 N
     Las Vegas, Nevada 89109

4    Tel: (702) 792-3773
     Fax: (702) 792-9002

5

6    **KRONENBERGER & ASSOCIATES**
     Karl S. Kronenberger (CA Bar No. 226112) (*Pro Hac Vice*)

7    Terri R. Hanley (CA Bar No. 199811) (*Pro Hac Vice*)
     220 Montgomery Street, Suite 1920

8    San Francisco, California 94104
     Tel: (415) 955-1155
     Fax: (415) 955-1158

9

10    Attorneys for Plaintiff

11                **UNITED STATES DISTRICT COURT**
                  **DISTRICT OF NEVADA**

12

13    **ST. MATTHEW'S UNIVERSITY**

14    **(CAYMAN) LTD., a Cayman Islands**      Case No. CV-S-05-0848-RCJ(LRL)
     **company,**

15             Plaintiff,

16             vs.              **AMENDED COMPLAINT;**

17    **SABA UNIVERSITY SCHOOL OF**      **DEMAND FOR JURY TRIAL**

18    **MEDICINE FOUNDATION, a**
     **Netherland-Antilles company;**

19    **MEDICAL UNIVERSITY OF THE**
     **AMERICAS, a St. Kitts & Nevis**

20    **company;**                    **FILED UNDER SEAL**
     **EDUCATION INFORMATION**

21    **CONSULTANTS, INC., a Massachusetts**
     **corporation;**

22    **EDUCATIONAL INTERNATIONAL**
     **CONSULTANTS, LLC, a Massachusetts**

23    **limited liability company;**
     **PATRICIA L. HOUGH, M.D. an**

24    **individual, and d.b.a. "Saba University**
     **School of Medicine";**

25    **DAVID L. FREDRICK, an individual;**
     **PANKAJ DESAI, M.D., an individual;**

26    **ASSOCIATION OF AMERICAN**
     **INTERNATIONAL MEDICAL**

27    **GRADUATES, INC., a Nevada**
     **corporation, a.k.a.**

28    **"aaimg@yahoo.com";**
     **THOMAS MOORE, M.D. a.k.a.**

**FILED SEPARATELY**

1               **AMENDED COMPLAINT**

"presaaimg@hotmail.com" and
"crocdoc2004@netzero.net," an
individual;
SARAH B. WEINSTEIN a.k.a.
"execsecaaimg@hotmail.com," an
individual;
RACHAEL E. SILVER, an individual;
and DIEDRE MOORE, an individual,

Defendants.

Plaintiff ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD. ("ST. MATTHEW's"),
through its attorneys, alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action for damages and injunctive relief, arising under the Lanham Act,
15 U.S.C. § 1051 *et seq.*, Nevada state law, California state law, and federal and state
common law.

2.      Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1121, under
28 U.S.C. 1338(a) and (b), and under 28 U.S.C. § 1331.  Supplemental jurisdiction over
claims arising under the law of the States of Nevada and California is conferred upon this
Court under 28 U.S.C. § 1367.

3.      Diversity jurisdiction is conferred upon this Court by 15 U.S.C. § 1332, in that:

     a.  Plaintiff ST. MATTHEW's is a Cayman Islands, British West Indies foreign
        company, having its principal place of business in Grand Cayman;

     b.  On information and belief, Defendant SABA UNIVERSITY SCHOOL OF
        MEDICINE FOUNDATION ("SABA UNIVERSITY") is a Netherland-Antilles
        foreign company, with its primary place of business on Saba Island, of the
        Netherland-Antilles;

     c.  On information and belief, Defendant MEDICAL UNIVERSITY OF THE
        AMERICAS ("MUA") is a company formed under the laws of the island of
        Nevis, of the Federation of St. Kitts & Nevis, a British Commonwealth;

**AMENDED COMPLAINT**

d.  Defendant EDUCATION INFORMATION CONSULTANTS, INC. ("EIC, INC."), is a Massachusetts corporation, with its offices in Gardner, Massachusetts, and is the primary administrative agent of Defendants SABA UNIVERSITY and MUA;

e.  Defendant EDUCATIONAL INTERNATIONAL CONSULTANTS, LLC. ("EIC, LLC"), is a Massachusetts limited liability company, with its offices in Gardner, Massachusetts, and together with EIC, INC. is  the primary administrative agent of Defendants SABA UNIVERSITY and MUA;

f.  On information and belief, Defendants PATRICIA L. HOUGH, M.D. ("HOUGH") and DAVID L. FREDRICK ("FREDRICK"), a married couple, are individuals whose primary residence is in Sarasota County, Florida, and are principals and owners of Defendants EIC, INC., EIC, LLC,  SABA UNIVERSITY and MUA;

g.  Defendant PANKAJ DESAI, M.D. ("DESAI") is an individual whose primary residence is in Skyseville, Maryland, and is a member of the board of trustees of Defendant SABA UNIVERSITY;

h.  Defendant ASSOCIATION OF AMERICAN INTERNATIONAL MEDICAL GRADUATES, INC. a.k.a. "aaimg@yahoo.com" ("AAIMG") is a Nevada corporation, having its stated principal place of business and its registered agent for service in the State of Nevada; and

i.  Defendants THOMAS MOORE, M.D. a.k.a. "presaaimg@hotmail.com" ("MOORE"), SARAH B. WEINSTEIN  a.k.a. "execsecaaimg@hotmail.com" ("WEINSTEIN"), RACHAEL E. SILVER ("SILVER"), and DIEDRE MOORE, are all purportedly individuals (and their associated email addresses, as indicated) whose address is represented as being within the State of Nevada, and each of them officers and/or directors of Defendant AAIMG.

The amount in controversy exceeds $75,000, exclusive of interest and costs.

**AMENDED COMPLAINT**

4.      This Court has personal jurisdiction over Defendant AAIMG, as Defendant AAIMG is a Nevada domestic corporation, with its stated place of business within the State of Nevada, and its resident agent for service of process located in the State of Nevada.

5.      This Court has personal jurisdiction over Defendants THOMAS and DIEDRE MOORE, WEINSTEIN, and SILVER, each of them being officers and/or directors of Defendant AAIMG, and their associated email accounts, and each of them stating their address as being within the State of Nevada.

6.      This Court has personal jurisdiction over Defendants SABA UNIVERSITY, EIC, INC., EIC, LLC, HOUGH, FREDRICK, and DESAI, on information and belief, each of them having conducted business in the State and District of Nevada under the guise of Defendants AAIMG, THOMAS and/or DIEDRE MOORE, WEINSTEIN, and/or SILVER, and committing those acts giving rise to the claims herein within the State and District of Nevada.

7.      Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391(b) and (c), and LR IA 6-1, in that all of the Defendants are subject to personal jurisdiction in this District at the time this action was commenced, there is no district in which the action may otherwise be brought, and as Defendants' acts giving rise to this action occurred in this district.

8.      Whenever in this Amended Complaint reference is made to any act of any individual defendant, that allegation shall be deemed to mean that said Defendant committed, conspired to commit, authorized, aided, abetted, furnished the means to, advised or encouraged the acts alleged as a principal, under express or implied agency, or with actual or ostensible authority to perform the acts so alleged.

9.      Whenever in this Amended Complaint reference is made to any act of Defendants AAIMG, SABA UNIVERSITY, MUA, EIC, INC., or EIC, LLC, that allegation shall be deemed to mean that its officers, directors, agents, employees or representatives, committed, conspired to commit, authorized, aided, abetted, furnished the means to,

AMENDED COMPLAINT

1  advised or encouraged the acts alleged, while actively engaged in the management,

2  direction or control of the affairs of that Defendant.

3  10.     Whenever reference is made in this Amended Complaint to any act of any

4  Defendants, that allegation shall be deemed to mean the act of each Defendant acting

5  individually and jointly, and in so doing, each of the defendants was the agent, joint

6  venturer or employee of each of the remaining Defendants, acting within the course and

7  scope of said agency, employment and joint venture, with the advance knowledge,

8  acquiescence, or subsequent ratification of each and every remaining Defendant.

9  11.     On information and belief, Defendants AAIMG, SABA UNIVERSITY, MUA, EIC,

10  INC., and EIC, LLC, are wholly owned and controlled by individual Defendants HOUGH

11  and FREDRICK, that such individual Defendants are the sole stockholders, officers, and

12  directors of such Defendant entities, and so control said entities that their monies and that

13  of the individual Defendants are intermingled; that there is a unity of ownership and

14  interest between them; that the credit of one is used for the credit of the other; that the

15  obligations of the individual Defendants are paid by the Defendant entities; and that the

16  Defendant entities were incorporated and capitalized for a sum of money insufficient to

17  meet reasonable requirements of their operation.  As a result of the foregoing, Defendant

18  entities are the instrumentality, conduit, adjunct and alter ego of the individual

19  Defendants, and the individual Defendants have managed and controlled said entities to

20  avoid personal liability.  Unless the fiction of the separateness of the individuals from said

21  entities and from each other is ignored, injustice will result and fraud will be sanctioned,

22  all to the irreparable damage and injury of the Plaintiff.  Unless judgment in this action

23  includes said individual Defendants and the Defendant entities, Plaintiff will be unable to

24  recover and enforce the claims and rights hereinafter referred to.

25                                          **SUMMARY**

26  12.     Defendants HOUGH, FREDRICK, and DESAI, on their own and as agents and on

27  behalf of Defendants SABA UNIVERSITY, MUA, EIC, INC., and EIC, LLC, which are

28  direct competitors of Plaintiff ST. MATTHEW's, created and adopted the false identities of

**AMENDED COMPLAINT**

1   Defendants THOMAS and DIEDRE MOORE, WEINSTEIN, and SILVER.  With those

2   false identities, Defendants fraudulently incorporated, or caused to be incorporated,

3   Defendant AAIMG with the State of Nevada, as well as created numerous fraudulent

4   email addresses, domain name accounts, and other vehicles for their fraud.

5   13.     Operating under these false identities, Defendants conducted a campaign of fraud

6   and defamation against Plaintiff ST. MATTHEW's and other competing medical schools,

7   with the specific and malicious intent to disrupt Plaintiff ST. MATTHEW's business,

8   damage its reputation, injure the prospects of its students, and conversely to benefit

9   Defendants' own.

10  14.     This campaign of fraud by Defendants included creating a website at "aaimg.com,"

11  through which they intentionally defamed and disparaged Plaintiff ST. MATTHEW's – a

12  direct competitor of Defendants SABA UNIVERSITY and MUA – and other competing

13  medical schools, and fraudulently lauded Defendants' own medical schools, by posting

14  false "results" of claimed inspections of the schools at issue pursuant to a set of

15  fraudulent criteria.

16  15.     Defendants have also conducted postal mailing campaigns directed towards

17  accrediting bodies, teaching hospitals, medical educators, student loan providers and

18  administrators, administrators of teaching hospitals, and other such entities, aiming to

19  discredit Plaintiff and others of Defendants' competitors, and disrupt Plaintiff's existing

20  and prospective business and professional reputations, while boosting Defendants' own.

21  16.     Defendants have committed extensive fraud in efforts to hide their true identities

22  and affiliations from the public, including multiple instances of perjury, pervasive use of

23  false identities, creating and using nested mail forwarding addresses, credit cards used

24  under false names, and regularly providing false contact information.

25  17.     Furthermore, since the filing of the present litigation, Defendants have destroyed

26  evidence, interfered with discovery, transferred assets out of U.S. jurisdiction, and

27  otherwise worked to obstruct justice.  This has included contacting counsel for Plaintiff

28  under guise of the false identities and stating that certain of the fictitious identities "died,"

**AMENDED COMPLAINT**

1   and that Defendants intended to continue their unlawful activities outside the jurisdiction

2   of this or any other U.S. court.   (*See* Exhibit A, discussed *infra*.)

3   18.     Plaintiff has suffered and will continue to suffer great injury as a result of the

4   Defendants' fraud, including diminished student enrollment, interference with

5   accreditation proceedings, and denials of residency placements for ST. MATTHEW's

6   hard-working medical graduates.  As such, Plaintiff brings the present suit.

7                                                  **BACKGROUND**

8                       **PLAINTIFF ST. MATTHEW'S UNIVERSITY SCHOOL OF MEDICINE**

9   19.     ST. MATTHEW's University School of Medicine ("ST. MATTHEW's") is a privately

10  owned medical school, with its basic science campus in Safe Haven, Leeward Three,

11  Grand Cayman, Cayman Islands, of the British West Indies.

12  20.     Originally founded in 1996, and chartered in 1997, ST. MATTHEW's has operated

13  its primary science campus in its present location in Grand Cayman since May 2002.

14  21.     Under charter by the Government of Grand Cayman, ST. MATTHEW's enjoys the

15  reputation of a respected and well-apportioned institution in the Caribbean area and the

16  world at large.  ST. MATTHEW's is recognized in 48 of the 50 United States[1] – including

17  Nevada – and in most foreign countries.   ST. MATTHEW's has been afforded

18  accreditations or recognition by the following institutions, amongst others:

19      •   United States Department of Education's National Committee on Foreign

20          Medical Education and Accreditation (NCFMEA) accreditation;

21      •   Accreditation by the Accreditation Commission on Colleges of Medicine

22          (ACCM);[2]

23      •   World Health Organization directory of medical schools listing;

24      •   The FAIMER International Medical Education Directory (IMED) of the

25

26  [1] Kansas requires a 15-year term of existence before allowing accreditation of foreign
    medical school; ST. MATTHEW's accreditation application with California is still in the
27  process of appellate review.

28  [2] The United States Department of Education recognizes the ACCM as using accrediting
    standards comparable to the accrediting body for medical schools in the United States.

**AMENDED COMPLAINT**

Educational Commission for Foreign Medical Graduates (ECFMG) approval;

- Approval by the State of New York for all clinical rotations, residencies and licensing;[3]

- Licensure by State of Florida Commission on Independent Education for student hospital rotations.

22.   ST. MATTHEW's presently has a faculty of over 250 physicians and a staff of more than fifty.  With a student body of over 900 medical students, it graduates more than 140 each year, and 98% of those who hold their ECFMG certificate continue on to accredited residency programs in the U.S. and around the world.

23.   With world-wide accreditation and clinical sites in the United States, England and Canada, ST. MATTHEW's University has attracted students from a variety of different nationalities creating a healthy make-up of students from Europe, particularly the United Kingdom and Western Europe.

24.   ST. MATTHEW's boasts a state-of-the-art campus, with high-speed wireless Internet connectivity, excellent anatomy, histology, microbiology and clinical skills labs, along with beautiful classrooms, spacious study areas and student lounges.  ST. MATTHEW's has invested over US $50 million into developing and expanding its operations, and has enjoyed an increase in reputation as a result.

25.   St. Matthews' Clinical Science programs are conducted in teaching hospitals throughout the United States, Canada and England, and ST. MATTHEW's graduates have been very successful in obtaining excellent residency positions in some of the finest and most rewarding accredited residency training hospitals in the United States, United Kingdom and Canada.

**DEFENDANTS SABA UNIVERSITY AND MUA**

26.   Defendant SABA UNIVERSITY, located on Saba Island in the Netherland-Antilles, is a private medical school in direct competition with Plaintiff ST. MATTHEW's.  On

---

[3] The State of New York has one of the most rigorous accreditation processes for international medical schools.

**AMENDED COMPLAINT**

1  information and belief, SABA UNIVERSITY is a Netherland-Antilles foreign company, with

2  its primary place of business on Saba Island, of the Netherland-Antilles.

3  27.    On information and belief, Defendant MUA is a private medical school, and is a

4  company formed under the laws of the Caribbean island of Nevis, of the Federation of St.

5  Kitts & Nevis, a British Commonwealth.

6  28.    Defendant EDUCATION INFORMATION CONSULTANTS, INC. ("EIC, INC.") is a

7  Massachusetts corporation formed in 1996, with its primary (and only) place of business

8  at 63 Walnut Street, Gardner, Massachusetts.   Defendants FREDRICK and HOUGH

9  serve as the President and Secretary of EIC, INC., respectively.  Until recently EIC, INC.,

10  was listed as the primary administrative agency and contact for both Defendants SABA

11  UNIVERSITY and MUA, and served as the primary administrative agent for both

12  Defendant schools in the United States and the world at large.

13  29.    Defendant EDUCATIONAL INTERNATIONAL CONSULTANTS, LLC ("EIC, LLC"),

14  is a Massachusetts limited liability company formed in May, 2005, with its primary (and

15  only) place of business at 63 Walnut Street, Gardner, Massachusetts.  Defendant

16  FREDRICK is the only manager, signatory, or executor of real property identified for

17  Defendant EIC, LLC.  Soon after its formation in May 2005, EIC, LLC was the referenced

18  primary administrative and operational agent for Defendants SABA UNIVERSITY and

19  MUA in the United States and the world at large.  (*See* Exhibit B, pp. 3, 5).  On

20  information and belief, EIC, INC., and EIC, LLC, are identical in purpose and interest, and

21  each operate as primary agents for Defendants SABA UNIVERSITY and MUA, and are

22  intentionally operated as to cause confusion of source or agency and to frustrate litigation

23  efforts.  For example, and to clarify, "EIC" is currently identified on the MUA website as

24  "Education International Consultants, Inc.," which does not exist, but, on information and

25  belief, is intended to refer to both or either of Defendants EIC, INC. or EIC, LLC.  For

26  ease of reference, hereinafter, unless separately identified, "EIC" shall indicate

27  Defendants EIC, INC. and EIC, LLC, collectively.

28  / / /

**AMENDED COMPLAINT**

30.     On information and belief, Defendants EIC conduct a vast majority, if not all, of the administrative business of Defendants SABA UNIVERSITY and MUA, including student applications and enrollment, financial operations, and managerial activities, and serves as those Defendants' primary agent for general purposes, both in the United States and in the world at large.

31.     On information and belief, Defendant FREDRICK is the President of Defendant SABA UNIVERSITY.  Defendant FREDRICK keeps his primary offices at Defendant EIC in Gardner, Massachusetts, as well as other offices at Defendant SABA UNIVERSITY and Defendant MUA.  Defendant FREDRICK holds a Ph.D. in psychology from the University of Southern Mississippi.

32.     On information and belief, Defendant HOUGH is the Associate Dean of Clinical Medicine for Defendant SABA UNIVERSITY.  Defendant HOUGH maintains offices at Defendants EIC in Gardner, Massachusetts, and at SABA UNIVERSITY in the Netherland-Antilles. Defendant HOUGH holds an M.D. degree in psychiatry from Ross University on the island nation of Dominica in the Caribbean, and is licensed in the states of Florida, Georgia, Wisconsin, South Carolina, Massachusetts, and Kansas.

33.     On information and belief, Defendants FREDRICK and HOUGH are a married couple, and together are the sole owners of Defendants EIC, INC., EIC, LLC, SABA UNIVERSITY, and MUA.  Defendants HOUGH and FREDRICK primarily reside in Englewood, Sarasota County, Florida.  Defendants HOUGH and FREDRICK maintain a secondary residence at 74 Edgell Street, Gardner, Massachusetts.

34.     On information and belief, Defendant HOUGH is registered to do business under the fictitious business name of "SABA UNIVERSITY SCHOOL OF MEDICINE" in the State of Florida.  A true and correct copy of the file-stamped Application for Registration Fictitious Name statement for Defendant HOUGH is attached hereto as Exhibit C.

**"AAIMG.COM"**

35.     In or about the year 2002, ST. MATTHEW's became aware of the publication of false and defamatory statements regarding ST. MATTHEW's on a website operating

**AMENDED COMPLAINT**

1  under the domain name "aaimg.com." A true and complete copy of the content of this

2  website as of April 21, 2005 is attached hereto as Exhibit D.

3  36.    This twelve-page website is apparently the only operational function of Defendant

4  AAIMG, which therein claims itself to be a non-profit organization founded in 1992, with

5  the stated purpose "to promote acceptance of United States citizen [sic] international

6  medical graduates into mainstream American medical practice." (*See* Exhibit D, p. 2.)

7  37.    The false and defamatory statements made on the aaimg.com website about

8  Plaintiff were made in the context of the published results of a purported on-site review by

9  AAIMG of Plaintiff ST. MATTHEW's campus; AAIMG claims that a site-review of ST.

10  MATTHEW's revealed "significant deficiencies," and cites numerous areas in which ST.

11  MATTHEW's programs and facilities were below an acceptable standard.  (*See* Exhibit D,

12  pp. 15-16.)  Numerous other medical schools are similarly disparaged.

13  38.    Defendants SABA UNIVERSITY, MUA, and Ross University (the alma mater of

14  Defendant HOUGH) all appear on AAIMG's list of Caribbean schools "meeting or

15  exceeding AAIMG evaluation criteria." (*See* Exhibit D, pp. 11-13.)

16  39.    ST. MATTHEW's categorically and insistently denies the allegations made on

17  AAIMG's website, and refutes that any on-site review or inspection as claimed by AAIMG

18  was ever conducted. The false statements are itemized and individually rebutted below.

19  40.    According to its posted "hit counter" information, the "aaimg.com" website has

20  attracted tens of thousands of Internet visitors, and as of several months ago ranked high

21  in multiple search engines, including achieving a Google "PageRank" of five throughout

22  most of its site.[4]

23  41.    Many educational institutions and organizations unwittingly link to AAIMG,

24  including, among others, the National Association of Advisors for the Health Professions

25

26  _____

[4] PageRank is a ranking label attached to web pages by the search engine Google.

27  Google analyzes links to a particular page, and the quality of the websites linking to such
page, to determine "PageRank."  PageRank is combined with Google's text-matching

28  techniques in creating overall ranking within the search engine related to particular key
words. *See* http://www.google.com/technology/.

**AMENDED COMPLAINT**

(NAAHP), Cornell, Harvard, CalPoly, SUNY Stony Brook, and Seton Hall University.[5] Over the past few years, AAIMG, despite its fraudulent operations as detailed below, has become an information resource for those who are not able to take the time to verify the legitimacy of this organization.

42.     Of primary significance is the linking to "aaimg.com" by the NAAHP.  This organization is extremely influential as a provider of professional and academic information and resources for the medical field, and a primary source of information for anyone seeking information on medical institutions and specifically for qualified candidates seeking a medical education.  The NAAHP links to the AAIMG website that contain the false and defamatory statements about ST. MATTHEW's hugely impact ST. MATTHEW's reputation in the medical and academic community at large.

43.     On its website, AAIMG gives its address as 1802 N Carson St. #212, Carson City, Nevada, 89701; no telephone numbers are provided.  (See Exhibit D, p. 43.)

44.     The only persons identified on the website are Defendant "Thomas Moore, M.D.," as AAIMG's President, and Defendant "Sarah B. Weinstein" as its "M.D. Executive Secretary." (See Exhibit D, pp. 42 and 43).

45.     The only contact information listed on the AAIMG site are three "anonymous" email addresses: "presaaimg@hotmail.com" for Defendant MOORE, and "execsecaaimg@hotmail.com" for Defendant WEINSTEIN, stated on the website; and, though not shown on the site directly, the page "properties" (or metadata) lists the website contact email of "aaimg@yahoo.com."[6]  (See Exhibit D, p. 43.)

46.     On March 17, 2004, ST. MATTHEW's, through its attorney, contacted Defendant AAIMG (addressed to Defendant THOMAS MOORE) via certified mail at the address given on AAIMG's website, stating ST. MATTHEW's position and demanded that the

---

[5] See the attached Exhibit E for sites that contain links to AAIMG.COM as of June, 2005, which does not include sites linked to AAIMG.COM prior to that date and since AAIMG's inception in 1999.

[6] Hotmail addresses happen to be free email address requiring no identifying information from the account holder to set up or use.

AMENDED COMPLAINT

1  statements be retracted.  A true and correct copy of this demand letter is attached hereto
2  as Exhibit F, and incorporated herein by reference.

3  47.  ST. MATTHEW's received absolutely no response to its demands.  ST.
4  MATTHEW's thereupon began an investigation into AAIMG and its claims, in an attempt
5  to discover the ways and means such false statements were being made and for what
6  purpose.

7  **DEFENDANT AAIMG's FRADULENT EXISTENCE**

8  48.  Preliminary investigations showed that the ASSOCIATION OF AMERICAN
9  INTERNATIONAL MEDICAL GRADUATES, INC. ("AAIMG") is a *for profit* Nevada
10 domestic corporation, incorporated in 1999.  A true and correct copy of the Articles of
11 Incorporation and related documents for AAIMG are attached hereto as Exhibit G.

12 49.  The address given on the "aaimg.com" website is that of AAIMG's incorporator,
13 VAL-U-CORP Services, Inc. ("VAL-U-CORP"), an internet/mail-order incorporation and
14 mail forwarding service, and AAIMG, INC.'s registered agent for service of process.  (*See*
15 Exhibit D, p. 43.)

16 50.  Defendant AAIMG's corporate documents identify the following officers and
17 directors:

18         a.  Defendant THOMAS MOORE, M.D., President;
19         b.  Defendant SARAH B. WEINSTEIN, Secretary;
20         c.  Defendant RACHAEL E. SILVER, Treasurer; and
21         d.  Defendant DIEDRE MOORE, Director.

22 51.  Only one address is ever given for each of these individuals – that of VAL-U-
23 CORP, at "1802 N Carson St. #212, Carson City, Nevada, 89701." (*See* Exhibit D, p. 43.)

24 52.  ST. MATTHEW's investigations have shown that there is no Thomas Moore, M.D.,
25 licensed or living in the state of Nevada; that no Thomas Moore, M.D., owns or has
26 owned property in Nevada; and that there is no credit record for any Thomas Moore,
27 M.D., now or at any time in Nevada.

28

**AMENDED COMPLAINT**

53.     There are only 28 Thomas Moore, M.D.'s listed with the American Medical Association, which indexes ALL licensed medical doctors in the United States.  None of them is a graduate of an international medical school.  Of those 28, nine have photos available on the internet, and none match the purported photograph of "Thomas Moore, M.D." on the AAIMG website.  (See Exhibit D, p. 42.)  Of the 19 remaining, none have any stated affiliation with AAIMG.

54.     Plaintiff ST. MATTHEW's national search has revealed that there is no SARAH B. WEINSTEIN living in the state of Nevada; that no SARAH B. WEINSTEIN owns or has owned property in Nevada; and that there is no credit record for any SARAH B. WEINSTEIN, now or at any time, in Nevada.

55.     The signature of "Rachael E. Silver" is provided "under penalty of perjury" multiple times on AAIMG's corporate documents filed with the State of Nevada.  (See Exhibit G.) ST. MATTHEW's investigations have shown that there is no RACHAEL SILVER living in the state of Nevada; that no RACHAEL SILVER owns or has owned property in Nevada; and that there is no credit record for any RACHAEL SILVER, now or at any time, in Nevada.

56.     AAIMG has no stated capital and no value per share, despite purported operations that would require hundreds of thousands of dollars in expenditures. (See Exhibit G.) Even though AAIMG has no apparent source of income or funding, no identified shareholders, no stated profits or capital, and no identified staff or agents other than Defendants MOORE and WEINSTEIN, AAIMG claims to have conducted in-depth, on-site investigations of over 25 medical schools all over the world, originally and primarily focusing on the Caribbean region.  (See Exhibit D, pp. 4-5.)  ST. MATTHEW's experience with U.S. states' accreditation procedures has shown that site investigations of the kind purported by AAIMG are conducted at a cost of over $50,000.00 per site visit.

**DEFENDANT AAIMG's FRADULENT ADMINISTRATION**

57.     All operations and administration of AAIMG are conducted toward the objective of shielding the identities of those responsible, and are designed to every extent possible to

**AMENDED COMPLAINT**

1   preclude the discovery of any further information regarding those individuals.

2   58.     AAIMG's corporate fees and services were routinely paid by anonymous money

3   orders, or forwarded by third-parties – save for one, a VISA card transaction in payment

4   to VAL-U-CORP, signed for by "Thomas Moore." The billing address provided for the

5   account is a bank in the Caribbean – in Nassau, Bahamas, where strict secrecy laws

6   block the identification of the true account holder. AAIMG's records show a history of

7   using numerous mail-forwarding services, chained one to the other, and changing

8   frequently, minimizing the chance of records of their sources surviving any length of time.

9   59.     The Defendant email accounts aaimg@yahoo.com, presaaimg@hotmail.com and

10  execsecaaimg@hotmail.com serve as the only working contact points for Defendant

11  AAIMG – and all of them anonymous, free-host accounts requiring no verifiable contact or

12  identification information from subscribers, which can be accessed via any computer with

13  an Internet connection and an HTML browser program.[7]

14  60.     ST. MATTHEW's investigations have shown that the above email addresses, in

15  fact, have been regularly accessed from, amongst others, anonymous Internet access

16  points[8], such as Internet cafés, airports, hotels and trade show locations, as well as the

17  wireless internet access points of other persons and entities. This practice of randomized

18  and anonymous Internet access creates the most difficult scenario for tracking and

19  identifying individuals perpetrating fraud, which is extremely unusual and suspicious

20  behavior for a supposedly legitimate and altruistic "institution" such as AAIMG claims to

21  be.

22  61.     The domain "aaimg.com" is registered to "AAIMG, 1802 N. Carson Street, Carson

23  City, Nevada 89701" – Defendants again using VAL-U-CORP's mail-forwarding address.

24  This mail service forwards to yet another mail forward service – presently, in Nassau,

25  _____

[7] Yahoo! and Hotmail email servers are located in California.

26  [8] Users at Internet access points at any point in time are identified by Internet Protocol (or
IP) addresses, comprised of a dotted decimal notation (for e.g.: "192.168.1.1") that
27  uniquely identify an individual connection to the Internet from any physical access point.
In order to view a web page, like the Hotmail.com email web page, a user must access
28  the Internet from a specific IP address.

**AMENDED COMPLAINT**

1   Bahamas, where, as with the "Thomas Moore" VISA card account, further identifying

2   discovery is prohibited by local law.[9]

3   62.    The "aaimg.com" domain and website are identified as being administered out of

4   an apartment in St. Petersburg, Russia, using a Hotmail address as the only contact. A

5   true and correct copy of the registration information is attached hereto as Exhibit H.

6   63.    From Plaintiff's investigation, it became abundantly clear that the AAIMG operation

7   was a fraud, patterns of conduct began to emerge, enabling ST. MATTHEW's

8   investigators to hone in on the true culprits despite extreme attempts to hide their true

9   identities.  Of primary significance was that the same IP addresses were regularly used to

10  access all of the known AAIMG email accounts, indicating that primarily one individual

11  was controlling and operating them all.

12  64.    Extensive investigation to follow up on these emerging patterns took tremendous

13  and constant effort, but proved extremely fruitful: despite the above-described attempts to

14  hide their fraudulent and criminal conduct behind their fabricated identities, AAIMG's

15  pervasive fraud was ultimately traced to its true source.

16                                 **AAIMG's TRUE IDENTITY:**

17       **DEFENDANTS SABA UNIVERSITY, MUA, HOUGH, AND FREDRICK**

18  65.    ST. MATTHEW's extensive independent investigations have revealed, and ST.

19  MATTHEW's so alleges on information and belief, that Defendant AAIMG and its alleged

20  officers and directors (THOMAS MOORE, SARAH WEINSTEIN, RACHAEL SILVER, and

21  DIEDRE MOORE) are fictitious identities fabricated and used by Defendants HOUGH,

22  FREDRICK, and DESAI, acting in their own interests and as agents of and on behalf of

23  Defendants SABA UNIVERSITY, MUA, and EIC, to commit a host of fraudulent and

24  unlawful acts.

25  66.    Using these false identities, including false names, addresses, and contact

26  information, Defendants HOUGH, FREDRICK, and DESAI, as principals, and as agents

27  _____

28  [9] Several different mail forwarding services have been used throughout AAIMG's history, always double-nested, and changing frequently.

**AMENDED COMPLAINT**

and on behalf of Defendants SABA UNIVERSITY, MUA, EIC, INC, and EIC, LLC, committed or conspired to commit the following acts pursuant to effectuating their intended fraud and with the intent to avoid detection and liability:

a. Incorporated or directed to be incorporated Defendant AAIMG with the State of Nevada, providing false information, submitting false signatures of the fictitious names pursuant to and in maintenance thereof, despite signing "under penalty of perjury."

b. Created, registered, and used multiple mail forwarding accounts both in the United States and overseas, providing false information, and intentionally operating such accounts so as to minimize chances of identification.

c. Registered and maintained or directed and paid third parties to register and maintain internet domain names, including "aaimg.com," using false information with the specific intent to defraud and avoid liability in connection with the use thereof.

d. Created, maintained and operated internet email accounts, including "aaimg@yahoo.com," "presaaimg@hotmail.com," "execsecaaimg@hotmail.com," and "crocdoc2004@netzero.net," providing false information, to be used in connection with the "aaimg.com" website, and to conduct other fraudulent business.

e. Contracted and paid for website design, hosting and maintenance services, using false information.

f. Made purchases and paid for services using credit card accounts using fictitious identities and providing false signatures regarding those identities, such accounts drawn on foreign banks with maximum secrecy laws.

g. Printed and corresponded on letterhead utilizing the false identities and false contact information, and mail forwarding addresses as return addresses.

17

AMENDED COMPLAINT

1       h.  Initiated and effectuated transfers and "private" registration of internet

2          domain names, intended to evade detection, liability, and the jurisdiction of

3          this Court.

4  67.   These identities were created and adopted by the Defendants to shield them from

5  legal and professional liability, while conducting their fraudulent activities for their

6  institutions' and their own financial and professional gain.

7                  **DEFENDANTS' SCHEME OF FRAUD**

8  68.   Plaintiff's investigations revealed that, using the above false identities and the

9  resources acquired with them, Defendants HOUGH, FREDRICK, and DESAI, acting in

10  their own interests and as agents of and on behalf of Defendants SABA UNIVERSITY,

11  MUA, and EIC, perpetrated an elaborate scheme of fraud, defamation, and other unlawful

12  and tortious acts, and/or conspired to do so, with the malicious and specific intent to harm

13  Plaintiff and other competing medical schools, and to further Defendants in their

14  business.

15  69.   On information and belief, these fraudulent and unlawful acts included (but are not

16  limited to) the following:

17       a.  Defendants created and launched (or caused third parties to create and

18          launch) the website under the domain name "aaimg.com" in the substantial

19          form of the Exhibit D hereto (as well as other iterations), in which

20          Defendants falsely stated that Plaintiff ST. MATTHEW's was deficient

21          regarding its business and operations as detailed within, and falsely

22          attributed positive characteristics to Defendants SABA UNIVERSITY and

23          MUA.

24       b.  Defendants conducted postal mailing campaigns under the false identities,

25          directed towards hospital administrators, advanced education advisers,

26          student loan program coordinators and administrators, accrediting bodies

27          and agencies, and other organizations affecting and having power over

28          operating and administrative aspects of Plaintiff ST. MATTHEW's and other

**AMENDED COMPLAINT**

medical schools, with the intent to disrupt ST. MATTHEW's in its business and operations, to harm ST. MATTHEW's reputation in the academic community, and also to benefit Defendants SABA UNIVERSITY and MUA. An example of such a mailing is attached hereto as Exhibit I, and shows that, amongst others, letters were sent under the "AAIMG" identities to "Loan Officers" and hospital administrators in efforts by Defendants to disseminate their fraudulent and defamatory statements.

c. Defendants actively campaigned against ST. MATTHEW's in accreditation proceedings using the false identities, with the purpose and effect of interfering with and disrupting those proceedings, and actively campaigned under the false identities to wrongfully benefit Defendants SABA UNIVERSITY and MUA in various accreditation proceedings.

d. Committed various instances of perjury, including the signing of false names under oath on documents submitted to the State of Nevada and others, and giving false testimony under oath in a proceeding before a Court of the Commonwealth of Massachusetts, where Defendant FREDRICK, in his own interests and acting as agent for EIC, INC., and therefore SABA UNIVERSITY and MUA, swore under oath that neither he nor his wife, Defendant HOUGH, knew of or were in anyway involved with, Defendant AAIMG or any of its officers or directors.

e. Defendants fraudulently incorporated, or conspired to fraudulently incorporate, a business under the laws of the State of Nevada, or to have a third party so incorporate, knowingly and intentionally providing false information and falsely affirming related information under oath.

f. Defendants created and adopted, or conspired to create and adopt, falsified or stolen identities and related contact, residency, and vital statistics, and represented such information to the public as being their own.

g. Defendants transacted credit purchases using false information and false

AMENDED COMPLAINT

1    contact information, with the knowing intent to defraud and for the purpose

2    of avoiding discovery or disclosure of their true identities, so as to shield

3    themselves from liability for their fraudulent, unlawful, and criminal conduct.

4    h.  Defendants instigated and encouraged third parties to defame and

5    otherwise injure Plaintiff ST. MATTHEW's in its business and reputation by

6    inciting them to accept, disseminate, and serve as active proponents of

7    Defendants' false and defamatory statements regarding Plaintiff ST.

8    MATTHEW's, including those false statements contained on the

9    "aaimg.com" website, and others.

10   i.  Defendants, using false identities, have posted, or conspired to post, or

11   incited third parties to post, inflammatory, fraudulent, and defamatory

12   remarks on various Internet discussion groups (a.k.a. "chat rooms" or

13   "boards") regarding Plaintiff ST. MATTHEW's and other competing medical

14   schools, with the purpose and goal or injuring Plaintiff and benefiting

15   Defendants, while avoiding detection, discovery, and therefore liability for

16   their acts and statements.

17   **DEFENDANTS' POST-FILING ATTEMPTS TO OBSTRUCT JUSTICE**

18   70.   In addition to the above misconduct, since the initial filing of this action, and since

19   receiving notice of Plaintiff's discovery efforts in the present case, Defendants HOUGH,

20   FREDRICK, and DESAI, in their own interests and as agents of and on behalf of

21   Defendants SABA UNIVERSITY, MUA, and EIC ("Defendants"), committed the following

22   unlawful and unethical acts in efforts to destroy evidence, evade service, and otherwise

23   obstruct justice, and serving to incriminate them and prove Plaintiff's allegations in the

24   present case:

25   71.   Defendants contacted counsel for Plaintiff by email using the AAIMG email

26   accounts "presaaimg@hotmail.com," "execsecaaimg@hotmail.com," and

27   "aaimg@yahoo.com," claiming to be Sarah Weinstein, Rachael Silver, and Diedre Moore

28   (respectively), claiming the following:

**AMENDED COMPLAINT**

a. That "Dr. Thomas Moore" has died recently;

b. That they were transferring assets of AAIMG out of the United States and outside of the jurisdiction of this Court;

c. That the acts of Defendant AAIMG would, and Defendants intended that they should, be carried on by persons not a party to this action;

d. That pursuit of the present case against them was therefore futile.

(*See* attached Exhibit A.)

72.    Defendants have attempted to transfer ownership of the domain name "aaimg.com" to another party, with the stated intent to continue the fraudulent operations of AAIMG.

**DEFENDANTS' FALSE STATEMENTS**

73.    The above-alleged fraudulent conduct served as the groundwork and foundation for Defendants' fraudulent and defamatory statements contained in the "aaimg.com" website, identified *supra*. In that website, Defendants used their fabricated identities to attack and discredit ST. MATTHEW's and many other reputable institutions, in a vicious, deceitful, and despicable campaign of disparagement, disguised as a "vital consumer advocacy mission."

74.    In its website, AAIMG claims to have conducted in-depth, on-site investigations of over 25 medical schools all over the world, originally and primarily focusing on the Caribbean region. (*See* Exhibit D, p. 4.) ST. MATTHEW's experience with U.S. states' accreditation procedures has shown that site investigations of the kind purported by AAIMG are conducted at a cost of over $50,000.00 per site visit.

75.    AAIMG, in its own words, claims that these "investigations" include, among many other criteria, full inspections of laboratory, teaching, research and residential sites, and the conducting of student and faculty interviews. (*See* Exhibit D, pp.4-5.) AAIMG makes the unbelievable and far-fetching assertion that such inspections, which by their nature require inside access to institutions, are conducted by "AAIMG members posing as prospective applicants or as an applicant-parent team." (*See* Exhibit D, p. 4.) AAIMG

21                                    **AMENDED COMPLAINT**

1   has stated that it has conducted such a thorough investigation of ST. MATTHEW's,

2   implausibly, without the knowledge of the ST. MATTHEW's or its faculty, either at the time

3   or afterwards. (*See* Exhibit D, pp. 15-16.) As stated above, AAIMG's website contains

4   numerous and repeated false and defamatory statements regarding ST. MATTHEW's, all

5   of which ST. MATTHEW's vehemently refutes, as detailed below.

6   76.    Apart from the facially false statements itemized and rebutted below, AAIMG's

7   evaluation "results" contain an additional layer of deception and misrepresentation. Each

8   of AAIMG's items of evaluation criteria actually contain several individual criteria – some

9   relatively insignificant matters, others significant – but lumped together as one item under

10  the reported results. AAIMG does not clarify which of the several criteria justify the

11  "deficient" mark for that category. This deceptive practice allows AAIMG to give the

12  perception that a school has been cited as deficient in important – and eye catching –

13  categories, while attempting to maintain deniability by the inclusion of the "filler" criteria. It

14  is unreasonable to expect that many students and evaluators perusing the AAIMG

15  website would expend the effort to refer back the pages-long, and separately listed,

16  criteria index. Even if they did, there would be no way for them to know to which item the

17  "deficient" comment was directed.

18  77.    AAIMG cites ST. MATTHEW's as "deficient" in regards to the following "evaluation

19  criteria" identified on AAIMG's website (*See* Exhibit D, pp. 6-10).; ST. MATTHEW's

20  refutes and rebuts these allegations as follows:

21  78.    Under AAIMG's criteria labeled "Section I, Admission/Recruiting Practices," AAIMG

22  cites the following categories as "deficient":

23      ***b. Admission criteria for selecting students are clearly defined in the catalog.***

24      ***The MCAT or a comparable exam should be required.  School does not deviate***

25      ***from stated requirements.***

26          REBUTTAL: ST. MATTHEW's admission criteria are clearly defined in the

27  catalog, and there are no deviations.  While ST. MATTHEW's does not at this point

28  require applicants to submit MCAT scores, all but one of the Caribbean medical

AMENDED COMPLAINT

schools follow ST. MATTHEW'S practice of not requiring such scores, including schools listed as "meeting or exceeding" AAIMG's criteria.

*c. Pre-Medical Requirements consisting of essential liberal arts and science courses are listed in the school catalog.  No student is admitted with fewer than 90 semester hours of undergraduate education or equivalent credits from foreign countries.*

REBUTTAL: ST. MATTHEW's has pre-medical requirements clearly listed in its catalog, and no student is admitted with fewer than 90 semester hours of undergraduate education.

*d. The application fee is a nominal amount.  Students should not be required to pay additional monies to receive scholarship information, loan applications, or other types of consideration, or be required to pay a substantial fee to reserve a seat.*

REBUTTAL: ST. MATTHEW's application fee is only $75, comparable to all other medical schools.  No other fees or monies are required to receive scholarship information, loan applications, or other types of consideration.  ST. MATTHEW's $500 seat deposit is reasonable and in line with other schools, and is nothing more than $500 of students' first semester tuition -- it is not an additional charge.

*f. The medical school does not grant advanced placement to physician assistants, chiropractors, podiatrists, nurse practitioners, or other applicants with allied health backgrounds.*

REBUTTAL: ST. MATTHEW's  has never and will never grant advanced placement to any of these fields.

*h. Entering classes are of a size compatible with facility size and size of the faculty. There is sufficient classroom space and housing for all incoming students.*

REBUTTAL: ST. MATTHEW's class sizes are smaller than the three others of the most respected and largest offshore medical schools, with an excellent

**AMENDED COMPLAINT**

teacher/student ratio. ST. MATTHEW's has totally adequate classroom space, with a teaching facility of over 21,000 square feet, and a university-owned residence hall that accommodates all of ST. MATTHEW's incoming students and some of its continuing students. This allows our incoming students to have time to adjust to the community and search out long-term housing options. To note, at least one of the "schools meeting or exceeding the AAIMG criteria" has no housing for students at all, but was not noted as "deficient" in this regard.

79.    Under AAIMG's criteria labeled "Section II. Basic Science Curriculum," AAIMG cites the following categories as "deficient":

**c. Elective courses, including research opportunities, are available to all students.**

REBUTTAL: ST. MATTHEW's offers many choices of electives for the clinical sciences.  Research opportunities are available to all students.

**e. Students must be physically present at the basic science campus for the entire term with the exception of semester breaks or school vacations.**

REBUTTAL: ST. MATTHEW's students are required to be physically present at the basic science campus for the entire term.  In fact, ST. MATTHEW's is one of the only Caribbean schools to have and uphold an 80% attendance requirement of its students.

**k. The basic science curriculum provides supervised pre-clerkship training with adequate patient and hospital exposure before students enter third year clerkships.**

REBUTTAL: ST. MATTHEW's has patient-doctor classes beginning in the first semester and continuing through the fifth semester.  In the fifth semester, students spend time in hospital and clinical settings for pre-clerkship exposure and training.  Over 20% of the courses in the first five semesters are preclinical courses.

**l. Students leaving the basic science division are required to demonstrate proficiency in a standard set of core clinical skills before admission to**

24

**AMENDED COMPLAINT**

1   *clerkships. Evaluators of the skill base should be qualified physicians.*

2   <u>REBUTTAL</u>: ST. MATTHEW's students take written exams in the clinical skills

3   and are evaluated in the classroom/lab/hospital settings by a faculty of qualified

4   physicians.  All ST. MATTHEW's students must demonstrate their proficiency in these

5   areas by passing the National Board of Medical Examiners Shelf Exam prior to

6   engaging in the third and fourth year clinical rotations—the same exam used by U.S.

7   medical schools.  All ST. MATTHEW's students must demonstrate their proficiency in

8   each core area by passing the National Board of Medical Examiners Shelf Exam in

9   that core rotation -- the same exam used by U.S. medical schools.

10  80.   Under AAIMG's criteria labeled "Section III.  Basic Science Campus," AAIMG cites

11  the following categories as "deficient":

12  *a. The medical school campus is physically located in the country that*

13  *authorized its listing by the World Health Organization.*

14  <u>REBUTTAL</u>: ST. MATTHEW's campus is located and chartered in the Cayman

15  Islands, which has authorized ST. MATTHEW's listing by the World Health

16  Organization.

17  *b. A permanent, independent campus is present with sufficient classrooms,*

18  *labs, and equipment to meet the needs of the student body.*

19  <u>REBUTTAL</u>: ST. MATTHEW's holds a long-term lease on a large, independent,

20  and free-standing state-of-the-art building as its teaching facility for the basic science

21  campus.  ST. MATTHEW's owns two modern well-appointed residence halls and has

22  recently purchased an additional five acres on which to build its own permanent

23  campus.

24  *c. Minimum lab requirements should include a gross anatomy lab with cadaver*

25  *dissection, a microbiology lab, and a separate microscope lab for pathology*

26  *and histology. Gross pathological specimens should be available. A physiology*

27  *lab experience is highly desirable.*

28  <u>REBUTTAL</u>: ST. MATTHEW's has a microbiology lab and a separate lab for

25

**AMENDED COMPLAINT**