— ORIGINAL —

FILED

UNDER

SEAL

NATHAN R. REINMILLER, ESQ.
Nevada Bar No. 6793
ALVERSON, TAYLOR,
MORTENSEN & SANDERS
7401 W. Charleston Boulevard
Las Vegas, NV 89117
Tel: (702) 384-7000
Fax: (702) 385-7000
Attorney for Defendants
PATRICIA L. HOUGH, M.D.;
DAVID L. FREDRICK; and
ASSOCIATION OF AMERICAN
INTERNATIONAL MEDICAL
GRADUATES, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD., a Cayman Islands company, <br><br> Plaintiff, <br><br> v. <br><br> SABA UNIVERSITY SCHOOL OF MEDICINE FOUNDATION, a Netherland-Antilles company; MEDICAL UNIVERSITY OF THE AMERICAS, a St. Kitts & Nevis company; EDUCATION INFORMATION CONSULTANTS, INC., a Massachusetts corporation; EDUCATIONAL INTERNATIONAL CONSULTANTS, LLC, a Massachusetts limited liability company; PATRICIA L. HOUGH, M.D., an individual, and d.b.a. "Saba University School of Medicine"; DAVID L. FREDRICK, an individual; PANKAJ DESAI, M.D., an individual; ASSOCIATION OF AMERICAN INTERNATIONAL MEDICAL GRAUDATES, INC., a Nevada corporation, a.k.a. "aaimg@yahoo.com"; THOMAS MOORE, M.D. a.k.a. "presaaimg@hotmail.com" and "crocdoc2004@netzero.net," an individual; SARAH B. WEINSTEIN a.k.a. "execsecaaimg@hotmail.com," an individual; RACHAEL E. SILVER, an individual; and DIEDRE MOORE, an individual, <br><br> Defendants. | Case No.: CV-S-05-0848-RCJ (LRL) <br><br> **MOTION OF DEFENDANTS PATRICIA R. HOUGH AND ASSOCIATION OF AMERICAN INTERNATIONAL MEDICAL GRADUATES, INC. TO DISMISS THE SECOND, THIRD, FIFTH AND SIXTH CLAIM OF PLAINTIFF'S AMENDED COMPLAINT** |

## MOTION OF DEFENDANTS PATRICIAL R. HOUGH AND ASSOCIATION OF AMERICAN INTERNATIONAL MEDICAL GRADUATES, INC. TO DISMISS THE SECOND, THIRD, FIFTH AND SIXTH CLAIM OF PLAINTIFF'S AMENDED COMPLAINT

Defendants Patricia L. Hough ("Hough") and the Association of International Medical Graduates, Inc.("AAIMG") moves to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(3), as venue is improper. Defendants also move pursuant to Fed.R.Civ.P. 12(b)(6) for the dismissal of the Second, Third, Fifth and Sixth claims of Plaintiff's Amended Complaint on the grounds that the allegations of the Second, Third, Fifth and Sixth claims fail to state claims upon which relief may be granted. Defendants rely upon the Memorandum of Law which is being filed in support of this Motion to Dismiss.

### ISSUES PRESENTED

I. **PLAINTIFF'S CLAIMS MUST BE DISMISSED PURSUANT TO FED.R.CIV.P. 12(b)(3) ON THE GROUND THAT VENUE DOE NOT LIE IN THE DISTRICT OF NEVADA.**

II. **PLAINTIFF'S SECOND AND THIRD CLAIMS UNDER THE LANHAM ACT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER 15 U.S.C. § 1126(b) & (h).**

III. **SMU'S FIFTH CLAIM FAILS TO STATE A CLAIM FOR RELIEF UNDER THE NEVADA DECEPTIVE TRADE PRACTICE ACT.**

IV. **SMU'S SIXTH CLAIM FAILS TO STATE A CLAIM FOR RELIEF UNDER THE CALIFORNIA COMPUTER CRIMES ACT.**

### BACKGROUND

The Amended Complaint in this matter alleges that the Defendants named in the Amended Complaint jointly engaged in a conspiracy to injure the reputation of Plaintiff St. Matthew's University ("SMU"), a Cayman Island British West Indies Corporation, by making fraudulent and defamatory statements on a web site allegedly maintained by AAIMG in Russia. In the Second, Third, Fifth and Sixth claims of the Amended Complaint, Plaintiff seeks to allege

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

violations of the Lanham Act, 15 U.S.C. §1125, the Nevada Deceptive Trade Practice Act, N.R.S. 598(3)(5)(7) and (15), and the California Computer Crimes Act. However, as demonstrated herein, the Amended Complaint fails to allege essential elements of those claims and they therefore must be dismissed.

## ARGUMENT

**I.** **PLAINTIFF'S CLAIMS MUST BE DISMISSED PURSUANT TO FED.R.CIV.P. 12(b)(3) ON THE GROUND THAT VENUE DOE NOT LIE IN THE DISTRICT OF NEVADA.**

Plaintiff alleges that venue is appropriate in the District of Nevada pursuant to 28 U.S.C. §§1391(a) and (b).

28 U.S.C. §1391(a) provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

\*\*\*

28 U.S.C. §1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The Amended Complaint fails to allege the facts necessary to support a claim that 28 U.S.C. §1391 (a) or (b) authorizes venue in this District. First, venue does not lie under 28

3

U.S.C. §§1391(a)(1) or 28 U.S.C. §§1391(b)(1) because all defendants are not alleged to reside in this District.

Second, venue does not lie under 28 U.S.C. §1391(a)(2) or (b)(2) because the Amended Complaint does not allege that a "substantial part of the events giving rise" to the claims alleged occurred in Nevada. Although the Amended Complaint makes allegation concerning activities allegedly taken by AAIMG, Thomas Moore, Sarah Weinstein, Rachael Silver and Diedre Moore who are alleged to have Nevada business addresses (Amended Complaint ¶5), it does not allege that any allegedly offensive behavior in connection with AAIMG's website which is hosted in Russia (Amended Complaint, ¶62), took place in the District of Nevada. Indeed, the wrongful actions are alleged to actually have been taken not by AAIMG or its officers but rather by Defendants Hough, Fredrick and Desai, none of whom are alleged to be residents of Nevada or to have ever actually performed any actions within the District of Nevada. See Amended Complaint, ¶¶3f and 3g, 48-72. Thus, the Plaintiff's Amended Complaint contradicts its efforts to allege venue under 28 U.S.C. §§1391(a)(2) and (b)(2) by actually alleging that the conduct complained of was carried on by individuals and entities with no contacts with the District of Nevada and by failing to allege wrongful conduct causing injury in Nevada or occurring in Nevada.

Finally, this action could be brought in the State of Florida or Massachusetts where the bulk of the defendants, who are alleged to be residents of the United States and who are alleged to have acted improperly, reside or conduct business activities. See Amended Complaint, ¶¶ 3d, 3e and 3f. Thus, the requirements of 28 U.S.C. §§1391(a)(3) and 1391(b)(3) are not satisfied because there are plainly other districts in which this action can be brought.

. . .

Plaintiff's selection of the District of Nevada appears solely to be aimed at inconveniencing the defendants. Plaintiff is a foreign corporation which resides in the British West Indies. All of the defendants alleged to be actually responsible for the wrongs complained of are residents of distant states or Caribbean countries. None of the actions causing damage to Plaintiff from which its claim arises are alleged to have been taken in Nevada and none of the injuries suffered by Plaintiff are alleged to have been incurred by Plaintiff in Nevada. The injury it allegedly suffers, the loss of its reputation, is one which, if it actually had occurred, would evidence itself by monetary damages caused by a loss of students at Plaintiff's campus in the British West Indies or at its activities conducted in the State of Maine. Where as here the alleged wrongful actions and damages arising from them do not occur in Nevada, venue does not lie in this District. See Sutain v. Shapiro and Lieberman, 678 F.2d 115, 117 (9th Cir. 1982); Magic Toyota, Inc. v. Southeast Toyota Distributors, Inc., 784 F.Supp. 306, 318-319 (D.S.C. 1992); Radical Products, Inc. v. Sundays Distributing, 821 F.Supp. 648, 650 (W.D. Wash. 1992); Meyer v. Reno, 911 F.Supp. 11, 15 (D.D.C. 1996); Medoil Corp. v. Clark, 753 F.Supp. 592, 597-598 (W.D. N.C. 1990).

## II. PLAINTIFF'S SECOND AND THIRD CLAIMS UNDER THE LANHAM ACT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER 15 U.S.C. § 1126(b) & (h).

Plaintiff, a foreign national, alleges unfair competition under the Lanham Act in Counts II and III of its Amended Complaint.[1] Plaintiff's allegations of unfair competition in violation of the Lanham Act fail to state a claim upon which relief can be granted and must be dismissed because they fail to allege that Plaintiff has standing to proceed under the Lanham Act. See Fed.R.Civ.P. 12(b)(6).

---

[1] In Count II, Plaintiff alleges unfair competition arising from alleged false and misleading statements under 15 U.S.C. §1125(a). In Count III, Plaintiff alleges unfair competition arising from allegedly false statements of characteristics or origin under the same statute.

5

Although Plaintiff has alleged a violation of 15 U.S.C. 1125, because SMU is a foreign entity incorporated in the Cayman Islands, (Amended Complaint, ¶ 3a), this Court's analysis of Plaintiff's right to proceed under the Lanham Act must begin with the language of Sections 1126 (b)[2] and (h)[3], pursuant to which Congress provided the only cause of action for foreign nationals under the Lanham Act. Sections 1126 (b) and (h) extend the protections and remedies of the Lanham Act for unfair competition only to a foreign national whose "country of origin is a party to any convention or treaty relating to ... unfair competition, to which the United States is also a party, or extends reciprocal rights to nationals of the United States by law." 15 U.S.C. §1126 (b). See Larsen v. Terk Technologies Corp., 151 F.3d 140, 145-46 (4th Cir. 1998). See also Scotch Whiskey Ass'n v. Majestic Distilling Co., 958 F.2d 594, 597 (4th Cir. 1992)(Section 1126(b) of the Lanham Act gives those persons whose country of origin is a party to a treaty relating to unfair competition those benefits of Section 1126 necessary to give effect to the Treaty).

15 U.S.C. §1126(h) in turn authorizes foreign nationals to assert claims of unfair competition if they have such rights under 15 U.S.C. §1126(b). The legislative history of Section 1126 was discussed in detail and summarized in the case of L'aiglon Apparel v. Lana Lobel, Inc., 214 F.2d 649, 654 (3rd Cir. 1954):

> This legislative history lends support to the following inferences and interpretations limiting Section 44[Section 1126]:
>
> 1. Congress, by its discussion and rejection of the broad provision of H.R. 4744 of the 76th Congress declaring all acts of unfair competition to be unlawful, revealed

---

[2] 15 U.S.C. §1126, also referenced as Section 44 of the Lanham Act, provides that "[a]ny person whose country of origin is a party to the convention ... shall be entitled to benefits [under § 1126] to the extent necessary to give effect to any provision of such convention ..." 15 U.S.C. §1126(b).

[3] 15 U.S.C. §1126(h) provides that any person covered by § 1126(b) "shall be entitled to effective protection against unfair competition, and the remedies ... shall be available so far as they may be appropriate in repressing acts of unfair competition."

an unwillingness to give federal courts jurisdiction of unfair competition claims [by foreign corporations] to the full extent of its power to regulate commerce.

2. The intent of Congress was to implement international agreements which were not self-executing and which varied in their coverage of practices in the field of unfair competition.

3. By rejecting the suggestion that the unfair competition provision be placed in the section providing remedy to registrants alone and by placing it in a separate section in accordance with the suggestion that some conventions prohibit unfair competition in respects other than the marking of goods, Congress manifested an intent to fashion a remedy to coincide with rights growing from the respective international agreements.

4. The effective protection against unfair competition' granted in subsection (h) is coextensive with the varying substantive provisions of the international agreements....

In further analyzing the legislative history of this provision, the L'aiglon Apparel Court concluded: "[T]here was no need for such a limited declaration of jurisdiction over unfair competition [claims by foreign nationals] if the Lanham Act had covered ... countless other [situations] in a much broader grant of jurisdiction over all unfair competition in commerce." 214 F.2d at 654.

Thus, the unambiguous statutory language and the legislative history of Section 1126 of the Lanham Act creates a substantive federal law of unfair competition which limits those foreign nationals who are entitled to the benefits of the Lanham Act to those who have rights under treaties referenced in Section 1126 (b). See L'aiglon Apparel, 214 F.2d at 654. See generally Pagliero v. Wallace China Co., 198 F.2d 339 (9th Cir. 1952). Put simply, the purpose of 15 U.S.C. §1126 (h) is to extend protection to any foreign national whose country of origin is party to any convention or treaty relating to the repression of unfair competition and who meets the other requirements set forth in section 1126(b). El Greco Leather Products Co. v. Shoe World, Inc., 599 F.Supp. 1380, 1391 (E.D.N.Y. 1984), reversed on other grounds, 806 F.2d 392 (2nd Cir. 1986). If Congress intended to give foreign nationals the unlimited right afforded by 15

U.S.C. §1125 (as claimed by SMU), there would have been no need for Congress to have enacted either 15 U.S.C. §1126(b) or 15 U.S.C. §1126(h), which afford rights under the Lanham Act only to a subset of foreign nationals - those from countries with qualifying treaties.

In the instant case, Plaintiff is a foreign national. However, Plaintiff has not alleged the existence of any convention or treaty relating to the repression of unfair competition to which both the United States and the Caymen Islands are parties. Absent such an allegation, which is a necessary element to enable a foreign national to seek unfair competition protection under the Lanham Act, Counts II and III must be dismissed. This case can be contrasted with the Larsen case in which the Court permitted the case to proceed because the Plaintiff was a Danish national and the United States and Denmark were both parties to the International Convention for the Protection of Industrial Property of 1883. See Larsen, 151 F.3d at 145-46. See also Toho Co. Ltd. v. Sears, Roebuck & Co., 645 F.2d 788, 792-93 (9th Cir. 1981)(federal jurisdiction existed for foreign national based on treaty involving United States and Japan); Maison Lazard v. Manfra, Tordella & Brooks, 585 F.Supp. 1286, 1289 (S.D.N.Y. 1984) (foreign national could bring action under the Lanham Act because the United States and France were signatories to the Paris Convention). Thus, unlike Larsen, Toho, and Maison, Plaintiff, as a foreign national, has failed to allege the necessary elements to bring an unfair competition under the Lanham Act and its Second and Third Claims must therefore be dismissed pursuant to Fed.R.Civ.P. 12 (b)(6).

### III.   SMU'S FIFTH CLAIM FAILS TO STATE A CLAIM FOR RELIEF UNDER THE NEVADA DECEPTIVE TRADE PRACTICE ACT.

In its Fifth Claim, SMU alleges that Defendant's conduct violates the Nevada Deceptive Trade Practice Act, N.R.S. 598(3), (5)(7) and (15). However, N.R.S. Chapter 598 generally provides "for a public cause of action for deceptive trade practices," Nevada Power v. Eighth Dist. Court, 102 P.3d 578 (2004) (emphasis added), and the Nevada Supreme Court has declined

to recognize a private cause of action under that statute. Id., 102 P. 3d at 583 n.7. In any event, SMU's Amended Complaint fails to allege any conduct within the constitutional reach of the Nevada Deceptive Trade Practice Act because it fails to allege that any of the actions which allegedly cause damage to SMU occurred in Nevada or that any damages occurred to SMU in Nevada. It is of course axiomatic that the state has police power to regulate conduct occurring within its borders. See Gonzales v. Oregon, U.S. S.Ct. No. 04-623 (January 17, 2006). "Within its police power, the Legislature may regulate commercial and business affairs in order to promote the health, safety, morals and general welfare of its citizens and to protect its citizens from injurious activities." State Ex Rel List. v. AAA Auto Leasing, 93 Nev. 483, 486; 568 P.2d 1230 (1977). It is equally axiomatic that the state's police powers do not extend to conduct occurring outside its jurisdiction which is not alleged to have caused damages within its jurisdiction. "A state cannot impose punitive sanctions for conduct that affected other states but had no impact on the …state or its residents." White v. Ford Motor Co., 312 F.3d 998, 1016 at n. 68 and 1018-1020 (9th Cir. 2003). Since SMU's Amended Complaint totally fails to allege any act or conduct which warrants extension of the police powers of the State of Nevada to the Defendants, SMU's Fifth Claim based on the Nevada Deceptive Practice Act must be dismissed pursuant to Fed.R.Civ.P. 12(b) (6) for failure to state a claim upon which relief can be granted.

IV. **SMU'S SIXTH CLAIM FAILS TO STATE A CLAIM FOR RELIEF UNDER THE CALIFORNIA COMPUTER CRIMES ACT.**

SMU's Sixth Claim fails to state a claim under the California Computer Crimes Act because the Amended Complaint fails to allege the facts necessary to establish standing to proceed in a civil action under that Act. California Penal Code Section 502(e) (1) provides:

> (1) In addition to any other civil remedy available, the owner or lessee of the computer, computer system, computer network, computer program, or data <u>may bring a civil action against any person convicted under this section for compensatory damages,</u>

9

including any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was or was not altered, damaged, or deleted by the access. For the purposes of actions authorized by this subdivision, the conduct of any unemancipated minor shall be imputed to the parent or legal guardian having control or custody of the minor, pursuant to the provisions of Section 1714.1 of the Civil Code. (Emphasis added).

The Amended Complaint does not allege that SMU's claims are premised upon its ownership or lease of any "computers, computer systems, … network, … program or data." Nor does it allege (because it has not occurred) that any defendant has been "convicted under [the California Computer Crimes Act]." The Amended Complaint also does not allege that any injury occurred in the State of California as a result of the alleged violations of the California Penal Code. The Amended Complaint thus does not state a claim under the California act because it fails to allege an impact on California or its residents. White v. Ford Motor Co., 312 F.3d at 1016, n. 68 and 1018-1020. See discussion at pp. 5-6, supra. Therefore, the Amended Complaint fails to state the prerequisite for a civil action under that statute and a claim for relief under that statute and the Sixth Claim must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .

## CONCLUSION

The Amended Complaint fails to state claims for relief upon which relief can be granted in its Second, Third, Fifth and Sixth claims and those claims must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

DATED this 14th day of February, 2006.

PATRICIA L. HOUGH AND THE
ASSOCIATION OF INTERNATIONAL
MEDICAL GRADUATES, INC.
By Their Attorneys,

NATHAN R. REINMILLER, ESQ.
Nevada Bar No. 6793
ALVERSON, TAYLOR,
MORTENSEN & SANDERS
7401 W. Charleston Boulevard
Las Vegas, NV 89117

## CERTIFICATE OF MAILING

I hereby certify that on this 14th day of February, 2006, I did deposit in the United States Post Office, with postage fully prepaid thereon, a copy of the above and foregoing **MOTION OF DEFENDANTS PATRICIA R. HOUGH AND ASSOCIATION OF AMERICAN INTERNATIONAL MEDICAL GRADUATES, INC. TO DISMISS THE SECOND, THIRD, FIFTH AND SIXTH CLAIM OF PLAINTIFF'S AMENDED COMPLAINT** addressed to:

Mark G. Tratos, Esq.
F. Christopher Austin, Esq.
Ronald D. Green, Jr., Esq.
GREENBERG TRAURIG LLP
3773 Howard Hughes Pkwy., Ste. 500N
Las Vegas, NV 89109
*Attorney for Plaintiff*

Karl S. Kronenberger, Esq.
Terri R. Hanley, Esq.
KRONENBERGER & ASSOCIATES
220 Montgomery St., Ste. 1920
San Francisco, CA 94104
*Attorney for Plaintiff*

_____
An Employee of ALVERSON, TAYLOR, MORTENSEN & SANDERS

N:\bruce.grp\Z-client\15989\15989Motion to Dismiss.Hough.AAIMG.wpd

12