ORIGINAL

FILED

UNDER

SEAL

NATHAN R. REINMILLER, ESQ.
Nevada Bar No. 6793
ALVERSON, TAYLOR,
MORTENSEN & SANDERS
7401 W. Charleston Boulevard
Las Vegas, NV 89117
Tel: (702) 384-7000
Fax: (702) 385-7000
Attorney for Defendants
PATRICIA L. HOUGH, M.D.;
DAVID L. FREDRICK; and
ASSOCIATION OF AMERICAN
INTERNATIONAL MEDICAL
GRADUATES, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD., a Cayman Islands company,<br><br>Plaintiff,<br><br>v.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE FOUNDATION, a Netherland-Antilles company; MEDICAL UNIVERSITY OF THE AMERICAS, a St. Kitts & Nevis company; EDUCATION INFORMATION CONSULTANTS, INC., a Massachusetts corporation; EDUCATIONAL INTERNATIONAL CONSULTANTS, LLC, a Massachusetts limited liability company; PATRICIA L. HOUGH, M.D., an individual, and d.b.a. "Saba University School of Medicine"; DAVID L. FREDRICK, an individual; PANKAJ DESAI, M.D., an individual; ASSOCIATION OF AMERICAN INTERNATIONAL MEDICAL GRAUDATES, INC., a Nevada corporation, a.k.a. "aaimg@yahoo.com"; THOMAS MOORE, M.D. a.k.a. "presaaimg@hotmail.com" and "crocdoc2004@netzero.net," an individual; SARAH B. WEINSTEIN a.k.a. "execsecaaimg@hotmail.com," an individual; RACHAEL E. SILVER, an individual; and DIEDRE MOORE, an individual,<br><br>Defendants. | Case No.: CV-S-05-0848-RCJ (LRL)<br><br>**ANSWER OF ASSOCIATION OF INTERNATIONAL MEDICAL GRADUATES, INC. TO AMENDED COMPLAINT OF PLAINTIFF** |

## ANSWER OF ASSOCIATION OF AMERICAN INTERNATIONAL MEDICAL GRADUATES, INC. TO AMENDED COMPLAINT OF PLAINTIFF

Defendant Association of American International Medical Graduates, Inc. ("Defendant" or "AAIMG") Answers the First, Fourth, Seventh and Eighth claims of the Amended Complaint. Defendant is simultaneously moving to dismiss the Second, Third, Fifth and Sixth claim of the Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6). Defendant is simultaneously moving to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(3) and files this answer without waiving that motion. Defendant is also simultaneously moving to dismisss the Second, Third, Fifth and Sixth claims of the Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

1. The first paragraph of the Plaintiff's Amended Complaint merely characterizes the Complaint and no answer is required. To the extent that an answer is required, the allegations are denied.

2. Defendant denies the allegations of paragraph 2 of Plaintiff's Amended Complaint.

3. Defendant admits the allegations of sub-paragraphs 3(a), (b) and (c) and of 3(g) and (h) of Plaintiff's Amended Complaint. Defendant admits that Hough and Fredrick are a married couple, with a residence in Sarasota County, Florida and are owners of EIC, Inc. and EIC, LLC as alleged in sub-paragraph (f). Defendant denies the remaining allegations in sub-paragraph 3(f) and the allegations of sub-paragraphs 3(d) and 3(e) of Plaintiff's Amended Complaint. Defendant is without knowledge or information sufficient to admit or deny the allegation concerning the "aka" designations alleged in paragraph 3(i) and therefore those allegations are denied.

4. Defendant admits the allegations of paragraph 4 of Plaintiff's Amended Complaint.

5. Defendant is without knowledge or information to either admit or deny the allegations in paragraph 5 of Plaintiff's Amended Complaint and, therefore, the same are denied.

2

6. Defendant denies the allegations of paragraph 6 of Plaintiff's Amended Complaint.

7. Defendant denies the allegations of paragraph 7 of Plaintiff's Amended Complaint.

8. The allegations of this paragraph are descriptive in nature and do not require an answer. To the extent an answer is required, the allegations of this paragraph are denied.

9. The allegations of this paragraph are descriptive in nature and do not require an answer. To the extent an answer is required, the allegations of this paragraph are denied.

10. The allegations of this paragraph are descriptive in nature and do not require an answer. To the extent an answer is required, the allegations of this paragraph are denied.

11. Defendant denies the allegations of paragraph 11 of Plaintiff's Amended Complaint.

12. Defendant denies the allegations of paragraph 12 of Plaintiff's Amended Complaint.

13. Defendant denies the allegations of paragraph 13 of Plaintiff's Amended Complaint.

14. Defendant denies the allegations of paragraph 14 of Plaintiff's Amended Complaint.

15. Defendant denies the allegations of paragraph 15 of Plaintiff's Amended Complaint.

16. Defendant denies the allegations of paragraph 16 of Plaintiff's Amended Complaint.

17. Defendant denies the allegations of paragraph 17 of Plaintiff's Amended Complaint.

18. Defendant denies the allegations of paragraph 18 of Plaintiff's Amended Complaint.

19. Defendant is without knowledge or information to either admit or deny the allegations in paragraph 19 of Plaintiff's Amended Complaint and, therefore, the same are denied.

20. Defendant is without knowledge or information to either admit or deny the allegations in paragraph 20 of Plaintiff's Amended Complaint and, therefore, the same are denied.

21. Defendant is without knowledge or information to either admit or deny the allegations in paragraph 21 and in footnotes 1, 2 and 3 of paragraph 21 of Plaintiff's Amended Complaint and, therefore, the same are denied.

22. Defendant is without knowledge or information to either admit or deny the allegations in paragraph 22 of Plaintiff's Amended Complaint and, therefore, the same are denied.

23. Defendant is without knowledge or information to either admit or deny the allegations in paragraph 23 of Plaintiff's Amended Complaint and, therefore, the same are denied.

24. Defendant denies the allegations of paragraph 24 of Plaintiff's Amended Complaint.

25. Defendant denies the allegations of paragraph 25 of Plaintiff's Amended Complaint.

26. Defendant admits the allegations of paragraph 26 of Plaintiff's Amended Complaint.

27. Defendant admits the allegations of paragraph 27 of Plaintiff's Amended Complaint.

28. Defendant admits the allegations of the first two sentences of paragraph 28 of Plaintiff's Amended Complaint. Defendant denies the remaining allegations of paragraph 28.

29. Defendant admits the allegations of the first two sentences of paragraph 29 of Plaintiff's Amended Complaint. Defendant denies the remaining allegations of paragraph 29 of Plaintiff's Amended Complaint.

30. Defendant denies the allegations in the paragraph 30 of Plaintiff's Amended Complaint.

31. Defendant denies that Fredrick's primary offices are in Gardner, Massachusetts. Defendant admits the remaining allegations of paragraph 31 of Plaintiff's Amended Complaint.

32. Defendant admits the allegations of paragraph 32 of Plaintiff's Amended Complaint.

33. Defendant admits that Hough is married to David L. Fredrick. Defendant admits the last two sentences of paragraph 33 of Plaintiff's Amended Complaint. Defendant denies the remaining allegations of paragraph 33 of Plaintiff's Amended Complaint.

34. Defendant denies the allegations of paragraph 34 of Plaintiff's Amended Complaint.

. . .

. . .

35. Defendant denies that any of the alleged statements are defamatory. Defendant is without knowledge or information to either admit or deny the remaining allegations in paragraph 35 of Plaintiff's Amended Complaint and, therefore, the same are denied.

36. Defendant denies the allegation in paragraph 36 of Plaintiff's Amended Complaint that the website is the only operational function of AAIMG. Exhibit D speaks for itself, and therefore Plaintiff's characterization of it is denied.

37. The statements in Exhibit D speak for themselves and, therefore, the allegations of paragraph 37 are denied. Defendant specifically denies that any of the statements are defamatory.

38. The statements in Exhibit D speak for themselves and, therefore, the allegations of paragraph 38 are denied.

39. The allegations in paragraph 39 of Plaintiff's Amended Complaint are denied.

40. Defendant is without knowledge or information to either admit or deny the allegations in paragraph 40 of Plaintiff's Amended Complaint or of its footnote 4 and, therefore, the same are denied.

41. Defendant is without knowledge or information to either admit or deny the allegations in paragraph 41 and footnote 5 of Plaintiff's Amended Complaint and, therefore, the same are denied.

42. Defendant is without knowledge or information to either admit or deny the allegations in paragraph 42 of Plaintiff's Amended Complaint and, therefore, the same are denied.

43. The statements in Exhibit D speak for themselves and, therefore, the allegations of paragraph 43 of Plaintiff's Amended Complaint are denied.

44. The statements in Exhibit D speak for themselves and, therefore, the allegations of paragraph 44 of Plaintiff's Amended Complaint are denied.

45. The statements in Exhibit D speak for themselves and, therefore, the allegations of paragraph 45 of Plaintiff's Amended Complaint are denied. Defendant is without knowledge or information to either admit or deny the allegations in footnote 6 and therefore the same are denied.

46. Defendant is without knowledge or information to either admit or deny the allegations in paragraph 46 of Plaintiff's Amended Complaint and, therefore, the same are denied.

47. Defendant is without knowledge or information to either admit or deny the allegations in paragraph 47 of Plaintiff's Amended Complaint and, therefore, the same are denied.

48. Exhibit G speaks for itself and therefore the allegations of paragraph 48 are denied.

49. The aaimg.com website speaks for itself and therefore the allegations of paragraph 49 are denied.

50. The documents described in paragraph 50 speak for themselves and, therefore, the allegations of paragraph 50 are denied.

51. The referenced statements in paragraph 51 and Exhibit D speak for themselves and, therefore, the allegations are denied.

52. Defendant is without knowledge or information to either admit or deny the allegations in paragraph 52 of Plaintiff's Amended Complaint and, therefore, the same are denied.

53. Defendant is without knowledge or information to either admit or deny the allegations in paragraph 53 of Plaintiff's Amended Complaint and, therefore, the same are denied.

54. Defendant is without knowledge or information to either admit or deny the allegations in paragraph 54 of Plaintiff's Amended Complaint and, therefore, the same are denied.

55. Exhibit G speaks for itself and therefore, the first sentence of paragraph 55 is denied. Defendant is without knowledge or information to either admit or deny the allegations in paragraph 55 of Plaintiff's Amended Complaint and, therefore, the same are denied.

56. Exhibit G speaks for itself and, therefore, the first sentence of paragraph 56 is denied. Exhibit D speaks for itself and Defendant denies the second sentence of paragraph 56 of Plaintiff's Amended Complaint. Defendant denies the remaining allegations of paragraph 56 of Plaintiff's Amended Complaint.

57. Defendant denies the allegations of paragraph 57 of Plaintiff's Amended Complaint.

58. Defendant is without knowledge or information to either admit or deny the allegations in paragraph 58 of Plaintiff's Amended Complaint and, therefore, the same are denied.

59. Defendant denies the allegations of paragraph 59 but is without knowledge or information to admit or deny the allegations of footnote 7 of Plaintiff's Amended Complaint and therefore those allegations are denied.

60. Defendant is without knowledge or information to either admit or deny the allegations in paragraph 60 and footnote 8 of Plaintiff's Amended Complaint and, therefore, the same are denied.

61. Defendant is without knowledge or information to either admit or deny the allegations in paragraph 61 and footnote 9 of Plaintiff's Amended Complaint and, therefore, the same are denied.

62. Exhibit H speaks for itself and, therefore, the allegations of paragraph 62 of Plaintiff's Amended Complaint are denied.

63. Defendant denies the allegations of paragraph 63 of Plaintiff's Amended Complaint.

64. Defendant denies the allegations of paragraph 64 of Plaintiff's Amended Complaint.

65. Defendant denies the allegations of paragraph 65 of Plaintiff's Amended Complaint.

66. Defendant denies the allegations of paragraph 66 of Plaintiff's Amended Complaint.

67. Defendant denies the allegations of paragraph 67 of Plaintiff's Amended Complaint.

68. Defendant denies the allegations of paragraph 68 of Plaintiff's Amended Complaint.

69. Defendant denies the allegations of paragraphs 69 of Plaintiff's Amended Complaint.

70. Defendant denies the allegations of paragraph 70 of Plaintiff's Amended Complaint.

71. Defendant denies the allegations of paragraph 71 of Plaintiff's Amended Complaint.

72. Defendant denies the allegations of paragraph 72 of Plaintiff's Amended Complaint.

73. Defendant denies the allegations of paragraph 73 of Plaintiff's Amended Complaint.

74. Exhibit D speaks for itself and, therefore, the allegations of the first sentence of paragraph 74 are denied. Defendant denies the allegations in the second sentence of paragraph 74 of Plaintiff's Amended Complaint.

75. Exhibit D speaks for itself and the allegations of paragraph 75 are denied. Defendant further denies the allegations in the fourth and final sentence of paragraph 75 of Plaintiff's Amended Complaint.

76. Defendant denies the allegations of paragraph 76 of Plaintiff's Amended Complaint.

77. Exhibit D speaks for itself and the allegations of paragraph 77 are denied.

78. Exhibit D and the AAIMG report speaks for itself and, therefore, the allegations of paragraph 78 purporting to cite Exhibit D and the AAIMG report are denied. Defendant denies the remaining allegations of paragraph 78 of Plaintiff's Amended Complaint.

79. Exhibit D and the AAIMG report speaks for itself and, therefore, the allegations in paragraph 79 purporting to cite Exhibit D and the AAIMG Report are denied. Defendant denies the remaining allegations of paragraph 79 of Plaintiff's Amended Complaint.

80. Exhibit D and the AAIMG report speaks for itself and, therefore, the allegations of paragraph 80 purporting to cite Exhibit D and the AAIMG report are denied. Defendant denies the remaining allegations of paragraph 80 of Plaintiff's Amended Complaint.

. . .

. . .

81. Exhibit D and the AAIMG report speaks for itself and, therefore, the allegations of paragraph 81 purporting to cite Exhibit D and the AAIMG report are denied. Defendant denies the remaining allegations of paragraph 81 of Plaintiff's Amended Complaint.

82. Exhibit D and the AAIMG report speaks for itself and, therefore, the allegations of paragraph 82 purporting to cite Exhibit D and the AAIMG report are denied. Defendant denies the remaining allegations of paragraph 82 of Plaintiff's Amended Complaint.

83. Exhibit D and the AAIMG report speaks for itself and, therefore, the allegations of paragraph 83 purporting to cite Exhibit D and the AAIMG report are denied. Defendant denies the remaining allegations of paragraph 83 of Plaintiff's Amended Complaint.

84. Exhibit D and the AAIMG report speaks for itself and, therefore, the allegations of paragraph 84 purporting to cite Exhibit D and the AAIMG report are denied. Defendant denies the remaining allegations of paragraph 84 of Plaintiff's Amended Complaint.

85. Exhibit D and the AAIMG report speaks for itself and, therefore, the allegations of paragraph 85 purporting to cite Exhibit D and the AAIMG report are denied. Defendant denies the remaining allegations of paragraph 85 of Plaintiff's Amended Complaint.

86. Exhibit D and the AAIMG report speaks for itself and, therefore, the allegations of paragraph 86 purporting to cite Exhibit D and the AAIMG report are denied. Defendant denies the remaining allegations of paragraph 86 of Plaintiff's Amended Complaint.

87. Defendant denies the allegations of paragraph 87 of Plaintiff's Amended Complaint.

88. Defendant denies the allegations of paragraph 88 of Plaintiff's Amended Complaint.

### FIRST CLAIM FOR RELIEF

89. Defendant restates, repeats and incorporates by reference her responses to paragraphs 1 through 88 of the Amended Complaint as if fully set forth herein.

90. Defendant denies the allegations of paragraph 90 of Plaintiff's Amended Complaint.

91. Defendant denies the allegations of paragraph 91 of Plaintiff's Amended Complaint.

92. Defendant denies the allegations of paragraph 92 of Plaintiff's Amended Complaint.

93. Defendant denies the allegations of paragraph 93 of Plaintiff's Amended Complaint.

94. Defendant denies the allegations of paragraph 94 of Plaintiff's Amended Complaint.

95. Defendant denies the allegations of paragraph 95 of Plaintiff's Amended Complaint.

96. Defendant denies the allegations of paragraph 96 of Plaintiff's Amended Complaint.

97. Defendant denies the allegations of paragraph 97 of Plaintiff's Amended Complaint.

## SECOND CLAIM FOR RELIEF

Defendant has filed a Motion to Dismiss this Claim Pursuant to Fed. R. Civ. P. 12(b)(6). Notwithstanding and without waiving that Motion, Defendant responds to the numbered paragraphs of this Claim because such paragraphs are incorporated by reference in subsequent Claims.

98. Defendant restates, repeats and incorporates by reference her responses to paragraphs 1 through 97 of the Amended Complaint as if fully set forth herein.

99. Defendant denies the allegations of paragraph 99 of Plaintiff's Amended Complaint.

100. Defendant denies the allegations of paragraph 100 of Plaintiff's Amended Complaint.

101. Defendant denies the allegations of paragraph 101 of Plaintiff's Amended Complaint.

### THIRD CLAIM FOR RELIEF

Defendant has filed a Motion to Dismiss this Claim Pursuant to Fed. R. Civ. P. 12(b)(6). Notwithstanding and without waiving that Motion, Defendant responds to the numbered paragraphs of this Claim because such paragraphs are incorporated by reference in subsequent Claims.

102. Defendant restates, repeats and incorporates by reference her responses to paragraphs 1 through 101 of the Amended Complaint as if fully set forth herein.

103. Defendant denies the allegations of paragraph 103 of Plaintiff's Amended Complaint.

104. Defendant denies the allegations of paragraph 104 of Plaintiff's Amended Complaint.

105. Defendant denies the allegations of paragraph 105 of Plaintiff's Amended Complaint.

### FOURTH CLAIM FOR RELIEF

106. Defendant restates, repeats and incorporates by reference her responses to paragraphs 1 through 105 of the Amended Complaint as if fully set forth herein.

107. Defendant denies the allegations of paragraph 107 of Plaintiff's Amended Complaint.

108. Defendant denies the allegations of paragraph 108 of Plaintiff's Amended Complaint.

109. Defendant denies the allegations of paragraph 109 of Plaintiff's Amended Complaint.

110. Defendant denies the allegations of paragraph 110 of Plaintiff's Amended Complaint.

111. Defendant denies the allegations of paragraph 111 of Plaintiff's Amended Complaint.

112. Defendant denies the allegations of paragraph 112 of Plaintiff's Amended Complaint.

113. Defendant denies the allegations of paragraph 113 of Plaintiff's Amended Complaint.

114. Defendant denies the allegations of paragraph 114 of Plaintiff's Amended Complaint.

115. Defendant denies the allegations of paragraph 115 of Plaintiff's Amended Complaint.

116. Defendant denies the allegations of paragraph 117 of Plaintiff's Amended Complaint.

**FIFTH CLAIM FOR RELIEF**

Defendant has filed a Motion to Dismiss this Claim Pursuant to Fed. R. Civ. P. 12(b)(6). Notwithstanding and without waiving that Motion, Defendant responds to the numbered paragraphs of this Claim because such paragraphs are incorporated by reference in subsequent Claims.

117. Defendant restates, repeats and incorporates by reference her responses to paragraphs 1 through 116 of the Amended Complaint as if fully set forth herein.

118. Defendant denies the allegations of paragraph 118 of Plaintiff's Amended Complaint.

119. Defendant denies the allegations of paragraph 119 of Plaintiff's Amended Complaint.

120. Defendant denies the allegations of paragraph 120 of Plaintiff's Amended Complaint.

## SIXTH CLAIM FOR RELIEF

Defendant has filed a Motion to Dismiss this Claim Pursuant to Fed. R. Civ. P. 12(b)(6). Notwithstanding and without waiving that Motion, Defendant responds to the numbered paragraphs of this Claim because such paragraphs are incorporated by reference in subsequent Claims.

121. Defendant restates, repeats and incorporates by reference her responses to paragraphs 1 through 120 of the Amended Complaint as if fully set forth herein.

122. Defendant denies the allegations of paragraph 122 of Plaintiff's Amended Complaint.

## SEVENTH CLAIM FOR RELIEF

123. Defendant restates, repeats and incorporates by reference her responses to paragraphs 1 through 122 of the Amended Complaint as if fully set forth herein.

124. Defendant denies the allegations of paragraph 124 of Plaintiff's Amended Complaint.

125. Defendant denies the allegations of paragraph 125 of Plaintiff's Amended Complaint.

13

126. Defendant denies the allegations of paragraph 126 of Plaintiff's Amended Complaint.

## EIGHTH CLAIM FOR RELIEF

127. Defendant restates, repeats and incorporates by reference her responses to paragraphs 1 through 126 of the Amended Complaint as if fully set forth herein.

128. Defendant denies the allegations of paragraph 128 of Plaintiff's Amended Complaint.

129. Defendant denies the allegations of paragraph 129 of Plaintiff's Amended Complaint.

130. Defendant denies the allegations of paragraph 130 of Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant Patricia L. Hough does not do business as SABA University School of Medicine.

### SECOND AFFIRMATIVE DEFENSE

For the reasons set forth in the Motion to Dismiss filed by Defendant the Second, Third, Fifth and Sixth claims of the Amended Complaint fail to state a claim for relief and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs Amended Complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

The alleged publications are protected by rights conferred by the Constitution of the United States.

### FIFTH AFFIRMATIVE DEFENSE

The statements alleged to be defamatory were and remain true.

### SIXTH AFFIRMATIVE DEFENSE

The statements alleged to be defamatory were and remain opinion.

### SEVENTH AFFIRMATIVE DEFENSE

The alleged publication of the information complained of was privileged.

### EIGHTH AFFIRMATIVE DEFENSE

The publication complained of is privileged as fair comment concerning a matter of public interest.

### NINTH AFFIRMATIVE DEFENSE

The damages, if any, suffered by Plaintiff were the results of acts or omissions of third parties for whom the Defendants are not responsible.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate its damages, if any.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused or aggravated by its own conduct.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel and by its own unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

This venue and/or forum is not appropriate, and therefore the matter should be transferred and/or dismissed.

. . .

**WHEREFORE**, Defendant respectfully requests that this Court enter Judgment dismissing Plaintiff's Amended Complaint, award Defendant attorneys' fees and costs necessitated by this action, and any other relief this Court deems just and equitable.

DATED this 14th day of February, 2006.

ALVERSON, TAYLOR,
MORTENSEN & SANDERS

*/s/ Nathan R. Reinmiller*

NATHAN R. REINMILLER, ESQ.
Nevada Bar No. 6793
7401 W. Charleston Boulevard
Las Vegas, NV 89117
Attorney for Defendants
PATRICIA L. HOUGH, M.D.;
DAVID L. FREDRICK; and
ASSOCIATION OF AMERICAN
INTERNATIONAL MEDICAL
GRADUATES, INC.

## CERTIFICATE OF MAILING

I hereby certify that on this 14th day of February, 2006, I did deposit in the United States Post Office, with postage fully prepaid thereon, a copy of the above and foregoing **ANSWER OF ASSOCIATION OF INTERNATIONAL MEDICAL GRADUATES, INC. TO AMENDED COMPLAINT OF PLAINTIFF** addressed to:

Mark G. Tratos, Esq.
F. Christopher Austin, Esq.
Ronald D. Green, Jr., Esq.
GREENBERG TRAURIG LLP
3773 Howard Hughes Pkwy., Ste. 500N
Las Vegas, NV 89109
*Attorney for Plaintiff*

Karl S. Kronenberger, Esq.
Terri R. Hanley, Esq.
KRONENBERGER & ASSOCIATES
220 Montgomery St., Ste. 1920
San Francisco, CA 94104
*Attorney for Plaintiff*

An Employee of ALVERSON, TAYLOR, MORTENSEN & SANDERS

N: bruce.grp.Z-client\15989\15989Answer.AAIMG.wpd

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000