**GREENBERG TRAURIG LLP**
Mark G. Tratos (Bar No. 1086) (*Local Counsel*)
F. Christopher Austin (Bar No. 6559) (*Local Counsel*)
Ronald D. Green, Jr. (Bar No. 7360) (*Local Counsel*)
3773 Howard Hughes Parkway, Ste. 500 N
Las Vegas, Nevada 89109
Tel: (702) 792-3773
Fax: (702) 792-9002

**KRONENBERGER HANLEY, LLP**
Karl S. Kronenberger (CA Bar No. 226112) (*Pro Hac Vice*)
Terri R. Hanley (CA Bar No. 199811) (*Pro Hac Vice*)
220 Montgomery Street, Suite 1920
San Francisco, California 94104
Tel: (415) 955-1155
Fax: (415) 955-1158

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD., a Cayman Islands company,<br><br>Plaintiff,<br><br>vs.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE FOUNDATION, a Netherland-Antilles company, et al,<br><br>Defendants. | Case No. CV-S-05-0848-BES<br><br>**NOTICE OF MOTION AND MOTION FOR ENLARGEMENT OF TIME IN WHICH TO SERVE FIRST AMENDED COMPLAINT AND SUMMONS PURSUANT TO RULE 4(M)** |

Plaintiff ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD. ("ST. MATTHEW'S"), through its attorneys, hereby brings this motion for an enlargement of time in which to serve its First Amended Complaint and Summons on Defendants Thomas Moore, M.D. a.k.a. "presaaimg@hotmail.com" ("T. MOORE"), Sarah Weinstein a.k.a. "execsecaaimg@hotmail.com" ("WEINSTEIN"), Rachael Silver ("SILVER"), Saba University School of Medicine Foundation ("SABA"), Medical University of the Americas ("MUA"), Education Information Consultants, Inc. ("EIC, INC."), Educational International Consultants, LLC ("EIC, LLC"), Pankaj Desai, M.D. ("DESAI"), and Diedre Moore ("D. MOORE")

This motion is brought pursuant to the Federal Rules of Civil Procedure, Rule 4(m), and the inherent power of the Court, and is based upon this notice, the attached memorandum in support, Plaintiff's First Amended Complaint filed October 28, 2005 ("FAC"), Plaintiff's Ex Parte Motions for 1. Preservation order, 2. Expedited discovery, 3. Filing under seal, and 4. Consolidated Hearings filed July 15, 2005 ("Consolidated Ex Parte Motions"), Plaintiff's Motions for: (1) Alternative Service; (2) Lifting Seal Order filed February 6, 2006, and any argument or evidence offered upon hearing had on the matter.

DATED: March 20, 2006.   **KRONENBERGER HANLEY, LLP**

By: *Karl S. Kronenberger* (signature)
Karl S. Kronenberger
Terri R. Hanley
Attorneys for Plaintiff
ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD.

DATED: March 20, 2006.   **GREENBERG TRAURIG, LLP**

By: (signature)
Mark G. Tratos
F. Christopher Austin
Ronald D. Green, Jr.
Designated Local Counsel for Plaintiff
ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD.

## BACKGROUND

To date, Plaintiff ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD. ("ST. MATTHEW'S") has effectuated service of its First Amended Complaint and Summons on Defendants Patricia L. Hough, M.D. ("HOUGH"), David L. Fredrick ("FREDRICK"), Association of American International Medical Graduates, Inc. ("AAIMG"), Pankaj Desai, M.D. ("DESAI"), Saba University School of Medicine Foundation ("SABA"), Thomas Moore, M.D. ("T. MOORE"), Diedre Moore ("D. MOORE"), Rachael Silver ("SILVER"), and Sarah Weinstein ("WEINSTEIN").  Details regarding service on these defendants is as follows:

- <u>HOUGH and FREDRICK</u>:  Service was effectuated on HOUGH and FREDRICK via substitute means in a manner consistent with Massachusetts Rule of Civil Procedure 4.4(1), pursuant to Fed. R. Civ. Proc. 4.  Affidavits of Service of Summons and Complaint for HOUGH and FREDRICK were filed on February 6, 2006.
- <u>AAIMG</u>:  Service was effectuated on Defendant AAIMG by personal service on AAIMG's registered agent in Nevada on January 26, 2006.  An Affidavit of Service of Summons and Complaint for AAIMG was filed with the Court on February 6, 2006.
- <u>DESAI</u>:  Service was effectuated on DESAI via personal service on March 16, 2006.  A Certificate of Service will be filed with the Court as soon it is received from the process server.
- <u>SABA</u>:  Service was effectuated on SABA via personal service on SABA's Chief Executive Officer on March 16, 2006.  A Certificate of Service will be filed with the Court as soon it is received from the process server.
- <u>T. MOORE, D. MOORE, SILVER, and WEINSTEIN</u>:  On March 16, 2006, service was effectuated on T. MOORE, D. MOORE, SILVER, and WEINSTEIN via personal service on Mr. Nathan R. Reinmiller, counsel of record for HOUGH, FREDRICK, and AAIMG in a manner consistent with §4 of

the Court's Order For Alternative Service entered on March 3, 2006.

Certificates of Service for these four defendants are filed herewith.

Plaintiff's efforts to serve the remaining Defendants were the subject of its Motions for: (1) Alternative Service; (2) Lifting Seal Order, filed February 6, 2006 (for the present instance, the "Motions"), which were unopposed; orders granting both of Plaintiff's Motions was issued by the Court on March 3, 2006.

The time for Plaintiff to serve the remaining Defendants expired on February 27 pursuant to Rule 4(m), pending the determination of its Motions. Fed. R. Civ. Proc. 4(m). Plaintiff therefore respectfully moves for an enlargement of time under that Rule to effectuate service on the remaining Defendants Medical University of the Americas ("MUA"), Education Information Consultants, Inc. ("EIC, INC."), Educational International Consultants, LLC ("EIC, LLC"), as allowed and enabled by the recent order of this Court.

As addressed in its Motion for Alternative Service, Plaintiff has been diligent in its efforts to serve the remaining Defendants. In addition to those efforts directed at Defendants AAIMG, T. MOORE, D. MOORE, SILVER and WEINSTEIN, Plaintiff sent service packets containing requests for waivers of service of summons to agents for Defendants MUA, EIC, LLC and EIC, INC. on December 5, 2005; Plaintiff received no response by the February 2, 2006 deadline imposed by the waiver requests. Furthermore, counsel for Defendants HOUGH and FREDRICK – the owners, senior officers, and primary agents for Defendants MUA, and EIC INC/LLC have refused to accept service on their behalf in their representative capacity.

Service is presently being effectuated upon Defendants MUA, EIC, LLC, and EIC, INC. in compliance with State and Federal laws and pursuant to the order of this Court. Plaintiff has invested a great deal of time and money, through its attorneys, multiple private investigators, and teams of process servers in multiple cities, to serve the remaining Defendants, to no avail. However, with the Court's recent order on service, service on all Defendants should soon be completed pending only this Court's extension of time allowed.

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

## MEMORANDUM OF POINTS AND AUTHORITIES

ST. MATTHEW'S respectfully requests this Court for an enlargement of time to serve the Amended Complaint and Summons. Fed. R. Civ. P. 4(m) provides as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

ST. MATTHEW'S can demonstrate that "good cause" exists to extend the time period for service of process as prescribed by Rule 4. As explained on page 3 of ST. MATTHEW'S Motion for: (1) Alternative Service; (2) Lifting Seal Order, every effort has been made by ST. MATTHEW'S to serve the remaining Defendants within the prescribed time period. Specifically, Plaintiff has deployed multiple teams of private investigators and process servers, in multiple cities, and has not been able to serve the current un-served defendants.[1]

Therefore, ST. MATTHEW'S proffers "good cause" exists and requests this Court for an enlargement of time in which to serve the First Amended Complaint and Summons by a period of at least 90 days from the date of entry of any order so granting.

///

---

[1] Furthermore, the directive language of Rule 4(m) notwithstanding, should Rule 6's standard of review be applied to this request, this Court may extend the time required for service of process upon ST. MATTHEW'S motion in accordance with Fed. R. Civ. P. 6(b)(1), which allows for enlargement of time after the expiration of any period proscribed by Rule upon motion, where the delay was excusable. *Id.* As has been readily and repeatedly shown, Plaintiff has been diligent in its efforts to serve, and such efforts have required and have been granted the intervention of the Court. In light of this effort, ST. MATTHEW'S demonstrates that "good cause" exists whereby an enlargement of time to serve would be appropriate in the present circumstances. *United States v. Kenner General Contractors, Inc.* 764 F.2d 707, 711 (9th Cir. 1985); *Ruley v. Nelson*, 106 F.R.D 514, 517 (D.Nev. 1985).

1  Respectfully submitted,

3  DATED: March 20, 2006.          **KRONENBERGER HANLEY, LLP**

                                    By: /s/ Karl S. Kronenberger
                                    Karl S. Kronenberger
                                    Terri R. Hanley
                                    Attorneys for Plaintiff
                                    ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD.

8  DATED: March 20, 2006.          **GREENBERG TRAURIG, LLP**

                                    By: /s/
                                    Mark G. Tratos
                                    F. Christopher Austin
                                    Ronald D. Green, Jr.
                                    Designated Local Counsel for Plaintiff
                                    ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD.

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

6

MOTION FOR ENLARGEMENT OF TIME
FOR SERVICE OF AMENDED COMPLAINT

# PROOF OF SERVICE

I am a resident of the state of California, over the age of eighteen years and not a party to this action. My business address is 220 Montgomery Street, Suite 1920, San Francisco, California, 94104.

On March 20, 2006, I served the following document(s):

1. **NOTICE OF MOTION AND MOTION FOR ENLARGEMENT OF TIME IN WHICH TO SERVE FIRST AMENDED COMPLAINT AND SUMMONS PURSUANT TO RULE 4(M)**

on the parties listed below as follows:

**NATHAN REINMILLER, ESQ**
Alverson Taylor Mortensen & Sanders
7401 West Charleston Blvd
Las Vegas, NV 89117
Fax: (702) 385-7000
Attorney for Defendants HOUGH, FREDRICK, and AAIMG, INC.

[ ] BY FACSIMILE MACHINE (FAX), by personally transmitting a true copy thereof via an electronic facsimile machine to the fax number listed herein.

[X] BY FIRST CLASS MAIL, by placing a true copy thereof in a sealed envelope, with postage thereon fully prepaid, for collection and mailing, in San Francisco, California, following ordinary business practices, which is deposited with the US Postal Service the same day as it is placed for processing.

[ ] BY PERSONAL SERVICE, by personally delivering a true copy thereof to the address(es) listed herein at the location listed herein.

[ ] BY OVERNIGHT DELIVERY containing a true copy thereof to the address(es) listed herein at the location listed herein.

[ ] BY EMAIL to the address(es) listed above, with no error returned.

[ ] (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Jonathan S. Tam