NATHAN R. REINMILLER, ESQ.
Nevada Bar No. 6793
ALVERSON, TAYLOR
MORTENSEN & SANDERS
7401 W. Charleston Boulevard
Las Vegas, NV 89117
Tel: (702) 384-7000
Fax: (702) 385-7000
Attorney for Defendants
PATRICIA L. HOUGH, I . ..
DAVID L. FREDRICK; and
ASSOCIATION OF AMERICAN
INTERNATIONAL MEDICAL
GRADUATES, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD., a Cayman Islands company,

Plaintiff,

v.

SABA UNIVERSITY SCHOOL OF MEDICINE FOUNDATION, a Netherland-Antilles company; MEDICAL UNIVERSITY OF THE AMERICAS, a St. Kitts & Nevis company; EDUCATION INFORMATION CONSULTANTS, INC., a Massachusetts corporation; EDUCATIONAL INTERNATIONAL CONSULTANTS, LLC, a Massachusetts limited liability company; PATRICIA L. HOUGH, M.D., an individual, and d.b.a. "Saba University School of Medicine"; DAVID L. FREDRICK, an individual; PANKAJ DESAI, M.D., an individual; ASSOCIATION OF AMERICAN INTERNATIONAL MEDICAL GRADUATES, INC., a Nevada corporation, a.k.a. "[illegible]"; THOMAS MOORE, M.D. a.k.a. "[illegible]" and "[illegible]" an individual; SARAH B. WEINSTEIN a.k.a. "[illegible]" an individual; RACHAEL E. SILVER, an individual; and DIEDRE MOORE, an individual,

Defendants.

Case No.: CV-S-05-0 48-RCJ (LRL)

**REPLY OF DAVID L. FREDRICK TO PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID L. FREDRICK'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401

**REPLY OF DA ID L. FREDRICK TO PLAINTIFF'S OPPOSITION TO DEFENDA T DAVID L. FREDRICK'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant David . Fredrick ("Fredrick") files this Memorandum in Reply to the Consolidated Opposition o Fredrick's Motion to Dismiss Plaintiffs Amended Complaint filed by Plaintiff St. Matthew' University ("SMU").

I. Y OF ARGUMENT.

SMU has failed t carry its burden of establishing that this Court has personal jurisdiction or venue ove Fredrick. The unsworn allegations of the Amended Complaint and the documents relied on in it Opposition do not in any way rebut Fredrick's sworn denial that he participated in the matter complained of in the Amended Complaint in Nevada or elsewhere.

SMU's Oppositio also fails to establish its right to pursue its Seccnd and Third Claim under the Lanham Act. s a foreign entity, SMU may only pursue a claim under the Lanham Act if it has such rights under a convention or treaty relating to unfair competition. Section 44 of the Lanham Act codifies Congress' determination that there is no reason for the United States to afford a citizen of a foreign country such rights if citizens of the United States are not accorded such rights by a treaty wi h that foreign country. SMU's Amended Complaint fails to allege and SMU has failed to put fo ard any such treaty, and for these reasons its Second and Third Claims must be dismissed

SMU's Fifth Clain fails to state a claim for relief under the Nevada Deceptive Trade Practice Act because the Amended Complaint fails to allege any deceptive acts causing damage in Nevada or to its residents and may not be constitutionally construed to reach conduct and damages occurring outside of Nevada.

Similarly, SMU's Sixth Claim must be dismissed because it fails to allege that SMU has standing under the California Computer Crimes Act or that it has suffered any loss in California or elsewhere as a result O any conduct prohibited by that statute.

**II. SMU HA FAILED TO MEET ITS BURDEN OF ESTABLISHING THAT THIS COURT HAS PERSONAL JURISDICTION OVER FREDRICK.**

SMU claims that redrick's sworn denial of the unsworn allegations of the Amended Complaint have no evidentiary weight and that therefore Fredrick must be assumed to have known "of the tortious ac s of his alleged co-conspirators and the effects of such acts in the State of Nevada." (Consolidated Opposition To Defendant David L. Fredrick's Motion to Dismiss ("SMU Opp.") at p. 3.) .n making this contention, SMU relies solely upon its unverified Amended Complaint and ignores that those allegations are the allegations denied by Fredrick under oath and that it is S U's unsworn complaint which is of no evidentiary value in opposing Fredrick's motion to dismiss. Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. Schwarzenneger v. Fred Martin Motor Co., 374 F.3d 797, 80) (9 Cir. 2004); Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990). The plaintiff cannot "simply rest on the bare allegations of its complaint." Schwarzenneger, 374 F.3d at 800; Amba Marketing Systems, Inc. v. Jobar International, Inc., 551 F.2d 784, 787 (9th Cir. 1977). Yet, that is all that SMU has done in this case.

Contrary to SMU s contention that its Amended Complaint must be accepted as true, only uncontroverted allegations in the complaint may be taken as true. Schwarzenneger, 374 F.3d at 800; American Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996). Since Fredric has, by affidavit, denied the unsworn allegations of SMU's Amended Complaint, SMU must submit sworn evidence to meet its burden of establishing personal

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

jurisdiction. Tomlinson . H&R Block, Inc., 151 Fed. Appx. 655, 657 (10" Cir. 2005)("The allegations in the compla nt must be taken as true to the extent they are uncontroverted by the defendant's affidavits.") See also Williams v. Bowman Livestock Equipment. Co., 927 F.2d 1128, 1130-31 (10th Cir. 991).

SMU has failed to meet its burden. SMU's Opposition is wholly unsupported by any sworn evidence that Fredrick participated in or had knowledge of any activities alleged in the Amended Complaint or that he acted in furtherance of those activities in Nevada or elsewhere. To the extent SMU has o fered certain certified documents, they do not prove anything with respect to Frederick. While SMU contends that Exhibit C to its Opposition establishes that Fredrick owns an email account known as saba@ hac.net, Exhibit C does not support this contention. It establishes simply that the "Account Company" is SABA University and that communications with SABA University should be sent to the "Attn: David Fredrick." It is not at all surprising that the President of SABA University would be the person to whom account information is directed, a d this hardly establishes that Fredrick is responsible for any or all e-mails allegedly sent from SABA University's e-mail account.

As SMU admits, the only evidence it has brought to the Court's attention concerning any telephone number used td access the account is that the account was accessed by a telephone number in the name of Patricia Hough, a separately named defendant - not one in the name David Fredrick. (SMU Opp. at 9.) There is absolutely no evidence that Fredrick participated in that call or even that that call had anything to do with the allegations of SMU's Complaint against not only Fredrick but also those against Hough. Although SMU blithely claims that this is one of "hundreds of do umented instances" linking Fredrick to the allegations of the Amended Complaint (SMU Opp. at 9), it has only provided the Court with this one alleged "instance" and

this "instance" – a phone all made from a phone line in another person's name and not shown to have been made by Fredrick - does not link Fredrick to anything.

Similarly, Fredrick has denied under oath that he conspired with Hough or anyone else in connection with the alleged conspiratorial activities in Nevada or elsewhere. (Aff. of David L. Fredrick, ¶113-6.) There i absolutely no evidence that Fredrick had any involvement with the formation or activities of AAIMG - the only contact this case has with Nevada - and Fredrick has denied under oath any involvement with AAIMG. (Id. at ¶4.) There is also absolutely no evidence that Frederick conspired with anyone in connection with the actions of AAIMG or any other defendant and he has denied any such involvement under oath. (Id. at ¶¶4 and 5.) SMU's unsupported assertion that its unsworn Amended Complaint should be given greater weight than Fredrick's sworn denials makes no sense as a matter of fairness or law. See Schwarzenneger, 374 F.3d at 800; AT&T, 94 F.3d at 588. Indeed, SMU's total inability to present any evidence linking Fredrick with Nevada or the alleged conspiracy raises serious questions under Rule 11 of the Federal Rules of Civil Procedure.

## III. PLAINTIFF'S CLAIMS MUST BE DISMISSED PURSUANT TO FED.R.CIV.P. 12(B)(3) BECAUSE VENUE DOES NOT LIE IN THE DISTRICT OF NEVADA.

SMU claims that venue is appropriate because Nevada claimed to be "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred" and that Nevada is claimed to be the only district in the United States where venue would be appropriate at the time this action was filed. (S U Opp. at 11.) SMU's position is inaccurate in both respects. The Amended Complaint alleges one act that occurred in the State of Nevada - the formation of AAIMG. The Amended Complaint does not claim that any of the statements on the AAIMG website or made in the AAIMG emails which are claimed to have caused SMU injury have

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

anything to do with Nevada. Rather, it alleges that the offending website was housed in Russia (Amended Complaint, ¶6) and that the offending emails emanated from servers housed in California. (Amended Complaint, p.15 n.7.) Thus, the Amended Complaint, on its face, makes it abundantly clear that Nevada is not "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. 1391(b)(2).

In Myers v. Bennett Law Offices, 238 F.3d 1068 (9th Cir. 2001), the Ninth Circuit recognized that in construing 28 U.S.C. 1391(b)(2), the "substantiality of the operative events is determined by assessment of the ramifications for efficient conduct of the suit," Myers v. Bennett Law Offices, 238 F.3d at 1075 (quoting Lamont v. Haig, 590 F. 2d 1124, 1134-35 (D.C. Cir. 1978)), and that in a tort action it is relevant to look to the place at which the harms were allegedly suffered by the Plaintiff ii determining where a substantial part of the events giving rise to the claim occurred. Id. at 1076. Based upon SMU's theory of the case, the only place in the Untied States where SMU would have suffered damages from this tortious conduct would be in connection with its student programs in Maine. (See Exhibit A, attached to Affidavit of Vincent F. O'Rourke, Jr.) Moreover, it would be far more judicially efficient to venue this action in either Maine, where SMU theoretically has suffered its damages, or Massachusetts, where SMU now claims many operative activities occurred. Both of these jurisdictions would be far more efficient from the point of view of witnesses and documentary evidence than Nevada, which has little or no contact with the action, the witnesses or the damages alleged. See Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1486 (9th Cir. 1993)(No personal jurisdiction in California over enterprise with worldwide market and no activities directed at California or its residents.)

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

**IV. THIS CORT MUST DISMISS COUNTS II AND III OF PLAINTIFF'S AMEND D COMPLAINT BECAUSE PLAINTIFF, AS A FOREIGN NATIONL, COULD ONLY BRING A LANHAM ACT CLAIM UNDER 15 U.S.C. 1126, WHICH IT ADMITTEDLY HAS NOT DONE.**

SMU is a foreign national, incorporated in the Cayman Islands. (Amended Complaint, 3a.) Contrary to SMU's Contention, SMU may only proceed under Section 1126 (b) and (h) of the Lanham Act', pursuant to which Congress provided a cause of action for foreign nationals. Sections 1126 (b) and (h) extend the protections and remedies of the Lanham Act for unfair competition only to a foreign national whose "country of origin is a party to any convention or treaty relating to ... unfair competition, to which the United States is also a party, or extends reciprocal rights to nationals of the United States by law." 15 U.S.C. § 1126 (b); In Larsen v. Terk Technologies Corp. 151 F.3d 140, 145-46 (4 Cir. 1998), the United States Court of Appeals for the Fourth Circuit ruled that Section 44 of the Lanham Act, 15 U.S.C. §1126:

> extends the protections and remedies of the Lanham Act to any foreign national whose 'country of origin is a party to any convention or treaty relating to trademarks, trade or commercial names, or the repression of unfair competition, to which the United States is also a party, or extends reciprocal rights to nationals of the United States by law.'" 15 U.S.C. § 1126(b), (g), (h). Larsen is entitled to the protections and remedies of the Lanham Act because Denmark and the United States are both parties to the International Convention for the Protection of Industrial Property of 1883 (the Paris Convention), *opened for signature* Mar. 20, 1883, 25 Stat. 1372, T.S. No. 379, as amended at Stockholm, July 14, 1967, 21 U.S.T. 1583,T.I.A.S. No. 6923. See 4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition 29:21, at 29-46, 29-49 (4th ed. 1998).

See also Scotch Whiskey Ass'n v. Majestic Distilling Co., 958 F.2d 594, 597 (4th Cir. 1992)(Section 1126(b) of the Lanham Act gives those persons whose country of origin is a party

---

15 U.S.C. § 1126, also referenced as Section 44 of the Lanham Act, provides that "[a]ny person whose country of origin is a party to the convention ... shall be entitled to benefits [under § 1126] to the extent necessary to give effect to any provision of such convention ..." 15 U.S.C. § 1126(b). 15 U.S.C. § 1126(h) provides that any person covered by § 1 126(b) "shall be entitled to effective protection against unfair competition, and the remedies ... shall be available so far as they may be appropriate in repressing acts of unfair competition."

to a treaty relating to unfir competition those benefits of Section 1126 necessary to give effect to the Treaty).

15 U.S.C. § 1126(h) is intended to provide Lanham Act protection only to a foreign national whose country o origin is party to any convention or treaty relating to the repression of unfair competition and who meets the other requirements set forth in section 1126(b). Larsen, 151 F.3d at 145-46; Pagliero v. Wallace China Co., 198 F.2d 339 (9th Cir. 1952); Stauffer v. Exley, 184 F.2d 962 (9th 1950). After analyzing the legislative history of Section 1126, the United States Court of Appeals for the Third Circuit concluded that the statute clearly limited the circumstances under which a foreign national could bring a Lanham Act claim: " [T]here [would be] no need for such a limited declaration of jurisdiction over unfair competition [claims by foreign nationals] if the Lanham Act had covered ... countless other [situations] in a much broader grant of jurisdiction over all unfair competition in commerce." L'Aiglon Apparel v. Lana Lobel, Inc., 214 F.21649, 654 (3rd Cir. 1954).[2]

Although SMU is a foreign national, SMU acknowledges that it has not alleged a cause of action under 15 U.S.C. §§ 1126(b) and (h). "Importantly, nowhere has the Plaintiff alleged any cause of action under 15 U.S.C. § 1126 as Defendants state and argue in their Motions." (SMU's Opp. at 16.) Under the law, SMU's only potential cause of action under the Lanham Act is under Section 1126.

Having admitted it did not file an action under 15 U.S.C. § 1126, SMU attempts to avoid dismissal by arguing that a foreign national can bring a Lanham Act claim under Section 1 125 because, by its terms, "any person" can bring an action under that statute. ;SMU Opp. at 13.) This argument, however, ignores the definition of "person" set forth in 15 J.S.C. § 1127, which

---

[2] The legislative history of the Lanham Act is set out in detail in L'Aiglon Apparel v. Lana Lobel Inc., 214 F.2d 649, 654 (3rd Cir. 1954).

ALVERSON, TAYLOR

does not include foreign nationals:

> The: term 'person" and any other word or term used to designate the applicant or <u>other entitled to a benefit or privilege</u> or rendered liable under the provisions of this Act includes a juristic person as well as a natural person. The term "juristic person" includes a firm, corporation, union, association, or other organization capable of suing or being sued in a court of law. (Emphasis added.)

The definition of person makes clear that it includes only those "entitled to a benefit or privilege" under the Act. This definition, therefore, must be read in conjunction with Section 1126 which specifically provides the extent to which a foreign national can bring an action under the Lanham Act. As a matter of statutory construction, a foreign national is not a "person" for purposes of Section 1125, as defined in Section 1127, because a foreign national, such as SMU, can bring an action for unfair competition only in accord with the provisions of Section 1126(b) and (h).[3]

Finally, SMU inaccurately contends that courts have uniformly hell that foreign nationals can bring actions under Section 1125. (SMU Opp. at 14.) The cases relied upon by SMU do not support its position.

SMU first cites the case of <u>Noone v. Banner Talent Associates, Inc.</u>, 398 F.Supp. 260 (S.D.N.Y. 1975), in which the court did not ultimately decide this issue. In response to plaintiff's argument that he could bring an action under Section 43(a)[15 U.S.C. § 1125(a)], the defendant argued that the action had to be brought, if at all, under Section 44(b)[15 U.S.C. § 1126(b)]. The District Court avoided ruling on the issue, reasoning: "that although plaintiff frames his claim for relief pursuant to Section 43(a), I would find that the facts would clearly support a claim for relief pursuant to Section 44(b)." 398 F. Supp. at 262 (Emphasis added.)

---

[3] SMU also argues that pursuant to 15 U.S.C. § 1121(a) the district courts have original jurisdiction over causes of action under the Lanham Act regardless of the citizenship of the parties, and, therefore, this establishes that a foreign national can bring an action. This argument lacks merit because this statute merely establishes that a claim under the Lanham Act can be brought in federal district court, if properly pled, based on federal question jurisdiction, regardless of diversity of citizenship. This statute does not expand the substantive scope of the causes of action under the Lanham Act and does not provide SMU with a cause of action.

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

SMU next cites the case of L'Aiglon Apparel, supra, 214 F.2d 649, which in fact supports the Defendants' argument. The L'Aiglon Court addressed in detail the legislative history of Section 1126 and correctly concluded that Section 1126 expressly limits the claim that can be made by a foreign national. 214 F.2d at 654. Indeed, as the Court stated, Section 126 would not exist if Congress intended to give foreign nationals a plenary right to sue under t e Lanham Act. Id. L'Aiglon did not and could not hold that a foreign national can sue under ection 1125, as in that case both the Plaintiff and Defendant were both citizens of the United Stat s. Id.

SMU then cites Scotch Whiskey Ass'n v. Barton Distilling Co., 33 F.Supp. 595 (N.D. Ill. 1971), which also does not support SMU. Though ruling that the Plai iff therein could bring an action under Section 1125(a), the Court did so without any analysis and appears to have avoided ruling on the effect of Section 1126 because it also found that Pla ntiff stated a claim under that statute and asserted jurisdiction under Section 1126. The Cou held, among other things:

> 4. This court has jurisdiction of plaintiffs' claim under the Con ention of Paris for the Protection of Industrial Property, as implemented by 15 U.S.C. 1 26(b), since plaintiffs' claim arises under the Trademark Laws, with jurisdiction being conferred by NK"http://www.westlaw.com/Find/Default.wl?rs=FIPI 1.0&vr 2.0&DB=1000546&DocName=15USCAS1121&FindType=L"15 U.S.C. 1121 and 28 U.S. . 1338(a).
>
> 5. The court has jurisdiction of plaintiffs' claim under the Con ention of Paris for the Protection of Industrial Property, since plaintiffs' claim arises under a treaty of the United States and the value of the matter in controversy is in excess of $10,0 0, exclusive of interest and costs, with jurisdiction being conferred by 28 U.S.C. 1331.

The Scotch Whiskey Court failed to address, much less resolve, the issue of hether SMU is limited to an action under Section 1126, or whether, as claimed by SMU, it ca bring an action under Section 1125.

SMU's reliance on Spartan Chemical Co. v. ATM Enterprises of merica, (Exhibit F to SMU Opp.), is also misplaced. While that Court stated that a foreign natio al could bring an action

under Section 1125, the Court's sole reliance for that proposition was Noone, supra. As discussed above, the Noone Court avoided addressing the issue presented here becau 3e the Court found that Noone had stated a claim under Section 1126(b). Moreover, there is no indication that the defendant in Spartan Chemical raised the issue of the limitations on foreign nationals established by Section 1126(b) and the Spartan Chemical Court did not address that issue.

None of the remaining cases cited by SMU ever mentioned, let alone addressed, Section 1126, and the limitations imposed by that statute on actions brought by foreign nationals. Johnson & Johnson v. Carter-Wallace Inc., 631 F.2d 186 (2d Cir. 1980); West Indian Sea Island Cotton Ass'n Inc. v. Threadtex, Inc., 761 F.Supp. 1041 (S.D.N.Y. 1991); Menendez v. Faber, Coe, & Gregg Inc., 345 F.Supp. 527 (S.D.N.Y. 1972).

**V. SMU'S FIFTH CLAIM FAILS TO STATE A CLAIM OR RELIEF BECAUSE IT FAILS TO ALLEGE ANY CONDUCT IN NEVADA CAUSING DAMAGE TO SMU IN NEVADA OR ANY DAMAGE TO SMU OCCURRING IN NEVADA.**

SMU's Amended Complaint alleges that Defendants violated the Nevada Deceptive Trade Practice Act, NRS 598.0915 (3) (5) (7) (15). Even assuming, as SMU con:ends, that it is appropriate to bring that claim under those provisions rather than under NRS 41.600,[4] SMU's claim must be dismissed because SMU's Amended Complaint fails to allege that any conduct that caused damage to SMU occurred within the State of Nevada or that ary resident of the State of Nevada was injured by the conduct alleged in the Amended Complaint. The Amended Complaint simply alleges that Defendant AAIMG was incorporated in the State of Nevada. All other conduct alleged occurred outside of Nevada, including that the AAIMG website is hosted in Russia and that it is serviced from servers in California. No damage is alleged to have

[4] But see Nevada Power Co. v. Eighth Judicial Dist. Court of Nevada, 102 P.3d 578, 583 n.7 ("NRS Chapter 598 generally provides for a public cause of action for deceptive trade practices. NRS 41.600 ... provides for a private cause of action.")

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

occurred in Nevada. If SMU suffered any damage at all it did so at its operations in Maine and in the Cayman Islands.

The State of Nevada is not a national ombudsman. It may enact laws that regulate conduct that impacts its residents, but "cannot impose punitive sanctions for conduct th at affected other states but had no impact on the ... state or its residents." White v. Ford Motor Co., 312 F.3d 998, 1016 at n.68 and 1018-1020 (9th Cir. 2003).

SMU mistakenly argues that the principles of White v. Ford Motor Co., supra, apply only to a state's power to impose punitive damages on extraterritorial conduct. There is simply no basis on which a state may declare unlawful and subject to damages conduct occurring in another state which has no impact on it or its citizens. To permit such legislation would interfere with the sovereign right of one state to control conduct and economic activities within its borders. See BMW of North America, Inc. v. Gore, 517 U.S. 559, 570 -572 (1996). It is axiomatic that "[n]o State can legislate except with reference to its own jurisdiction....Each State....is independent of all others in this particular." Id. at 571 (quoting Bonaparte v. Appeal Tax Court of Baltimore, 104 U.S. 592, 594 (1881)). Based on this long-es:ablished principle, the BMW Court "imposed a territorial limitation on punitive damages in the interest of federalism. This federalism includes the flexibility for a state to have whatever policy it chooses within constitutional and congressional limits. For that flexibility to exist, no state can be permitted to impose its policies on other states." White v. Ford Motor Co., 312 F.3d at 1014.

Although BMW and White addressed punitive damages, the rationale of each of those decisions makes it clear that it would be unconstitutional for Nevada to enact a statute which prohibits conduct which does not occur within its borders and causes no damage within its

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

borders. For the foregoing reasons the Nevada Deceptive Trade Practice ct should not be construed to apply to this action and SMU's Fifth Claim should be dismiss d in its entirety.

**VI. SMU'S SIXTH CLAIM MUST ALSO BE DISMISSED FOR FAILURE TO ALLEGE A CLAIM FOR RELIEF UN 1 ER THE CALIFORNIA COMPUTER CRIMES ACT.**

SMU maintains that it has properly pled a cause of action under th California Computer Crimes Act ("CCCA") which provides a "civil remedy [for] the owner or ssee of the computer, computer system, computer network, computer program or data who suffe s damage or loss by reason of a violation of any of the provisions of subdivision (c)" of Sectio 502 of the CCCA. However, SMU's Amended Complaint fails to establish that it has standin under this provision because it fails to allege that it is an "owner or lessee of [a] computer, co puter system, computer network, computer program or data who suffers damage or loss y reason of a violation of any of the provisions of subdivision (c)" of Section 502 of th CCCA. Rather, the complaint alleges that Defendants accessed computers owned by Yahoo a d Hotmail, entities not alleged to be affiliated with or represented by SMU. (Amended Complai t, p.15 n.7.)

The Amended Complaint also does not allege that "a loss was suf red by reason of a violation of subdivision (c)" of Section 502. That section sets forth a vari ty of computer-related crimes involving activities such as unauthorized access to computers or c mputer systems and intentional damage or alteration of such systems. While, as SMU claims, alifornia law may recognize computer related causes of action other than under Section 502, those causes of action are not alleged in SMU's Sixth Claim and it must be dismissed.

---

[5] SMU correctly notes that counsel for Defendant cited a since amended provision of the CCCA. Counsel did so in reliance upon a website maintained by the California Bay-Delta Autho ity, an agency of the State of California, and apologizes to the Court for the error.

TAYLOR MORTENSEN LAWYERS 701 WEST CHARLESTON BOULEVARD LAS VEGAS, NEVADA 89117 (702) 384-7000

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

**CONCLUSION**

The Amended Complaint in this matter against David L. Fredrick Should be dismissed pursuant to Fed.R.Civ.P. 12 (b)(2) and Fed.R.Civ.P. 12 (b)(3) because this Court lacks personal jurisdiction over Fredrick and venue is not proper with respect to the claims against him. Alternatively, the Amended Complaint fails to state claims upon which relief can be granted in its Second, Third, Fifth and Sixth Claims and those Claims must be dismissed if this Court retains jurisdiction over Fredrick.

DATED this 20 day of March, 2006.

ALVERSON, TAYLOR,
MORTENSEN & SANDERS

NATHAN R. REINMILLER, ESQ.
Nevada Bar No. 6793
7401 W. Charleston Boulevard
Las Vegas, NV 89117
Tel: (702) 384-7000
Fax: (702) 385-7000
Attorney for Defendants
PATRICIA L. HOUGH, M.D.;
DAVID L. FREDRICK; and
ASSOCIATION OF AMERICAN
INTERNATIONAL MEDIC AL
GRADUATES, INC.

CERTIFICATE OF MAILING

I hereby certify that on this 20 day of March, *2006,* I did deposit in the United States Post Office, with postage fully prepaid thereon, a copy of the above and fo egoing **REPLY OF DAVID** L. **FREDRICK TO PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID L. FREDRICK'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** to:

Mark G. Tratos, Esq.
F. Christopher Austin, Esq.
Ronald D. Green, Jr., Esq.
GREENBERG TRAURIG LLP
*3773* Howard Hughes Pkwy., Ste. SOON
Las Vegas, NV 89109
Attorney for Plaintiff

Karl S. Kronenberger, Esq.
Terri R. Hanley, Esq.
KRONENBERGER & ASSOCIATES
*220* Montgomery St., Ste. 1920
San Francisco, CA 94104
*Attorney for Plaintiff*

An Employee of ALVERSON, TAYLOR, MORTENSEN & SANDERS

N:\bruce.grp\Z-client\I5989\I 5989Reply.Fredrick.MTD Pltfs Amended Complaint.wpd

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD., a Cayman Islands company,

Plaintiff,

vs.

SABA UNIVERSITY SCHOOL OF MEDICINE FOUNDATION, a Netherland-Antilles company; MEDICAL UNIVERSITY OF THE AMERICAS, a St. Kitts & Nevis company; EDUCATION INFORMATION CONSULTANTS, INC., a Massachusetts corporation; EDUCATIONAL INTERNATIONAL CONSULTANTS, LLC, a Massachusetts limited liability company; PATRICIA L. HOUGH, M.D. an individual, and d.b.a. "Saba University School of Medicine"; DAVID L. FREDRICK, an individual; PANKAJ DESAI, M.D., an individual; ASSOCIATION OF AMERICAN INTERNATIONAL MEDICAL GRADUATES, INC., a Nevada corporation, a.k.a. "aaimg@yahoo.com"; THOMAS MOORE, M.D. a.k.a. "presaaimg@hotmail.com" and "cruedoc2004@netzero.net." an individual; SARAH B. WEINSTEIN a.k.a. "execsecaaimg@hotmail.com," an individual; RACHAEL E. SILVER, an individual; and DIEDRE MOORE, an individual,

Defendants.

Case No.: CV-S-05-084 -RCJ(LRL)

**AFFIDAVIT OF VINCENT F. O'ROURKE, JR.**

I, Vincent F. O'Rourke, Jr., being sworn under oath depose and state as follows:

1. I am an attorney licensed to practice in the Commonwealth of Massachusetts.

2. I represent the defendant David L. Fredrick in this matter.

3. Attached hereto as Exhibit A are true and accurate copies of pages which appeared on the website of plaintiff, St. Matthew's University on March 10, 2006.

4. This attachment describes the Concurrent Degree Program maintained between St. Joseph's College of Maine and St. Matthew's University.

5. The fourth page of the attachment advises "You complete fourth and fifth semesters of your St. Matthew's MD program in Maine, a state known for its hospitality, recreation and breathtaking beauty during all four seasons. And you can easily have your family living with you while completing your coursework in Maine."

Signed under the pains and penalties of perjury this 16th day of March, 2006.

Vincent F. O'Rourke, Jr.

# EXHIBIT A



St. Matthews University Dual Degree Program, St. Joseph's College of Maine, Caribbean Medical Schoo... Page 1 of 1

ST. MATTHEW'S ... OF MEDICINE

Home | Mission | Admissions | Curriculum | Financial Aid | Applications | Tuition & Fees | Forum | School of Veterinary

- Catalog
- Catalog Request
- Concurrent Degree Program
- Credentials
- Curriculum
- European Student Information
- Financial Aid
- Immigration
- Preview SMU
- Residence Hall
- Student Affairs
- Student Life
- Search
- Contact Us

# Concurrent Degree Program

Page I. of ]

## Saint Joseph's College of Maine

Through an affiliation with St. Joseph's College of Maine, St. Matthew's students can earn a Maste of Science in Health Services Administration (MSHSA) degree from SJC while they are completing the Doctor of Medicine (M.D.) degree with SMU.

The MSHSA program is a wonderful complement to the medical degree. Training covers U.S. heal care systems, organizational theory and behavior, health services admin stration, health care financial management, research methods, management information systems, ethical and legal perspectives, strategic management, health policy and politics, and three electives. Students who enroll in both programs gain invaluable skills to deal with managed health care in the United State

Saint Joseph's College of Maine was founded by the Sisters of Mercy in 1912 and is accredited by tl New England Association of Schools and Colleges. The 331-acre campus is 18 miles from Portland Maine, on the shores of Sebago Lake. Information about Saint Joseph's College of Maine can be found at www.sjcme.edu/smu or by contacting Ann L. Jalbert in the Sair t Joseph's College, Divisi of Graduate and Professional Studies Admissions office:

Telephone: 1-207-893-7761 or 1-800-752-4723 (US)
Fax: 1-207-892-7480
E-mail: ajalbert@sjcme.edu

**Click here for more information on the Concurrent Degree Program.**

http://www.stmatthews.edu/SMUsjcm.html







*The* [illegible] *is* [illegible] *in the* [illegible] *industry for* [illegible]

• [illegible]

[illegible]

• [illegible]

• [illegible] million [illegible] in [illegible]

• [illegible]

## Program background

- [illegible]
- [illegible]
- [illegible]
- [illegible]
- [illegible]

- The [illegible] in [illegible]

- [illegible] hull [illegible]

- [illegible]

- It [illegible] it, Ind [illegible] air

- [illegible] "Au [illegible] In [illegible]

- [illegible] of [illegible]

[illegible]

- [illegible]

Curriculum

[illegible]

[illegible] 15 [illegible]

- [illegible]
- [illegible]
- [illegible]
- [illegible]
- [illegible]
- [illegible]
- [illegible]
- [illegible]
- [illegible]
- [illegible]
- [illegible]
- [illegible]
- [illegible]

[illegible]

- [illegible]

[illegible]

- [illegible]



[illegible]

- [illegible]

- [illegible]

[illegible]

## An affordable in[illegible]

[illegible] and deter [illegible] the [illegible]

[illegible] *lot* [illegible] *it* [illegible]

## Admissions Requirements and Process

[illegible] into [illegible] lee [illegible] Live completed [illegible] an [illegible] (or 11.1\c [illegible] a [illegible] student [illegible] *St.* [illegible] c'edits, [illegible] it will he [illegible] St. [illegible]

- An [illegible]



[illegible]

[illegible] into [illegible] in [illegible] ices [illegible] (Allier [illegible]

*It* [illegible] *the* [illegible] *Inputs.* [illegible] summer, [illegible] in June [illegible]

| Session | [illegible] | Course / [illegible] | [illegible] |
|---|---|---|---|
| [illegible] | [illegible] | [illegible] | [illegible] |
| *2nd* [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | |
| Total | | | 42 |

[illegible] *of* [illegible] is [illegible] the New England [illegible] Colleges

[illegible]

- [illegible] College [illegible]
- [illegible]
- [illegible]
- The [illegible]
- [illegible]
- [illegible] Suite [illegible] *it* [illegible]
- [illegible]

Saint Joseph's College of Maine
[illegible] & [illegible]
[illegible] Whites [illegible]
[illegible] O 4

[illegible]
[illegible]

[illegible]
[illegible]





