NATHAN R. REINMILLER, ESQ.
Nevada Bar No. 6793
ALVERSON, TAYLOR,
MORTENSEN & SANDERS
7401 W. Charleston Boulevard
Las Vegas, NV 89117
Tel: (702) 384-7000
Fax: (702) 385-7000
Attorney for Defendants
PATRICIA L. HOUGH, M.D.;
DAVID L. FREDRICK; and
ASSOCIATION OF AMERICAN
INTERNATIONAL MEDICAL
GRADUATES, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD., a Cayman Islands company,

Plaintiff,

v.

SABA UNIVERSITY SCHOOL OF MEDICINE FOUNDATION, a Netherland-Antilles company; MEDICAL UNIVERSITY OF THE AMERICAS, a St. Kitts & Nevis company; EDUCATION INFORMATION CONSULTANTS, INC., a Massachusetts corporation; EDUCATIONAL INTERNATIONAL CONSULTANTS, LLC, a Massachusetts limited liability company; PATRICIA L. HOUGH, M.D., an individual, and d.b.a. "Saba University School of Medicine"; DAVID L. FREDRICK, an individual; PANKAJ DESAI, M.D., an individual; ASSOCIATION OF AMERICAN INTERNATIONAL MEDICAL GRADUATES, INC., a Nevada corporation, a.k.a. "[illegible]@yahoo.com"; THOMAS MOORE, M.D. a.k.a. "[illegible]@hotmail.com" and "[illegible]"; an individual; SARAH B. WEINSTEIN a.k.a. "[illegible]@hotmail.com"; an individual; RACHAEL E. SILVER, an individual; and DIEDRE MOORE, an individual,

Defendants.

Case No.: CV-S-05-0848 RCJ (LRL)

**REPLY OF PATRICIA L. HOUGH AND THE ASSOCIATION OF AMERICAN INTERNATIONAL MEDICAL GRADUATES TO PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID L. FREDRICK'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 W. CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

**REPLY OF PATRICIA L. HOUGH AND THE ASSOCIATION OF AMERICAN INTERNATIONAL MEDICAL GRADUATES TO PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID L. FREDRICK'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants Patricia L. Hough ("Hough") and the Association of American International Medical Graduates ("AAIMG") file this Memorandum in Reply to the Consolidated Opposition to Fredrick's Motion to Dismiss Plaintiff's Amended Complaint filed by Plaintiff St. Matthew's University ("SMU").

I.   **SUMMARY OF ARGUMENT.**

SMU's Opposition fails to establish its right to pursue its Second and Third Claim under the Lanham Act. As a foreign entity, SMU may only pursue a claim under the Lanham Act if it has such rights under a convention or treaty relating to unfair competition. Section 44 of the Lanham Act codifies Congress' determination that there is no reason for the United States to afford a citizen of a foreign country such rights if citizens of the United States are not accorded such rights by a treaty with that foreign country. SMU's Amended Complaint fails to allege and SMU has failed to put forward any such treaty, and for these reasons its Second and Third Claims must be dismissed.

SMU's Fifth Claim fails to state a claim for relief under the Nevada Deceptive Trade Practice Act because the Amended Complaint fails to allege any deceptive acts causing damage in Nevada or to its residents and may not be constitutionally construed to reach conduct and damages occurring outside of Nevada.

Similarly, SMU's Sixth Claim must be dismissed because it fails to allege that SMU has standing under the California Computer Crimes Act or that it has suffered any loss in California or elsewhere as a result of any conduct prohibited by that statute.

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

**H. PLAINTIFF'S CLAIMS MUST BE DISMISSED PURSUANT TO FED.R.CIV.P. 12(B)(3) BECAUSE VENUE DOES NOT LIE IN THE DISTRICT OF NEVADA.**

SMU claims that venue is appropriate because Nevada claimed to be "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred" and Nevada is claimed to be the only district in the United States where venue would be appropriate at the time this action was filed. (Consolidated Opposition To Defendant David L. Fredrick's Motion to Dismiss ("SMU Opp.") at 11.) SMU's position is inaccurate in both respects. The Amended Complaint alleges one act that occurred in the State of Nevada - the forma:ion of AAIMG. The Amended Complaint does not claim that any of the statements on the AAIMG website or made in the AAIMG emails which are claimed to have caused SMU injury have anything to do with Nevada. Rather, it alleges that the offending website was housed in Russia (Amended Complaint, ¶6) and that the offending emails emanated from servers housed in California. (Amended Complaint, p.15 n.7.) Thus, the Amended Complaint, on its face, makes it abundantly clear that Nevada is not "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. 1391(b)(2).

In Myers v. Bennett Law Offices, 238 F.3d 1068 (9 Cir. 2001), the Ninth Circuit recognized that, in construing 28 U.S.C. 1391(b)(2), the "substantiality of the operative events is determined by assessment of the ramifications for efficient conduct of the suit," Myers v. Bennett Law Offices, 238 F.3d at 1075 (quoting Lamont v. Haig, 590 F. 2d 1124, 1134-35 (D.C. Cir. 1978)), and that in a tort action it is relevant to look to the place at which the harms were allegedly suffered by the Plaintiff in determining where a substantial part of the events giving rise to the claim occurred. Id. at 1076. Based upon SMU's theory of the case, the only place in the Untied States where SMU would have suffered damages from this tort ous conduct would be in connection with its student programs in Maine. (See Exhibit A, attache] to Affidavit of

Vincent F. O'Rourke, Jr.) Moreover, it would be far more judicially efficient to venue this action in either Maine, where SMU theoretically has suffered its damages, or Massachusetts, where SMU now claims many operative activities occurred. Both of these jurisdictions would be far more efficient from the point of view of witnesses and documentary evidence than Nevada, which has little or no contact with the action, the witnesses or the damages alleged. See Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482, 1486 (9 Cir. 1993)(No personal jurisdiction in California over enterprise with worldwide market and no activities directed at California or its residents.)

**III. THIS COURT MUST DISMISS COUNTS II AND III OF PLAINTIFF'S AMENDED COMPLAINT BECAUSE PLAINTIFF, AS A FOREIGN NATIONAL, COULD ONLY BRING A LANHAM ACT CLAIM UNDER 15 U.S.C. § 1126, WHICH IT ADMITTEDLY HAS NOT DONE.**

SMU is a foreign national, incorporated in the Cayman Islands. (Amended Complaint, ¶ 3a.) Contrary to SMU's contention, SMU may only proceed under Section 1126 (b) and (h) of the Lanham Act,[1] pursuant to which Congress provided a cause of action for foreign nationals. Sections 1126 (b) and (h) extend the protections and remedies of the Lanham Act for unfair competition only to a foreign national whose "country of origin is a party to any convention or treaty relating to ... unfair competition, to which the United States is also a party, or extends reciprocal rights to nationals of the United States by law." 15 U.S.C. § 1126 (b); In Larsen v. Terk Technologies Corp., 151 F.3d 140, 145-46 (4th Cir. 1998), the United States Court of Appeals for the Fourth Circuit ruled that Section 44 of the Lanham Act, 15 U.S.C. §1126:

> extends the protections and remedies of the Lanham Act to any foreign national whose 'country of origin is a party to any convention or treaty relating to

[1] 15 U.S.C. § 1126, also referenced as Section 44 of the Lanham Act, provides that "[a]ny person whose country of origin is a party to the convention ... shall be entitled to benefits [under § 1126] to the extent necessary to give effect to any provision of such convention ..." 15 U.S.C. § 1126(6). 15 U.S.C. § 1126(h) provides that any person covered by § 1126(b) "shall be entitled to effective protection against unfair competition, and the remedies ... shall be available so far as they may be appropriate in repressing acts of unfair competition."

trademarks, trade or commercial names, or the repression of unfair competition, to which the United States is also a party, or extends reciprocal rights to nationals of the United States by law.'" 15 U.S.C. § 1126(b), (g), (h). Larsen is entitled to the protections and remedies of the Lanham Act because Denmark and the United States are both parties to the International Convention for the Protection of Industrial Property of 1883 (the Paris Convention), *opened for signature* Mar. 20, 1883, 25 Stat. 1372, T.S. No. 379, as amended at Stockholm, July 14, 1967, 21 U.S.T. 1583, T.I.A.S. No. 6923. See 4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 29:21, at 29-46, 29-49 (4th ed. 1998).

See also Scotch Whiskey Ass'n v. Majestic Distilling Co., 958 F.2d 594, 597 ( Cir. 1992)(Section 1126(b) of the Lanham Act gives those persons whose country of origin is a party to a treaty relating to unfair competition those benefits of Section 1126 necessary to give effect to the Treaty).

15 U.S.C. § 1126(h) is intended to provide Lanham Act protection only to a foreign national whose country of origin is party to any convention or treaty relating to the repression of unfair competition and who meets the other requirements set forth in section 1126(b). Larsen, 151 F.3d at 145-46; Pagliero v. Wallace China Co., 198 F.2d 339 (9th Cir. 1952); Stauffer v. Exley, 184 F.2d 962 (9 Cir. 1950). After analyzing the legislative history of Section 1126, the United States Court of Appeals for the Third Circuit concluded that the statute clearly limited the circumstances under which a foreign national could bring a Lanham At claim: " [T]here [would be] no need for such a limited declaration of jurisdiction over unfair competition [claims by foreign nationals] if the Lanham Act had covered ... countless other [situations] in a much broader grant of jurisdiction over all unfair competition in commerce." L'Aiglon Apparel v. Lana Lobel, Inc., 214 F.2d 649, 654 (3rd Cir. 1954).[2]

Although SMU is a foreign national, SMU acknowledges that it has not alleged a cause of action under 15 U.S.C. §§ 1126(b) and (h). "Importantly, nowhere has :he Plaintiff alleged

[2] The legislative history of the Lanham Act is set out in detail in L'Aiglon Apparel v. Lana Lobel, Inc., 214 F.2d. 649, 654 (3rd Cir. 1954).

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

any cause of action under 15 U.S.C. § 1126 as Defendants state and argue in their Motions." (SMU's Opp. at 16.) Under the law, SMU's only potential cause of action under the Lanham Act is under Section 1126.

Having admitted it did not file an action under 15 U.S.C. § 1126, SMU attempts to avoid dismissal by arguing that a foreign national can bring a Lanham Act claim under Section 1125 because, by its terms, "any person" can bring an action under that statute. (SMU Opp. at 13.) This argument, however, ignores the definition of "person" set forth in 15 U.S.C. § 1127, which does not include foreign nationals:

> The: term 'person" and any other word or term used to designate the applicant or other entitled to a benefit or privilege or rendered liable under the provisions of this Act includes a juristic person as well as a natural person. The term "juristic person" includes a firm, corporation, union, association, or other organization capable of suing or being sued in a court of law. (Emphasis added.)

The definition of person makes clear that it includes only those "entitled to a benefit or privilege" under the Act. This definition, therefore, must be read in conjunction with Section 1126 which specifically provides the extent to which a foreign national can bring an action under the Lanham Act. As a matter of statutory construction, a foreign national is not a "person" for purposes of Section 1125, as defined in Section 1127, because a foreign national, such as SMU, can bring an action for unfair competition only in accord with the provisions of Section 1126(b) and (h).[3]

Finally, SMU inaccurately contends that courts have uniformly held that foreign nationals can bring actions under Section 1125. (SMU Opp. at 14.) The cases relied upon by SMU do not support its position.

[3] SMU also argues that pursuant to 15 U.S.C. § 1121(a) the district courts have original jurisdiction over causes of action under the Lanham Act regardless of the citizenship of the parties, and, therefore, this establishes that a foreign national can bring an action. This argument lacks merit because this statute merely establishes that a claim under the Lanham Act can be brought in federal district court, if properly pled, based on federal question jurisdiction, regardless of diversity of citizenship. This statute does not expand the substantive scope of the causes of action under the Lanham Act and does not provide SMU with a cause of action.

SMU first cites the case of Noone v. Banner Talent Associates, Inc., 398 F.Supp. 260 (S.D.N.Y. 1975), in which the court did not ultimately decide this issue. In response to plaintiff's argument that he could bring an action under Section 43(a)[15 U.S.C. § 1125(a)], the defendant argued that the action had to be brought, if at all, under Section 44(b)[15 U.S.C. § 1126(b)]. The District Court avoided ruling on the issue, reasoning: "that although plaintiff frames his claim for relief pursuant to Section 43(a), I would find that the facts would clearly support a claim for relief pursuant to Section 44(b)." 398 F. Supp. at 262 (Emphasis added.)

SMU next cites the case of L'Aiglon Apparel, supra, 214 F.2d 649, which in fact supports the Defendants' argument. The L'Aiglon Court addressed in detail the legislative history of Section 1126 and correctly concluded that Section 1126 expressly limits the claims that can be made by a foreign national. 214 F.2d at 654. Indeed, as the Court stated, Section 1126 would not exist if Congress intended to give foreign nationals a plenary right to sue under the Lanham Act. W. L'Aiglon did not and could not hold that a foreign national can sue under Section 1125, as in that case both the Plaintiff and Defendant were both citizens of the United States. Id.

SMU then cites Scotch Whiskey Ass'n v. Barton Distilling Co., 338 F.Supp. 595 (N.D. Ill. 1971), which also does not support SMU. Though ruling that the Plaintiff therein could bring an action under Section 1125(a), the Court did so without any analysis and appears to have avoided ruling on the effect of Section 1126 because it also found that Plaintiff stated a claim under that statute and asserted jurisdiction under Section 1126. The Court held, among other things:

> 4. This court has jurisdiction of plaintiffs' claim under the Convention of Paris for the Protection of Industrial Property, as implemented by 15 U.S.C. 1 26(b), since plaintiffs' claim arises under the Trademark Laws, with jurisdiction being conferred by 15 U.S.C. 1 121 and 28 U.S.C. 1338(a).
>
> 5. The court has jurisdiction of plaintiffs' claim under the Convention of Paris for the Protection of Industrial Property, since plaintiffs' claim arises under a treaty of the United

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

States and the value of the matter in controversy is in excess of $10,000, exclusive of interest and costs, with jurisdiction being conferred by 28 U.S.C. 133 1.

The Scotch Whiskey Court failed to address, much less resolve, the issue of whether SMU is limited to an action under Section 1126, or whether, as claimed by SMU, it can bring an action under Section 1125.

SMU's reliance on Spartan Chemical Co. v. ATM Enterprises of America, (Exhibit F to SMU Opp.), is also misplaced. While that Court stated that a foreign national could bring an action under Section 1125, the Court's sole reliance for that proposition was Noone, supra. As discussed above, the Noone Court avoided addressing the issue presented here beca se the Court found that Noone had stated a claim under Section 1126(b). Moreover, there is no indication that the defendant in Spartan Chemical raised the issue of the limitations on foreign nationals established by Section 1126(b) and the Spartan Chemical Court did not address that issue.

None of the remaining cases cited by SMU ever mentioned, let alone addressed, Section 1126, and the limitations imposed by that statute on actions brought by foreign nationals. Johnson & Johnson v. Carter-Wallace Inc., 631 F.2d 186 (2d Cir. 1980); West Indian Sea Island Cotton Ass'n Inc. v. Threadtex, Inc., 761 F.Supp. 1041 (S.D.N.Y. 1991); Menendez v. Faber, Coe, & Gregg Inc., 345 F.Supp. 527 (S.D.N.Y. 1972).

## IV. SMU'S FIFTH CLAIM FAILS TO STATE A CLAIM FOR RELIEF BECAUSE IT FAILS TO ALLEGE ANY CONDUCT IN NEVADA CAUSING DAMAGE TO SMU IN NEVADA OR ANY DAMAGE TO SMU OCCURRING IN NEVADA.

SMU's Amended Complaint alleges that Defendants violated the Nevada Deceptive Trade Practice Act, NRS 598.0915 (3) (5) (7) (15). Even assuming, as SMU contends, that it is appropriate to bring that claim under those provisions rather than under NRS 41.600[4], SMU's

[4] But see Nevada Power Co. v. Eighth Judicial Dist. Court of Nevada, 102 P.3d .578, 583 n.7 ("NRS Chapter 598 generally provides for a public cause of action for deceptive trade practices. NRS 41.600 ... provides for a private cause of action.")

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

claim must be dismissed because SMU's Amended Complaint fails to allege that any conduct that caused damage to SMU occurred within the State of Nevada or that ary resident of the State of Nevada was injured by the conduct alleged in the Amended Complaint. The Amended Complaint simply alleges that Defendant AAIMG was incorporated in the State of Nevada. All other conduct alleged occurred outside of Nevada, including that the AAIMG website is hosted in Russia and that it is serviced from servers in California. No damage is alleged to have occurred in Nevada. If SMU suffered any damage at all it did so at its operations in Maine and in the Cayman Islands.

The State of Nevada is not a national ombudsman. It may enact laws that regulate conduct that impacts its residents, but "cannot impose punitive sanctions for conduct that affected other states but had no impact on the ... state or its residents." Write v. Ford Motor Co., 312 F.3d 998, 1016 at n.68 and 1018-1020 (9th Cir. 2003).

SMU mistakenly argues that the principles of White v. Ford Motor Co., supra, apply only to a state's power to impose punitive damages on extraterritorial conduct. There is simply no basis on which a state may declare unlawful and subject to damages conduct occurring in another state which has no impact on it or its citizens. To permit such legislation would interfere with the sovereign right of one state to control conduct and economic activities within its borders. See BMW of North America, Inc. v. Gore, 517 U.S. 559, 570 -572 (1996). It is axiomatic that "[n]o State can legislate except with reference to its own jurisdiction....Each State....is independent of all others in this particular." Id. at 571 (quoting Bonaparte v. Appeal Tax Court of Baltimore, 104 U.S. 592, 594 (1881)). Based on this long-established principle, the BMW Court "imposed a territorial limitation on punitive damages in the interest of federalism. This federalism includes the flexibility for a state to have whatever policy it chooses within

constitutional and congressional limits. For that flexibility to exist, no state can be permitted to impose its policies on other states." White v. Ford Motor Co., 312 F.3d at 1014.

Although BMW and White addressed punitive damages, the rationale of each of those decisions makes it clear that it would be unconstitutional for Nevada to enact a statute which prohibits conduct which does not occur within its borders and causes no damage within its borders. For the foregoing reasons the Nevada Deceptive Trade Practice Act should not be construed to apply to this action and SMU's Fifth Claim should be dismissed in its entirety.

## V. SMU'S SIXTH CLAIM MUST ALSO BE DISMISSED FOR FAILURE TO ALLEGE A CLAIM FOR RELIEF UNDER THE CALIFORNIA COMPUTER CRIMES ACT.

SMU maintains that it has properly pled a cause of action under the California Computer Crimes Act ("CCCA") which provides a "civil remedy [for] the owner or lessee of the computer, computer system, computer network, computer program or data who suffers damage or loss by reason of a violation of any of the provisions of subdivision (c)" of Section 502 of the CCCA. However, SMU's Amended Complaint fails to establish that it has standing under this provision because it fails to allege that it is an "owner or lessee of [a] computer, computer system, computer network, computer program or data who suffers damage or loss by reason of a violation of any of the provisions of subdivision (c)" of Section 502 of the CCCA. Rather, the complaint alleges that Defendants accessed computers owned by Yahoo and Hotmail, entities not alleged to be affiliated with or represented by SMU. (Amended Complaint, p.15 n.7.)

The Amended Complaint also does not allege that "a loss was suffered by reason of a violation of subdivision (c)" of Section 502. That section sets forth a variety of computer-related crimes involving activities such as unauthorized access to computers or computer systems and

[5] SMU correctly notes that counsel for Defendant cited a since amended provision of the CCCA. Counsel did so in reliance upon a website maintained by the California Bay-Delta Authority, an agency of the State of California, and apologizes to the Court for the error.

intentional damage or alteration of such systems. While, as SMU claims, California law may recognize computer related causes of action other than under Section 502, :hose causes of action are not alleged in SMU's Sixth Claim and it must be dismissed.

## CONCLUSION

The Amended Complaint in this matter against Patricia L. Hough and the Association of American International Medical Graduates should be dismissed because venue is improper with respect to them and because the Amended Complaint fails to state claims upon which relief can be granted in its Second, Third, Fifth and Sixth Claims and those Claims must be dismissed if this Court retains jurisdiction over Patricia L. Hough and the Association of American International Medical Graduates.

DATED this 20 day of March, 2006.

ALVERSON, TAYLOR,
MORTENSEN & SANDERS

NATHAN R. REINMILLER, ESQ.
Nevada Bar No. 6793
7401 W. Charleston Boulevard
Las Vegas, NV 89117
Tel: (702) 384-7000
Fax: (702) 385-7000
Attorney for Defendants
PATRICIA L. HOUGH, M.D.;
DAVID L. FREDRICK; and
ASSOCIATION OF AMERICAN
INTERNATIONAL MEDICAL
GRADUATES, INC.

CERTIFICATE OF MAILING

I hereby certify that on this 20 day of March, 2006, I did deposit in the United States Post Office, with postage fully prepaid thereon, a copy of the above and foregoing **REPLY OF PATRICIA L. HOUGH AND THE ASSOCIATION OF AMERICAN INTERNATIONAL MEDICAL GRADUATES TO PLAINTIFF'S OPPOSITION TO DEFENDANT DAVID L. FREDRICK'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** to:

Mark G. Tratos, Esq.
F. Christopher Austin, Esq.
Ronald D. Green, Jr., Esq.
GREENBERG TRAURIG LLP
3773 Howard Hughes Pkwy., Ste. SOON
Las Vegas, NV 89109
Attorney for Plaintiff

Karl S. Kronenberger, Esq.
Terri R. Hanley, Esq.
KRONENBERGER & ASSOCIATES
220 Montgomery St., Ste. 1920
San Francisco, CA 94104
*Attorney for Plaintiff*

An Employee of ALVERSON, TAYLOR, MORTENSEN & SANDERS

N:\...\Reply Hough ... MTD Pltfs Amended Complaint.wpd

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD., a Cayman Islands company,

Plaintiff,

vs.

SABA UNIVERSITY SCHOOL OF MEDICINE FOUNDATION, a Netherland-Antilles company; MEDICAL UNIVERSITY OF THE AMERICAS, a St. Kitts & Nevis company; EDUCATION INFORMATION CONSULTANTS, INC., a Massachusetts corporation; EDUCATIONAL INTERNATIONAL CONSULTANTS, LLC, a Massachusetts limited liability company; PATRICIA L. HOUGH, M.D. an individual, and d.b.a. "Saba University School of Medicine"; DAVID L. FREDRICK, an individual; PANKAJ DESAI, M.D., an individual; ASSOCIATION OF AMERICAN INTERNATIONAL MEDICAL GRADUATES, INC., a Nevada corporation, a.k.a. "iaimg@yahoo.com"; THOMAS MOORE, M.D. a.k.a. "pressaimg@hotmail.com" and "cruzdoc2004@netzero.net," an individual; SARAH B. WEINSTEIN a.k.a. "execsecaimg@hotmail.com," an individual; RACHAEL E. SILVER, an individual; and DIEDRE MOORE, an individual,

Defendants.

Case No.: CV-S-05-0848-RCJ(LRL)

**AFFIDAVIT OF VINCENT F. O'ROURKE, JR.**

I, Vincent F. O'Rourke, Jr., being sworn under oath depose and state as follows:

1. I am an attorney licensed to practice in the Commonwealth of Massachusetts.

2. I represent the defendant Patricia L. Hough in this matter.

3. Attached hereto as Exhibit A are true and accurate copies of pages which appeared on the website of plaintiff, St. Matthew's University on March 10, 2006.

4. This attachment describes the Concurrent Degree Program maintained between St. Joseph's College of Maine and St. Matthew's University.

5. The fourth page of the attachment advises "You complete fourth and fifth semesters of your St. Matthew's MD program in Maine, a state known for its hospitality, recreation and breathtaking beauty during all four seasons. And you can easily have your family living with you while completing your coursework in Maine."

Signed under the pains and penalties of perjury this 16 day of March, 2006.

O'Rourke

Vincent F. O'Rourke, Jr.



# EXHIBIT A

Home | Mission | Admissions | Curriculum | Financial Aid | Applications | Tuition & Fees | Forum | School of Veterinar

- Catalog
- Catalog Request
- Concurrent Degree Program
- Credentials
- Curriculum
- European Student Information
- Financial Aid
- Immigration
- Preview SMU
- Residence Hall
- Student Affairs
- Student Life
- Search
- Contact Us

# Concurrent Degree Program

## Saint Joseph's College of Maine

Through an affiliation with St. Joseph's College of Maine, St. Matthew's students can earn a Maste of Science in Health Services Administration (MSHSA) degree from SJC while they are completing the Doctor of Medicine (M.D.) degree with SMU.

The MSHSA program is a wonderful complement to the medical degree. Training covers U.S. heal care systems, organizational theory and behavior, health services administration, health care financial management, research methods, management information systems, ethical and legal perspectives, strategic management, health policy and politics, and three electives. Students who enroll in both programs gain invaluable skills to deal with managed health care in the United Stat

Saint Joseph's College of Maine was founded by the Sisters of Mercy in 1912 and is accredited by t New England Association of Schools and Colleges. The 331-acre campus is 18 miles from Portland Maine, on the shores of Sebago Lake. Information about Saint Joseph's College of Maine can be found at www.sjcme.edu/smu or by contacting Ann L. Jalbert in the Saint Joseph's College, Divisi of Graduate and Professional Studies Admissions office:

Telephone: 1-207-893-7761 or 1-800-752-4723 (US)
Fax: 1-207-892-7480
E-mail: ajalbert@sjcme.edu

**Click here for more information on the Concurrent Degree Program.**

## Program Background

- [illegible]

- [illegible]

- [illegible]

- [illegible]

- The [illegible]

Looking at this, the page is largely a black/illegible scanned image with fragmentary unreadable text.

Curriculum

Program requirements

Admissions Requir[illegible] and Process

| Session | Location | Courses / Activity |
| --- | --- | --- |
| Total | | 42 |

Schools

[illegible]

The image shows a scanned/distorted seal that is mostly illegible. The header at the top is the case caption.

Saint Joseph's College of Maine
Master in Health Services Administration