NATHAN R. REINMILLER, ESQ.
Nevada Bar No. 6793
ALVERSON, TAYLOR,
MORTENSEN & SANDERS
7401 W. Charleston Boulevard
Las Vegas, NV 89117
Tel: (702) 384-7000
Fax: (702) 385-7000
Attorney for Defendants
PATRICIA L. HOUGH, M.D.;
DAVID L. FREDRICK; and
ASSOCIATION OF AMERICAN
INTERNATIONAL MEDICAL
GRADUATES, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD., a Cayman Islands company,<br><br>Plaintiff,<br><br>v.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE FOUNDATION, a Netherland-Antilles company; MEDICAL UNIVERSITY OF THE AMERICAS, a St. Kitts & Nevis company; EDUCATION INFORMATION CONSULTANTS, INC., a Massachusetts corporation; EDUCATIONAL INTERNATIONAL CONSULTANTS, LLC, a Massachusetts limited liability company; PATRICIA L. HOUGH, M.D., an individual, and d.b.a. "Saba University School of Medicine"; DAVID L. FREDRICK, an individual; PANKAJ DESAI, M.D., an individual; ASSOCIATION OF AMERICAN INTERNATIONAL MEDICAL GRAUDATES, INC., a Nevada corporation, a.k.a. "aaimg@yahoo.com"; THOMAS MOORE, M.D. a.k.a. "presaaimg@hotmail.com" and "crocdoc2004@netzero.net," an individual; SARAH B. WEINSTEIN a.k.a. "execsecaaimg@hotmail.com,: an individual; RACHAEL E. SILVER, an individual; and DIEDRE MOORE, an individual,<br><br>Defendants. | Case No.:   CV-S-05-0848-RCJ (LRL)<br><br>**DEFENDANT PANKAJ DESAI'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; AFFIDAVITS OF VINCENT F. O'ROURKE, JR. AND PANKAJ DESAI, M.D.** |

## DEFENDANT PANKAJ DESAI'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant Pankaj Desai ("Desai") moves pursuant to Fed.R.Civ.P. 12(b)(2) to dismiss this matter on the grounds that this Court lacks personal jurisdiction over Plaintiff. In the alternative, Defendant moves to dismiss based on Fed.R.Civ.P. 12(b)(3) as venue is improper. Furthermore, Desai moves pursuant to Fed.R.Civ.P. 12(b)(6) for the dismissal of the Second, Third, Fifth and Sixth claims of Plaintiff's Amended Complaint on the grounds that the allegations of the Second, Third, Fifth and Sixth claims fail to state claims upon which relief may be granted.

In support of this Motion, Defendant Desai relies upon his Affidavit and the Memorandum of Law which are being filed in support of his Motion to Dismiss Plaintiff's Complaint.

## ISSUES PRESENTED

I. THIS COURT LACKS PERSONAL JURISICTION OVER DEFENDANT DESAI.

II. PLAINTIFF'S CLAIMS MUST BE DISMISSED PURSUANT TO FED.R.CIV.P. 12(b)(3) ON THE GROUND THAT VENUE DOES NOT LIE IN THE DISTRICT OF NEVADA.

III. PLAINTIFF'S SECOND AND THIRD CLAIMS UNDER THE LANHAM ACT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER 15 U.S.C. § 1126(b) & (h).

IV. PLAINTIFF'S FIFTH CLAIM FAILS TO STATE A CLAIM FOR RELIEF UNDER THE NEVADA DECEPTIVE TRADE PRACTICE ACT.

V. PLAINTIFF'S SIXTH CLAIM FAILS TO STATE A CLAIM FOR RELIEF UNDER THE CALIFORNIA COMPUTER CRIMES ACT.

## BACKGROUND

The Amended Complaint in this matter alleges that the Defendants named in the Amended Complaint jointly engaged in a conspiracy to injure the reputation of Plaintiff St. Matthew's University ("SMU"), a Cayman Island British West Indies Corporation, by making fraudulent and defamatory statements on a web site allegedly maintained by Defendant Association of American International Medical Graduates, Inc. ("AAIMG") in Russia. Plaintiff's Amended Complaint (made solely "on information and belief") makes no specific allegation of any statement or act of wrongdoing by Desai, who is allegedly a member of the board of trustees of Defendant SABA University. (Amended Complaint, ¶ 3g.) Nor does the Amended Complaint allege that Desai has

2

any personal connection with the State of Nevada. Rather, the Amended Complaint alleges that Desai is responsible for actions and statements allegedly taken by Defendants Thomas Moore, M.D. ("Moore"), Sarah B. Weinstein ("Weinstein") and Rachael E. Silver ("Silver") in establishing Defendant AAIMG in Nevada (Amended Complaint, ¶¶ 12, 65-67) and for information posted on AAIMG's website which has a domain name hosted in Russia (Amended Complaint, ¶ 62) and an e-mail address with its server in California (Amended Complaint, p. 15 n.7).

Desai is a resident of Maryland and denies that he has ever done business in Nevada and denies that he in any way participated in the formation and/or maintenance of AAIMG's corporate existence in Nevada or any other activities alleged in the Amended Complaint. (Affidavit of Pankaj Desai, M.D. ("Desai Aff.") at ¶¶ 2-7.) Consistent with that denial, the Amended Complaint totally fails to allege any specific actions claimed to have been taken by Desai in Nevada or elsewhere in furtherance of the alleged actions of Moore, Weinstein, Silver, AAIMG or any other defendant. Thus, there is no legitimate basis for SMU to request this Court to exercise personal jurisdiction over Desai in Nevada.

## SUMMARY OF ARGUMENT

SMU has failed to carry its burden of establishing that this Court has personal jurisdiction or venue over Desai. The unsworn allegations of the Amended Complaint do not in any way rebut Desai's sworn denial that he participated in the matters complained of in the Amended Complaint in Nevada or elsewhere.

SMU's Opposition also fails to establish its right to pursue its Second and Third Claim under the Lanham Act. As a foreign entity, SMU may only pursue a claim under the Lanham Act if it has such rights under a convention or treaty relating to unfair competition. Section 44 of the Lanham Act codifies Congress' determination that there is no reason for the United States to afford a citizen of a foreign country such rights if citizens of the United States are not accorded such rights by a treaty with that foreign country. SMU's Amended Complaint fails to allege and SMU has failed to put forward any such treaty, and for these reasons its Second and Third Claims must be dismissed.

SMU's Fifth Claim fails to state a claim for relief under the Nevada Deceptive Trade Practice Act because the Amended Complaint fails to allege any deceptive acts causing damage in Nevada

3

or to its residents and may not be constitutionally construed to reach conduct and damages occurring outside of Nevada.

Similarly, SMU's Sixth Claim must be dismissed because it fails to allege that SMU has standing under the California Computer Crimes Act or that it has suffered any loss in California or elsewhere as a result of any conduct prohibited by that statute.

## ARGUMENT

### I. THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT DESAI

Plaintiff bears the burden of establishing personal jurisdiction over Desai. See KVOS, Inc. v. The Associated Press, 299 U.S. 269, 278 (1936). In meeting this burden, the plaintiff cannot "simply rest on the bare allegations of its complaint." Schwarzenneger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004); American Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir.1996); Amba Marketing Systems, Inc. v. Jobar International, Inc., 551 F.2d 784, 787 (9th Cir.1977). "[P]ersonal jurisdiction over a non-resident Defendant is tested by a two-part analysis. First, the exercise of jurisdiction must satisfy the requirements of the applicable state long arm statute. Second, the exercise of jurisdiction must comport with federal due process Chan v. Society Expeditions, Inc., 39 F.3d 1398, 1404-1405 (9th Cir. 1994).

Nevada law applies since Plaintiff seeks to obtain personal jurisdiction over Desai in Nevada. Nevada's long arm statute permits the exercise of jurisdiction to the same extent as the Constitution. Nev. Rev. Stat. §14.065 (2001). Therefore, this Court should consider "the constitutional principles of due process which require that [Desai] have minimum contacts with Nevada, such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Rio Properties v. Rio International Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002), quoting, International Shoe Company v. Washington, 326 U.S. 310, 316 (1945).

In performing this analysis, this Court conducts a three part test to determine whether specific jurisdiction can be exercised over a defendant. Id. This Court must determine whether (1) Desai performed some act or consummated some transaction in Nevada by which he purposely availed himself of the privilege of conducting business in Nevada; (2) SMU's claims arise out of

4

Desai's forum - related activities; and (3) the exercise of jurisdiction is reasonable. Id. SMU's Amended Complaint satisfies none of the foregoing criteria.

### A. Purposeful Availment.

The purposeful availment requirement is designed to ensure that a non-resident defendant will not be called to answer in a forum "based upon random, fortuitous or attenuated contacts with the forum." Rio Properties, 284 F.3d at 1019; Burger King Corp. v. Rudzewiz, 471 U.S. 462, 475 (1985). In a case such as this involving alleged tortious conduct, purposeful availment can only be found where a non-resident defendant's contacts with a forum "are attributable to (1) intentional acts; (2) expressly aimed at the forum; and (3) causing harm, the brunt of which is suffered or which the defendant knows is likely to be suffered in the forum." Rio Properties, at 1019. See also Calder v. Jones, 465 U.S. 783, 788-89 (1984); Core-Vent Corp. v. Noble Industries AB, 11 F3d. 1482, 1485-1486 (9th Cir. 1993).

Desai has only visited Nevada on one occasion, over twenty years ago as a tourist. (Desai Aff. at ¶ 4.) Desai denies that he is responsible for any conduct complained of by Plaintiff, whether occurring in Nevada or anywhere else. (Id. at ¶¶ 5-7.) Even assuming that Desai is responsible for the actions Plaintiff complains of, an assumption which is refuted by Desai's sworn Affidavit and which is not supported by any factual allegation in the Amended Complaint other than a conclusory allegation "on information and belief," (Amended Complaint, ¶ 6), the simple action of incorporating an entity in Nevada, which subsequently registers a domain name which applies to a website hosted in Russia, (Amended Complaint, p. 16, Ex. H), and email servers located in California (Amended Complaint, p.15 at n.7) does not constitute substantial, purposely directed activity aimed at the State of Nevada. See Cybercell, Inc. v. Cybercell, Inc., 130 F.3d 414, 418-420 (9th Cir. 1997). The Amended Complaint contains absolutely no allegation of any substantial conduct causing tortious injury occurring in or directed towards Nevada. Thus, personal jurisdiction

is not appropriate because the conduct alleged "simply was not aimed intentionally at [the forum state] knowing that harm was likely to be caused there." Id. at 420.

### B. Alleged Forum Related Activities.

The second requirement for personal jurisdiction is that SMU's claims must arise out of Defendant's Nevada related activities. The only Nevada related activity by anyone alleged in the Amended Complaint is the establishment of a corporate existence in the State of Nevada by AAIMG. See Amended Complaint, Exhibit E. No damages flow to SMU simply from the establishment of a corporation which maintains an email address in California and a website hosted in Russia. Rather, the damages claimed by SMU allegedly flow from the conduct of AAIMG in placing information from an unidentified location on the website which allegedly caused SMU to lose students at its schools located in the Cayman Islands and Maine. The wrong which SMU allegedly suffered does not arise from the existence of a corporation in Nevada but from AAIMG's posting of information on its website, which is not alleged to be hosted in Nevada. There is no allegation that information was authored or posted by anyone acting within the State of Nevada. Moreover, Desai specifically denies that he had any involvement in any activity in connection with AAIMG or its website anywhere. (Desai Aff. at ¶¶ 5-7.) Thus, there is no allegation or proof that Desai's "intentional conduct [in Nevada] was calculated to cause injury to [SMU in Nevada]." Calder v. Jones, 465 U.S. 783, 791 (1984). There also has not been any showing that the allegedly wrongful acts were aimed at Nevada residents. In the absence of such a showing, this Court lacks personal jurisdiction over Desai. See Bancroft of Masters Inc. v Augusta National, Inc., 223 F.3d 1082, 1087 (9th Cir. 2000).

### C. Reasonableness.

In determining whether it is reasonable for a Court to exercise personal jurisdiction over a defendant, this Court considers seven (7) factors:

6

> (1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. See Core-Vent, 11 F.3d at 1488. As no single factor is dispositive, a court must balance all seven.

Rio Properties v. Rio Intl. Interlink, 284 F.3d 1007, 1020 (9th Cir. 2002).

The allegations in the Amended Complaint satisfy none of these criteria with respect to Desai. Desai is a resident of the State of Maryland. (Id. at ¶ 2.) He has no business, no residence and no business interests in the State of Nevada. (Id. at ¶¶ 3-4.) His home is located in Maryland and his business is located there. (Desai, Aff. at ¶¶ 2-3.) Desai has no relationship to Nevada and thus it would be extremely burdensome for Desai, a resident of Maryland, to defend in this forum.

Similarly, Nevada has no interest in resolving this dispute. The conduct allegedly engaged in by the other Defendants was not alleged to have had any impact on anyone in Nevada. SMU also has no overriding reason for maintaining the action in Nevada. None of the alleged primary actors reside in Nevada. Indeed, none of the parties are located anywhere near Nevada. The major parties to this case, SABA, MUA and SMU, are all located in the Caribbean. The damages allegedly suffered by SMU (the loss of students) would be suffered at its campuses in the Caribbean and in Maine and the witnesses and evidence related to such damages would be in the Caribbean and in Maine. It is therefore far more efficient to resolve this matter either in the courts of the Caribbean or in Maine, where SMU has a campus, or in one of the foreign countries which has jurisdiction over these claims.

In balancing these factors, this Court must weigh heavily the total lack of interest that Nevada has in this dispute, as the alleged conduct was not targeted at any residents of Nevada and caused no injury in Nevada. See Core-Vent Corp., 11 F.3d at 1486. For all of the foregoing reasons,

7

this Court should dismiss the claims against the Desai because of the lack of personal jurisdiction over those claims.

## II. PLAINTIFF'S CLAIMS MUST BE DISMISSED PURSUANT TO FED.R.CIV.P. 12(b)(3) ON THE GROUND THAT VENUE DOES NOT LIE IN THE DISTRICT OF NEVADA.

Plaintiff erroneously alleges that venue is appropriate in the District of Nevada pursuant to 28 U.S.C. §§1391(a) and (b). 28 U.S.C. §1391(a) provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

***

28 U.S.C. §1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The Amended Complaint fails to allege the facts necessary to support a claim that 28 U.S.C. §1391 (a) or (b) authorizes venue in this District. First, venue does not lie under 28 U.S.C. §§1391(a)(1) or 28 U.S.C. §§1391(b)(1) because all defendants are not alleged to reside in this District.

Second, venue does not lie under 28 U.S.C. §1391(a)(2) or (b)(2) because the Amended Complaint does not allege that a "substantial part of the events giving rise" to the claims alleged occurred in Nevada. In Myers v. Bennett Law Offices, 238 F.3d 1068, 1075-76 (9th Cir. 2001), the Ninth Circuit recognized that, in construing 28 U.S.C. 1391(b)(2), the "substantiality of the operative events is determined by assessment of the ramifications for efficient conduct of the suit,"

(quoting Lamont v. Haig, 590 F. 2d 1124, 1134-35 (D.C. Cir. 1978)), and that in a tort action it is relevant to look to the place at which the harms were allegedly suffered by the Plaintiff in determining where a substantial part of the events giving rise to the claim occurred. Based upon SMU's theory of the case, the only place in the Untied States where SMU would have suffered damages from this tortious conduct would be in connection with its student programs in Maine. (See Exhibit A, attached to Affidavit of Vincent F. O'Rourke, Jr.) Moreover, it would be far more judicially efficient to venue this action in either Maine, where SMU theoretically has suffered its damages, or Massachusetts, where SMU claims many operative activities occurred. Both of these jurisdictions would be far more efficient from the point of view of witnesses and documentary evidence than Nevada, which has little or no contact with the action, the witnesses or the damages alleged. See Core-Vent Corp., 11 F.3d at 1486.

Although the Amended Complaint makes allegations concerning activities allegedly taken by AAIMG, Thomas Moore, Sarah Weinstein, Rachael Silver and Diedre Moore who are alleged to have Nevada business addresses (Amended Complaint ¶5), it does not allege that any allegedly offensive behavior in connection with AAIMG's website which is hosted in Russia (Amended Complaint, ¶62), took place in the District of Nevada. Indeed, the wrongful actions are alleged to actually have been taken, not by AAIMG or its officers, but rather by Defendants Hough, Fredrick and Desai, none of whom are alleged to be residents of Nevada or to have ever actually performed any actions within the District of Nevada. (Amended Complaint, ¶¶3f and 3g, 48-72.) Thus, the Plaintiff's Amended Complaint contradicts its efforts to allege venue under 28 U.S.C. §§1391(a)(2) and (b)(2) by actually alleging that the conduct complained of was carried on by individuals and entities with no contacts with the District of Nevada and by failing to allege wrongful conduct causing injury in Nevada or occurring in Nevada. Where, as here, the alleged wrongful actions and damages arising from them do not occur in Nevada, venue does not lie in this District. See Sutain v. Shapiro and Lieberman, 678 F.2d 115, 117 (9th Cir. 1982); Magic Toyota, Inc. v. Southeast Toyota Distributors, Inc., 784 F.Supp. 306, 318-319 (D.S.C. 1992); Radical Products, Inc. v. Sundays Distributing, 821 F.Supp. 648, 650 (W.D. Wash. 1992); Meyer v. Reno, 911 F.Supp. 11, 15 (D.D.C. 1996); Medoil Corp. v. Clark, 753 F.Supp. 592, 597-598 (W.D. N.C. 1990).

Plaintiff's selection of the District of Nevada appears solely to be aimed at inconveniencing the defendants. Plaintiff is a foreign corporation which resides in the British West Indies. All of the defendants alleged to be actually responsible for the wrongs complained of are residents of distant states or Caribbean countries. None of the actions causing damage to Plaintiff from which its claim arises are alleged to have been taken in Nevada and none of the injuries suffered by Plaintiff are alleged to have been incurred by Plaintiff in Nevada. The injury it allegedly suffers, the loss of its reputation, is one which, if it actually had occurred, would evidence itself by monetary damages caused by a loss of students at Plaintiff's campus in the British West Indies or at its activities conducted in the State of Maine.

### III. PLAINTIFF'S SECOND AND THIRD CLAIMS UNDER THE LANHAM ACT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER 15 U.S.C. § 1126(b) & (h).

Plaintiff, a foreign national, alleges unfair competition under the Lanham Act in Counts II and III of its Amended Complaint.[1] Plaintiff's allegations of unfair competition in violation of the Lanham Act fail to state a claim upon which relief can be granted and must be dismissed because they fail to allege that Plaintiff has standing to proceed under the Lanham Act. See Fed.R.Civ.P. 12(b)(6).

Because SMU is a foreign entity incorporated in the Cayman Islands, (Amended Complaint, ¶ 3a), this Court's analysis of its right to proceed under the Lanham Act must begin with the language of Sections 1126 (b)[2] and (h)[3], pursuant to which Congress provided the only cause of action for foreign nationals under the Lanham Act. Sections 1126 (b) and (h) extend the protections and remedies of the Lanham Act for unfair competition only to a foreign national whose "country

---

[1] In Count II, Plaintiff alleges unfair competition arising from alleged false and misleading statements under 15 U.S.C. § 1125(a). In Count III, Plaintiff alleges unfair competition arising from allegedly false statements of characteristics or origin under the same statute.

[2] 15 U.S.C. §1126, also referenced as Section 44 of the Lanham Act, provides that "[a]ny person whose country of origin is a party to the convention ... shall be entitled to benefits [under §1126] to the extent necessary to give effect to any provision of such convention ..." 15 U.S.C. §1126(b).

[3] 15 U.S.C. §1126(h) provides that any person covered by §1126(b) "shall be entitled to effective protection against unfair competition, and the remedies ... shall be available so far as they may be appropriate in repressing acts of unfair competition."

10

of origin is a party to any convention or treaty relating to ... unfair competition, to which the United States is also a party, or extends reciprocal rights to nationals of the United States by law." 15 U.S.C. §1126 (b). In <u>Larsen v. Terk Technologies Corp.</u>, 151 F.3d 140, 145-46 (4th Cir. 1998), the United States Court of Appeals for the Fourth Circuit ruled that Section 44 of the Lanham Act, 15 U.S.C. §1126:

> extends the protections and remedies of the Lanham Act to any foreign national whose 'country of origin is a party to any convention or treaty relating to trademarks, trade or commercial names, or the repression of unfair competition, to which the United States is also a party, or extends reciprocal rights to nationals of the United States by law.'" 15 U.S.C. § 1126(b), (g), (h). Larsen is entitled to the protections and remedies of the Lanham Act because Denmark and the United States are both parties to the International Convention for the Protection of Industrial Property of 1883 (the Paris Convention), *opened for signature* Mar. 20, 1883, 25 Stat. 1372, T.S. No. 379, as amended at <u>Stockholm, July 14, 1967, 21 U.S.T. 1583, T.I.A.S. No. 6923</u>. See <u>4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 29:21, at 29-46</u>, 29-49 (4th ed.1998).

<u>See also</u> <u>Scotch Whiskey Ass'n v. Majestic Distilling Co.</u>, 958 F.2d 594, 597 (4th Cir. 1992)(Section 1126(b) of the Lanham Act gives those persons whose country of origin is a party to a treaty relating to unfair competition those benefits of Section 1126 necessary to give effect to the Treaty).

15 U.S.C. §1126(h) in turn authorizes foreign nationals to assert claims of unfair competition if they have such rights under 15 U.S.C. §1126(b). After analyzing the legislative history of Section 1126, the United States Court of Appeals for the Third Circuit concluded that the statute clearly limited the circumstances under which a foreign national could bring a Lanham Act claim:

> This legislative history lends support to the following inferences and interpretations limiting Section 44[Section 1126]:
>
> 1. Congress, by its discussion and rejection of the broad provision of H.R. 4744 of the 76th Congress declaring all acts of unfair competition to be unlawful, revealed an unwillingness to give federal courts jurisdiction of unfair competition claims [by foreign corporations] to the full extent of its power to regulate commerce.
>
> 2. The intent of Congress was to implement international agreements which were not self-executing and which varied in their coverage of practices in the field of unfair competition.
>
> 3. By rejecting the suggestion that the unfair competition provision be placed in the section providing remedy to registrants alone and by placing it in a separate section in accordance with the suggestion that some conventions prohibit unfair competition in respects other than the marking of goods, Congress manifested an intent to fashion

11

> a remedy to coincide with rights growing from the respective international agreements.
>
> 4. The effective protection against unfair competition' granted in subsection (h) is coextensive with the varying substantive provisions of the international agreements....

L'aiglon Apparel v. Lana Lobel, Inc., 214 F.2d 649, 654 (3rd Cir. 1954). The L'aiglon Apparel Court concluded: "[T]here was no need for such a limited declaration of jurisdiction over unfair competition [claims by foreign nationals] if the Lanham Act had covered ... countless other [situations] in a much broader grant of jurisdiction over all unfair competition in commerce." 214 F.2d at 654.

As further statutory support that foreign nationals are limited to actions under Section 1126, the definition of "person" in 15 U.S.C. § 1127 does not include foreign nationals:

> The: term 'person" and any other word or term used to designate the applicant or <u>other entitled to a benefit or privilege</u> or rendered liable under the provisions of this Act includes a juristic person as well as a natural person. The term "juristic person" includes a firm, corporation, union, association, or other organization capable of suing or being sued in a court of law. (Emphasis added.)

The definition of person makes clear that it includes only those entitled to a benefit or privilege under the Act. This definition, therefore, must be read in conjunction with Section 1126 which specifically provides the extent to which a foreign national can bring an action under the Lanham Act. As a matter of statutory construction, a foreign national is not a "person" for purposes of Section 1125, as defined in Section 1127 because a foreign national, such as SMU, can bring an action for unfair competition only in accord with the provisions of Section 1126(b) and (h).[4]

Thus, the unambiguous statutory language and the legislative history of Section 1126 of the Lanham Act creates a substantive federal law of unfair competition which limits those foreign nationals who are entitled to the benefits of the Lanham Act to those who have rights under treaties referenced in Section 1126 (b). See L'aiglon Apparel, 214 F.2d at 654. See generally Pagliero v.

---

[1] SMU has argued that 15 U.S.C. §1121(a) that the district courts have original jurisdiction over causes of action under the Lanham Act regardless of the citizenship of the parties, and, therefore, this establishes that a foreign national can bring an action. This argument lacks merit because this statute merely establishes that a claim under the Lanham Act can be brought in federal district court, if properly pled, based on federal question jurisdiction, regardless of diversity of citizenship. This statute does not expand the substantive scope of the causes of action under the Lanham Act and does not provide SMU with a cause of action.

12

Wallace China Co., 198 F.2d 339 (9th Cir. 1952). Put simply, the purpose of 15 U.S.C. §1126 (h) is to extend protection to any foreign national whose country of origin is party to any convention or treaty relating to the repression of unfair competition and who meets the other requirements set forth in Section 1126(b). El Greco Leather Products Co. v. Shoe World, Inc., 599 F.Supp. 1380, 1391 (E.D.N.Y. 1984), reversed on other grounds, 806 F.2d 392 (2nd Cir. 1986). If Congress intended to give foreign nationals the unlimited right afforded by 15 U.S.C. §1125 (as claimed by SMU), there would have been no need for Congress to have enacted either 15 U.S.C. §1126 (b) or 15 U.S.C. §1126 (h), which afforded rights under the Lanham Act only to a subset of foreign nationals - those from countries with qualifying treaties.

In the instant case, Plaintiff is a foreign national. However, Plaintiff has not alleged the existence of any convention or treaty relating to the repression of unfair competition to which both the United States and the Caymen Islands are parties. Absent such an allegation, which is a necessary element to enable a foreign national to seek unfair competition protection under the Lanham Act, Counts II and III must be dismissed. This case can be contrasted with the Larsen case in which the Court permitted the case to proceed because the Plaintiff was a Danish national and the United States and Denmark were both parties to the International Convention for the Protection of Industrial Property of 1883. See Larsen, 151 F.3d at 145-46. See also Toho Co. Ltd. v. Sears, Roebuck & Co., 645 F.2d 788, 792-93 (9th Cir. 1981)(federal jurisdiction existed for foreign national based on treaty involving United States and Japan); Maison Lazard v. Manfra, Tordella & Brooks, 585 F.Supp. 1286, 1289 (S.D.N.Y. 1984) (foreign national could bring action under the Lanham Act because the United States and France were signatories to the Paris Convention). Thus, unlike Larsen, Toho, and Maison, Plaintiff, as a foreign national, has failed to allege the necessary elements to bring an unfair competition under the Lanham Act and its Second and Third Claims must therefore be dismissed pursuant to Fed.R.Civ.P. 12 (b)(6).

IV. **SMU'S FIFTH CLAIM FAILS TO STATE A CLAIM FOR RELIEF UNDER THE NEVADA DECEPTIVE TRADE PRACTICE ACT.**

In its Fifth Claim, SMU alleges that Defendant's conduct violates the Nevada Deceptive Trade Practice Act, N.R.S. 41.598(3), (5)(7) and 15. However, N.R.S. Chapter 598 generally

provides "for a public cause of action for deceptive trade practices." Nevada Power v. Eighth Dist. Court, 102 P.3d 578, 583 (2004) (emphasis added). In any event, SMU's Amended Complaint fails to allege any conduct within the constitutional reach of the Nevada Deceptive Trade Practice Act because it fails to allege that any of the actions which allegedly cause damage to SMU occurred in Nevada or that any damages occurred to SMU in Nevada. It is of course axiomatic that the state has police power to regulate conduct occurring within its borders. See Gonzales v. Oregon, U.S. S.Ct. No. 04-623 (January 17, 2006). "Within its police power, the Legislature may regulate commercial and business affairs in order to promote the health, safety, morals and general welfare of its citizens and to protect its citizens from injurious activities." State Ex Rel List. v. AAA Auto Leasing, 93 Nev. 483, 486; 568 P.2d 1230 (1977). It is equally axiomatic that the state's police powers do not extend to conduct occurring outside its jurisdiction which is not alleged to have caused damages within its jurisdiction. "A state cannot impose punitive sanctions for conduct that affected other states but had no impact on the ...state or its residents." White v. Ford Motor Co., 312 F.3d 998, 1016 at n. 68 and 1018-1020 (9th Cir. 2003). Since SMU's Amended Complaint totally fails to allege any act or conduct which warrants extension of the police powers of the State of Nevada to the Defendants, SMU's Fifth Claim based on the Nevada Deceptive Practice Act must be dismissed pursuant to Fed.R.Civ.P. 12(b) (6) for failure to state a claim upon which relief can be granted.

Even assuming, as SMU contends, that it is appropriate to bring its claim under N.R.S. 41.598 rather than under N.R.S. 41.600,[5] SMU's claim must be dismissed because SMU's Amended Complaint fails to allege that any conduct that caused damage to SMU occurred within the State of Nevada or that any resident of the State of Nevada was injured by the conduct alleged in the Amended Complaint. The Amended Complaint simply alleges that Defendant AAIMG was incorporated in the State of Nevada. All other conduct alleged occurred outside of Nevada, including that the AAIMG website is hosted in Russia and that its email is serviced in California. No damage is alleged to have occurred in Nevada. If SMU suffered any damage at all it did so at its operations in Maine and in the Cayman Islands. The State of Nevada is not a national

---

[5] But see Nevada Power Co. v. Eighth Judicial Dist. Court of Nevada, 102 P.3d 578, 583 n.7 ("NRS Chapter 598 generally provides for a public cause of action for deceptive trade practices. NRS 41.600 ... provides for a private cause of action.")

14

ombudsman. It may enact laws that regulate conduct that impacts its residents, but "cannot impose punitive sanctions for conduct that affected other states but had no impact on the ... state or its residents." White v. Ford Motor Co., 312 F.3d 998, 1016 at n.68 and 1018-1020 (9th Cir. 2003).

## V. SMU'S SIXTH CLAIM FAILS TO STATE A CLAIM FOR RELIEF UNDER THE CALIFORNIA COMPUTER CRIMES ACT.

SMU's Sixth Claim fails to state a claim under the California Computer Crimes Act ("CCCA") because the Amended Complaint fails to allege the facts necessary to establish standing to proceed in a civil action under that Act. SMU's Amended Complaint fails to establish that it has standing under this provision because it fails to allege that it is an "owner or lessee of [a] computer, computer system, computer network, computer program or data who suffers damage or loss by reason of a violation of any of the provisions of subdivision (c)" of Section 502 of the CCCA. Rather, the complaint alleges that Defendants accessed computers owned by Yahoo and Hotmail, entities not alleged to be affiliated with or represented by SMU. (Amended Complaint, p.15 n.7.)

The Amended Complaint also does not allege that "a loss was suffered by reason of a violation of subdivision (c)" of Section 502. That section sets forth a variety of computer-related crimes involving activities such as unauthorized access to computers or computer systems and intentional damage or alteration of such systems. While, as SMU claims, California law may recognize computer related causes of action other than under Section 502, those causes of action are not alleged in SMU's Sixth Claim and it must be dismissed.

## CONCLUSION

The Amended Complaint in this matter against Pankaj Desai should be dismissed pursuant to Fed.R.Civ.P. 12(b)(2) because this Court lacks personal jurisdiction over Desai. Alternatively, the Amended Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(3) because this Court

. . .

. . .

. . .

is an improper venue for this action. The Amended Complaint also fails to state claims for relief upon which relief can be granted in its Second, Third, Fifth and Sixth Claims and those Claims must be dismissed if this Court retains jurisdiction over Desai.

DATED this ____ day of April, 2006.

ALVERSON, TAYLOR,
MORTENSEN & SANDERS

_____
NATHAN R. REINMILLER, ESQ.
Nevada Bar No. 6793
7401 W. Charleston Boulevard
Las Vegas, NV 89117
Tel: (702) 384-7000
Fax: (702) 385-7000
Attorney for Defendants
PATRICIA L. HOUGH, M.D.;
DAVID L. FREDRICK; and
ASSOCIATION OF AMERICAN
INTERNATIONAL MEDICAL
GRADUATES, INC.

## CERTIFICATE OF MAILING

I hereby certify that on this 4th day of April, 2006, I did deposit in the United States Post Office, with postage fully prepaid thereon, a copy of the above and foregoing **DEFENDANT PANKAJ DESAI'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; AFFIDAVITS OF VINCENT F. O'ROURKE, JR. AND PANKAJ DESAI, M.D.** addressed to:

Mark G. Tratos, Esq.
F. Christopher Austin, Esq.
Ronald D. Green, Jr., Esq.
GREENBERG TRAURIG LLP
3773 Howard Hughes Pkwy., Ste. 500N
Las Vegas, NV 89109
*Attorney for Plaintiff*

Karl S. Kronenberger, Esq.
Terri R. Hanley, Esq.
KRONENBERGER & ASSOCIATES
220 Montgomery St., Ste. 1920
San Francisco, CA 94104
*Attorney for Plaintiff*

/s/ *signature*
An Employee of ALVERSON, TAYLOR, MORTENSEN & SANDERS

N:\bruce.grp\Z-client\15989\15989MTD First Amended Complaint - Pankaj Desai.wpd

17

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ST. MATTHEW'S UNIVERSITY ) <br> (CYAMAN) LTD., a Cayman Islands company, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SABA UNIVERSITY SCHOOL OF ) <br> MEDICINE FOUNDATION, a Netherland- ) <br> Antilles company; MEDICAL UNIVERSITY ) <br> OF THE AMERICAS, a St. Kitts & Nevis ) <br> company; EDUCATION INFORMATION ) <br> CONSULTANTS, INC., a Massachusetts ) <br> corporation; EDUCATIONAL INTERNATIONAL ) <br> CONSULTANTS, LLC, a Massachusetts ) <br> limited liability company;  PATRICIA L. HOUGH, ) <br> M.D. an individual, and d.b.a. "Saba University ) <br> School of Medicine"; DAVID L. FREDRICK, an ) <br> individual; PANKAJ DESAI, M.D., an individual; ) <br> ASSOCIATION OF AMERICAN ) <br> INTERNATIONAL MEDICAL GRADUATES, ) <br> INC., a Nevada corporation, a.k.a. ) <br> "aaimg@yahoo.com"; THOMAS MOORE, M.D. ) <br> a.k.a. "presaaimg@hotmail.com" and ) <br> "crocdoc2004@netzero.net," an individual; ) <br> SARAH B. WEINSTEIN a.k.a. ) <br> "execsecaaimg@hotmail.com," an individual; ) <br> RACHAEL E. SILVER, an individual; and ) <br> DIEDRE MOORE, an individual, ) <br> ) <br> Defendants. ) | Case No.: CV-S-05-0848-RCJ(LRL) |

## AFFIDAVIT OF PANKAJ DESAI, M.D.

I, Pankaj Desai, M.D., being sworn under oath depose and state as follows:

1. I have reviewed the Amended Complaint in this matter in which I have been named as a Defendant.

2. My primary residence is in Maryland, as alleged in the Amended Complaint.

3.   I am a Medical Doctor who is licensed and practice in Maryland. I am also on the Board of Trustees of SABA University.

4.   I have never engaged in business with or solicited business from anyone in the State of Nevada. I have only been to Nevada once, as a tourist in 1982.

5.   I have never had any involvement in the activities of American International Medical Graduates, Inc. ("AAIMG"). I have never had or exercised any authority over AAIMG. I had no involvement in the incorporation of AAIMG.

6.   I have not participated in, conspired to commit, authorized, aided, abetted, furnished the means to perform, advised or encouraged any of the activities which the Amended Complaint alleges were performed by the other defendants in this matter in connection with the formation of AAIMG or in connection with statements made and actions allegedly taken by the other Defendants and/or AAIMG with respect to St. Matthew's University (CAYMAN) LTD.

7.   I categorically deny any acts of wrongdoing directed towards St. Matthew's University.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 30th DAY OF MARCH, 2006.

_____
Pankaj Desai, M.D.

STATE OF MARYLAND

_____, ss.

On this __30__ day of March 2006, before me, the undersigned notary public, personally appeared Pankaj R. Desai, proved to me through satisfactory evidence of identification, which was ☒ photographic identification with signature issued by a federal or state governmental agency, ☐ oath or affirmation of a credible witness, ☐ personal knowledge of the undersigned, to be the person whose name is signed on the preceding or attached document(s), and acknowledged to me that (he/she) signed it voluntarily for its stated purpose.

(official seal)

_____ Notary Public

My commission expires:

JOEL CLASSEN
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires August 1, 2007