1  NATHAN R. REINMILLER, ESQ.
   Nevada Bar No. 6793
2  ALVERSON, TAYLOR,
   MORTENSEN & SANDERS
3  7401 W. Charleston Boulevard
   Las Vegas, NV 89117
4  Tel: (702) 384-7000
   Fax: (702) 385-7000
5  Attorney for Defendants
   PATRICIA L. HOUGH, M.D.;
6  DAVID L. FREDRICK; and
   ASSOCIATION OF AMERICAN
7  INTERNATIONAL MEDICAL
   GRADUATES, INC.
8
9              UNITED STATES DISTRICT COURT

10                  DISTRICT OF NEVADA

11  ST. MATTHEW'S UNIVERSITY           )  Case No.:  CV-S-05-0848-RCJ (LRL)
    (CAYMAN) LTD., a Cayman Islands    )
12  company,                           )
                                       )
13              Plaintiff,             )  **ANSWER AND JOINDER TO MOTION
                                       )  TO DISMISS THE AMENDED
14  v.                                 )  COMPLAINT AGAINST DEFENDANTS
                                       )  THOMAS MOORE, M.D., SARAH B.
15  SABA UNIVERSITY SCHOOL OF          )  WEINSTEIN,
    MEDICINE FOUNDATION, a Netherland- )  RACHEL E. SILVER AND DIEDRE
16  Antilles company; MEDICAL          )  MOORE**
    UNIVERSITY OF THE AMERICAS, a St.  )
17  Kitts & Nevis company; EDUCATION   )
    INFORMATION CONSULTANTS, INC., a   )
18  Massachusetts corporation; EDUCATIONAL )
    INTERNATIONAL CONSULTANTS, LLC,    )
19  a Massachusetts limited liability company; )
    PATRICIA L. HOUGH, M.D., an individual, )
20  and d.b.a. "Saba University School of )
    Medicine"; DAVID L. FREDRICK, an   )
21  individual; PANKAJ DESAI, M.D., an )
    individual; ASSOCIATION OF AMERICAN )
22  INTERNATIONAL MEDICAL              )
    GRAUDATES, INC., a Nevada corporation, )
23  a.k.a. "aaimg@yahoo.com"; THOMAS   )
    MOORE, M.D. a.k.a.                 )
24  "presaaimg@hotmail.com" and        )
    "crocdoc2004@netzero.net," an individual; )
25  SARAH B. WEINSTEIN a.k.a.          )
    "execsecaaimg@hotmail.com," an individual; )
26  RACHAEL E. SILVER, an individual; and )
    DIEDRE MOORE, an individual,       )
27                                     )
                Defendants.            )
28  _____  )

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

1

## ANSWER AND JOINDER MOTION TO DISMISS THE AMENDED COMPLAINT AGAINST DEFENDANTS THOMAS MOORE, M.D., SARAH B. WEINSTEIN, RACHEL E. SILVER AND DIEDRE MOORE

2

3

The Amended Complaint alleges, inter alia, that Defendants Thomas Moore, M.D., Sarah

4

B. Weinstein, Rachel E. Silver and Diedre Moore are false identities used by Defendant Patricia

5

L. Hough, M.D ("Hough") and others.  In light of this allegation, the undersigned, who appears

6

7 as counsel for Defendant Hough adopts the Answer of Hough to the Amended Complaint

8 (attached hereto as Exhibit "A") and the Motion of Hough to Dismiss the Second, Third, Fifth

9 and Sixth Claims of the Amended Complaint (attached hereto as Exhibit "B") as Hough's

10 Response to the Amended Complaint against said Defendants Thomas Moore, M.D., Sarah B.

11 Weinstein, Rachel E. Silver and Diedre Moore.

12 DATED this ⎿ day of April, 2006.

13

14                             ALVERSON, TAYLOR,
                              MORTENSEN & SANDERS
15

16

17

18                             _____
                              NATHAN R. REINMILLER, ESQ.
19                             Nevada Bar No. 6793
                              7401 W. Charleston Boulevard
20                             Las Vegas, NV 89117
                              Tel: (702) 384-7000
21                             Fax: (702) 385-7000
                              Attorney for Defendants
22                             PATRICIA L. HOUGH, M.D.;
                              DAVID L. FREDRICK; and
23                             ASSOCIATION OF AMERICAN
                              INTERNATIONAL MEDICAL
24                             GRADUATES, INC.

25

26

27

28

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

2

Exhibit A

1   NATHAN R. REINMILLER, ESQ.
    Nevada Bar No. 6793
2   ALVERSON, TAYLOR,
    MORTENSEN & SANDERS
3   7401 W. Charleston Boulevard
    Las Vegas, NV 89117
4   Tel: (702) 384-7000
    Fax: (702) 385-7000
5   Attorney for Defendants
    PATRICIA L. HOUGH, M.D.;
6   DAVID L. FREDRICK; and
    ASSOCIATION OF AMERICAN
7   INTERNATIONAL MEDICAL
    GRADUATES, INC.
8
                    UNITED STATES DISTRICT COURT
9
                         DISTRICT OF NEVADA
10
11  ST. MATTHEW'S UNIVERSITY          )   Case No.:  CV-S-05-0848-RCJ (LRL)
    (CAYMAN) LTD., a Cayman Islands   )
12  company,                          )
                                      )
13              Plaintiff,            )
                                      )
14  v.                                )   **ANSWER OF PATRICIA L. HOUGH,**
                                      )   **M.D. TO AMENDED COMPLAINT OF**
15  SABA UNIVERSITY SCHOOL OF         )   **PLAINTIFF**
    MEDICINE FOUNDATION, a Netherland-)
16  Antilles company; MEDICAL         )
    UNIVERSITY OF THE AMERICAS, a St. )
17  Kitts & Nevis company; EDUCATION  )
    INFORMATION CONSULTANTS, INC., a  )
18  Massachusetts corporation; EDUCATIONAL )
    INTERNATIONAL CONSULTANTS, LLC,   )
19  a Massachusetts limited liability company; )
    PATRICIA L. HOUGH, M.D., an individual, )
20  and d.b.a. "Saba University School of )
    Medicine"; DAVID L. FREDRICK, an  )
21  individual; PANKAJ DESAI, M.D., an )
    individual; ASSOCIATION OF AMERICAN )
22  INTERNATIONAL MEDICAL             )
    GRAUDATES, INC., a Nevada corporation, )
23  a.k.a. "aaimg@yahoo.com"; THOMAS  )
    MOORE, M.D. a.k.a.                )
24  "presaaimg@hotmail.com" and       )
    "crocdoc2004@netzero.net," an individual; )
25  SARAH B. WEINSTEIN a.k.a.         )
    "execsecaaimg@hotmail.com.: an individual; )
26  RACHAEL E. SILVER, an individual; and )
    DIEDRE MOORE, an individual,      )
27                                    )
                Defendants.           )
28  _____  )

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

**ANSWER OF PATRICIA L. HOUGH, M.D. TO**
**AMENDED COMPLAINT OF PLAINTIFF**

Defendant Patricia L. Hough, M.D. ("Defendant") Answers the First, Fourth, Seventh and Eighth claims of the Amended Complaint. Defendant is simultaneously moving to dismiss the Second, Third, Fifth and Sixth claim of the Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6). Defendant is simultaneously moving to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(3) and files this answer without waiving that motion. Defendant is also simultaneously moving to dismisss the Second, Third, Fifth and Sixth claims of the Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

     1.     The first paragraph of the Plaintiff's Amended Complaint merely characterizes the Complaint and no answer is required. To the extent that an answer is required, the allegations are denied.

     2.     Defendant denies the allegations of paragraph 2 of Plaintiff's Amended Complaint.

     3.     Defendant admits the allegations of sub-paragraphs 3(a), (b) and (c) and of 3(g) and (h) of Plaintiff's Amended Complaint. Defendant admits that Hough and Fredrick are a married couple, with a residence in Sarasota County, Florida and are owners of EIC,Inc. and EIC, LLC as alleged in sub-paragraph (f). Defendant denies the remaining allegations in sub-paragraph 3(f) and the allegations of sub-paragraphs 3(d) and 3(e) of Plaintiff's Amended Complaint. Defendant is without knowledge or information sufficient to admit or deny the allegation concerning the "aka" designations alleged in paragraph 3(i) and therefore those allegations are denied.

     4.     Defendant admits the allegations of paragraph 4 of Plaintiff's Amended Complaint.

5.       Defendant is without knowledge or information to either admit or deny the allegations in paragraph 5 of Plaintiff's Amended Complaint and, therefore, the same are denied.

6.       Defendant denies the allegations of paragraph 6 of Plaintiff's Amended Complaint.

7.       Defendant denies the allegations of paragraph 7 of Plaintiff's Amended Complaint.

8.       The allegations of this paragraph are descriptive in nature and do not require an answer. To the extent an answer is required, the allegations of this paragraph are denied.

9.       The allegations of this paragraph are descriptive in nature and do not require an answer. To the extent an answer is required, the allegations of this paragraph are denied.

10.      The allegations of this paragraph are descriptive in nature and do not require an answer. To the extent an answer is required, the allegations of this paragraph are denied.

11.      Defendant denies the allegations of paragraph 11 of Plaintiff's Amended Complaint.

12.      Defendant denies the allegations of paragraph 12 of Plaintiff's Amended Complaint.

13.      Defendant denies the allegations of paragraph 13 of Plaintiff's Amended Complaint.

14.      Defendant denies the allegations of paragraph 14 of Plaintiff's Amended Complaint.

15.      Defendant denies the allegations of paragraph 15 of Plaintiff's Amended Complaint.

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

3

16.     Defendant denies the allegations of paragraph 16 of Plaintiff's Amended Complaint.

17.     Defendant denies the allegations of paragraph 17 of Plaintiff's Amended Complaint.

18.     Defendant denies the allegations of paragraph 18 of Plaintiff's Amended Complaint.

19.     Defendant is without knowledge or information to either admit or deny the allegations in paragraph 19 of Plaintiff's Amended Complaint and, therefore, the same are denied.

20.     Defendant is without knowledge or information to either admit or deny the allegations in paragraph 20 of Plaintiff's Amended Complaint and, therefore, the same are denied.

21.     Defendant is without knowledge or information to either admit or deny the allegations in paragraph 21 and in footnotes 1, 2 and 3 of paragraph 21 of Plaintiff's Amended Complaint and, therefore, the same are denied.

22.     Defendant is without knowledge or information to either admit or deny the allegations in paragraph 22 of Plaintiff's Amended Complaint and, therefore, the same are denied.

23.     Defendant is without knowledge or information to either admit or deny the allegations in paragraph 23 of Plaintiff's Amended Complaint and, therefore, the same are denied.

24.     Defendant denies the allegations of paragraph 24 of Plaintiff's Amended Complaint.

25.     Defendant denies the allegations of paragraph 25 of Plaintiff's Amended Complaint.

26.     Defendant admits the allegations of paragraph 26 of Plaintiff's Amended Complaint.

27.     Defendant admits the allegations of paragraph 27 of Plaintiff's Amended Complaint.

28.     Defendant admits the allegations of the first two sentences of paragraph 28 of Plaintiff's Amended Complaint.  Defendant denies the remaining allegations of paragraph 28.

29.     Defendant admits the allegations of the first two sentences of paragraph 29 of Plaintiff's Amended Complaint.  Defendant denies the remaining allegations of paragraph 29 of Plaintiff's Amended Complaint.

30.     Defendant denies the allegations in the paragraph 30 of Plaintiff's Amended Complaint.

31.     Defendant denies that Fredrick's primary offices are in Gardner, Massachusetts. Defendant admits the remaining allegations of paragraph 31 of Plaintiff's Amended Complaint.

32.     Defendant admits the allegations of paragraph 32 of Plaintiff's  Amended Complaint.

33.     Defendant admits that she is married to David L. Fredrick.  Defendant admits the last two sentences of paragraph 33 of Plaintiff's Amended Complaint.  Defendant denies the remaining allegations of paragraph 33 of Plaintiff's Amended Complaint.

34.     Defendant denies the allegations of paragraph 34 of Plaintiff's Amended Complaint.

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

5

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

35.    Defendant denies that any of the alleged statements are defamatory.  Defendant is without knowledge or information to either admit or deny the remaining allegations in paragraph 35 of Plaintiff's Amended Complaint and, therefore, the same are denied.

36.    Defendant denies the allegation in paragraph 36 of Plaintiff's Amended Complaint that the website is the only operational function of AAIMG.  Exhibit D speaks for itself, and therefore Plaintiff's characterization of it is denied.

37.    The statements in Exhibit D speak for themselves and, therefore, the allegations of paragraph 37 are denied.  Defendant specifically denies that any of the statements are defamatory.

38.    The statements in Exhibit D speak for themselves and, therefore, the allegations of paragraph 38 are denied.

39.    The allegations in paragraph 39 of Plaintiff's Amended Complaint are denied.

40.    Defendant is without knowledge or information to either admit or deny the allegations in paragraph 40 of Plaintiff's Amended Complaint or of its footnote 4 and, therefore, the same are denied.

41.    Defendant is without knowledge or information to either admit or deny the allegations in paragraph 41 and footnote 5 of Plaintiff's Amended Complaint and, therefore, the same are denied.

42.    Defendant is without knowledge or information to either admit or deny the allegations in paragraph 42 of Plaintiff's Amended Complaint and, therefore, the same are denied.

43.    The statements in Exhibit D speak for themselves and, therefore, the allegations of paragraph 43 of Plaintiff's Amended Complaint are denied.

44.     The statements in Exhibit D speak for themselves and, therefore, the allegations of paragraph 44 of Plaintiff's Amended Complaint are denied.

45.     The statements in Exhibit D speak for themselves and, therefore, the allegations of paragraph 45 of Plaintiff's Amended Complaint are denied.  Defendant is without knowledge or information to either admit or deny the allegations in footnote 6 and therefore the same are denied.

46.     Defendant is without knowledge or information to either admit or deny the allegations in paragraph 46 of Plaintiff's Amended Complaint and, therefore, the same are denied.

47.     Defendant is without knowledge or information to either admit or deny the allegations in paragraph 47 of Plaintiff's Amended Complaint and, therefore, the same are denied.

48.     Exhibit G speaks for itself and therefore the allegations of paragraph 48 are denied.

49.     The aaimg.com website speaks for itself and therefore the allegations of paragraph 49 are denied.

50.     The documents described in paragraph 50 speak for themselves and, therefore, the allegations of paragraph 50 are denied.

51.     The referenced statements in paragraph 51 and Exhibit D speak for themselves and, therefore, the allegations are denied.

52.     Defendant is without knowledge or information to either admit or deny the allegations in paragraph 52 of Plaintiff's Amended Complaint and, therefore, the same are denied.

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

53.     Defendant is without knowledge or information to either admit or deny the allegations in paragraph 53 of Plaintiff's Amended Complaint and, therefore, the same are denied.

54.     Defendant is without knowledge or information to either admit or deny the allegations in paragraph 54 of Plaintiff's Amended Complaint and, therefore, the same are denied.

55.     Exhibit G speaks for itself and therefore, the first sentence of paragraph 55 is denied.  Defendant is without knowledge or information to either admit or deny the allegations in paragraph 55 of Plaintiff's Amended Complaint and, therefore, the same are denied.

56.     Exhibit G speaks for itself and, therefore, the first sentence of paragraph 56 is denied.  Exhibit D speaks for itself and Defendant denies the second sentence of paragraph 56 of Plaintiff's Amended Complaint.  Defendant denies the remaining allegations of paragraph 56 of Plaintiff's Amended Complaint.

57.     Defendant denies the allegations of paragraph 57 of Plaintiff's Amended Complaint.

58.     Defendant is without knowledge or information to either admit or deny the allegations in paragraph 58 of Plaintiff's Amended Complaint and, therefore, the same are denied.

59.     Defendant denies the allegations of paragraph 59 but is without knowledge or information to admit or deny the allegations of footnote 7 of Plaintiff's Amended Complaint and therefore those allegations are denied.

60.     Defendant is without knowledge or information to either admit or deny the allegations in paragraph 60 and footnote 8 of Plaintiff's Amended Complaint and, therefore, the same are denied.

61.     Defendant is without knowledge or information to either admit or deny the allegations in paragraph 61 and footnote 9 of Plaintiff's Amended Complaint and, therefore, the same are denied.

62.     Exhibit H speaks for itself and, therefore, the allegations of paragraph 62 of Plaintiff's Amended Complaint are denied.

63.     Defendant denies the allegations of paragraph 63 of Plaintiff's Amended Complaint.

64.     Defendant denies the allegations of paragraph 64 of Plaintiff's Amended Complaint.

65.     Defendant denies the allegations of paragraph 65 of Plaintiff's Amended Complaint.

66.     Defendant denies the allegations of paragraph 66 of Plaintiff's Amended Complaint.

67.     Defendant denies the allegations of paragraph 67 of Plaintiff's Amended Complaint.

68.     Defendant denies the allegations of paragraph 68 of Plaintiff's Amended Complaint.

69.     Defendant denies the allegations of paragraphs 69 of Plaintiff's Amended Complaint.

70.     Defendant denies the allegations of paragraph 70 of Plaintiff's Amended Complaint.

71.     Defendant denies the allegations of paragraph 71 of Plaintiff's Amended Complaint.

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

72.     Defendant denies the allegations of paragraph 72 of Plaintiff's Amended Complaint.

73.     Defendant denies the allegations of paragraph 73 of Plaintiff's Amended Complaint.

74.     Exhibit D speaks for itself and, therefore, the allegations of the first sentence of paragraph 74 are denied.  Defendant denies the allegations in the second sentence of paragraph 74 of Plaintiff's Amended Complaint.

75.     Exhibit D speaks for itself and the allegations of paragraph 75 are denied. Defendant further denies the allegations in the fourth and final sentence of paragraph 75 of Plaintiff's Amended Complaint.

76.     Defendant denies the allegations of paragraph 76 of Plaintiff's Amended Complaint.

77.     Exhibit D speaks for itself and the allegations of paragraph 77 are denied.

78.     Exhibit D and the AAIMG report speaks for itself and, therefore, the allegations of paragraph 78 purporting to cite Exhibit D and the AAIMG report are denied.  Defendant denies the remaining allegations of paragraph 78 of Plaintiff's Amended Complaint.

79.     Exhibit D and the AAIMG report speaks for itself and, therefore, the allegations in paragraph 79 purporting to cite Exhibit D and the AAIMG Report are denied.  Defendant denies the remaining allegations of paragraph 79 of Plaintiff's Amended Complaint.

80.     Exhibit D and the AAIMG report speaks for itself and, therefore, the allegations of paragraph 80 purporting to cite Exhibit D and the AAIMG report are denied.  Defendant denies the remaining allegations of paragraph 80 of Plaintiff's Amended Complaint.

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

81.     Exhibit D and the AAIMG report speaks for itself and, therefore, the allegations of paragraph 81 purporting to cite Exhibit D and the AAIMG report are denied.  Defendant denies the remaining allegations of paragraph 81 of Plaintiff's Amended Complaint.

82.     Exhibit D and the AAIMG report speaks for itself and, therefore, the allegations of paragraph 82 purporting to cite Exhibit D and the AAIMG report are denied.  Defendant denies the remaining allegations of paragraph 82 of Plaintiff's Amended Complaint.

83.     Exhibit D and the AAIMG report speaks for itself and, therefore, the allegations of paragraph 83 purporting to cite Exhibit D and the AAIMG report are denied.  Defendant denies the remaining allegations of paragraph 83 of Plaintiff's Amended Complaint.

84.     Exhibit D and the AAIMG report speaks for itself and, therefore, the allegations of paragraph 84 purporting to cite Exhibit D and the AAIMG report are denied.  Defendant denies the remaining allegations of paragraph 84 of Plaintiff's Amended Complaint.

85.     Exhibit D and the AAIMG report speaks for itself and, therefore, the allegations of paragraph 85 purporting to cite Exhibit D and the AAIMG report are denied.  Defendant denies the remaining allegations of paragraph 85 of Plaintiff's Amended Complaint.

86.     Exhibit D and the AAIMG report speaks for itself and, therefore, the allegations of paragraph 86 purporting to cite Exhibit D and the AAIMG report are denied.  Defendant denies the remaining allegations of paragraph 86 of Plaintiff's Amended Complaint.

87.     Defendant denies the allegations of paragraph 87 of Plaintiff's Amended Complaint.

88.     Defendant denies the allegations of paragraph 88 of Plaintiff's Amended Complaint.

**ALVERSON, TAYLOR, MORTENSEN & SANDERS**
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

**FIRST CLAIM FOR RELIEF**

89.     Defendant restates, repeats and incorporates by reference her responses to paragraphs 1 through 88 of the Amended Complaint as if fully set forth herein.

90.     Defendant denies the allegations of paragraph 90 of Plaintiff's Amended Complaint.

91.     Defendant denies the allegations of paragraph 91 of Plaintiff's Amended Complaint.

92.     Defendant denies the allegations of paragraph 92 of Plaintiff's Amended Complaint.

93.     Defendant denies the allegations of paragraph 93 of Plaintiff's Amended Complaint.

94.     Defendant denies the allegations of paragraph 94 of Plaintiff's Amended Complaint.

95.     Defendant denies the allegations of paragraph 95 of Plaintiff's Amended Complaint.

96.     Defendant denies the allegations of paragraph 96 of Plaintiff's Amended Complaint.

97.     Defendant denies the allegations of paragraph 97 of Plaintiff's Amended Complaint.

**SECOND CLAIM FOR RELIEF**

Defendant has filed a Motion to Dismiss this Claim Pursuant to Fed. R. Civ. P. 12(b)(6). Notwithstanding and without waiving that Motion, Defendant responds to the numbered paragraphs of this Claim because such paragraphs are incorporated by reference in subsequent Claims.

12

98.     Defendant restates, repeats and incorporates by reference her responses to paragraphs 1 through 97 of the Amended Complaint as if fully set forth herein.

99.     Defendant denies the allegations of paragraph 99 of Plaintiff's Amended Complaint.

100.    Defendant denies the allegations of paragraph 100 of Plaintiff's Amended Complaint.

101.    Defendant denies the allegations of paragraph 101 of Plaintiff's Amended Complaint.

### THIRD CLAIM FOR RELIEF

Defendant has filed a Motion to Dismiss this Claim Pursuant to Fed. R. Civ. P. 12(b)(6). Notwithstanding and without waiving that Motion, Defendant responds to the numbered paragraphs of this Claim because such paragraphs are incorporated by reference in subsequent Claims.

102.    Defendant restates, repeats and incorporates by reference her responses to paragraphs 1 through 101 of the Amended Complaint as if fully set forth herein.

103.    Defendant denies the allegations of paragraph 103 of Plaintiff's Amended Complaint.

104.    Defendant denies the allegations of paragraph 104 of Plaintiff's Amended Complaint.

105.    Defendant denies the allegations of paragraph 105 of Plaintiff's Amended Complaint.

### FOURTH CLAIM FOR RELIEF

106.    Defendant restates, repeats and incorporates by reference her responses to paragraphs 1 through 105 of the Amended Complaint as if fully set forth herein.

107.    Defendant denies the allegations of paragraph 107 of Plaintiff's Amended Complaint.

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

108.   Defendant denies the allegations of paragraph 108 of Plaintiff's Amended Complaint.

109.   Defendant denies the allegations of paragraph 109 of Plaintiff's Amended Complaint.

110.   Defendant denies the allegations of paragraph 110 of Plaintiff's Amended Complaint.

111.   Defendant denies the allegations of paragraph 111 of Plaintiff's Amended Complaint.

112.   Defendant denies the allegations of paragraph 112 of Plaintiff's Amended Complaint.

113.   Defendant denies the allegations of paragraph 113 of Plaintiff's Amended Complaint.

114.   Defendant denies the allegations of paragraph 114 of Plaintiff's Amended Complaint.

115.   Defendant denies the allegations of paragraph 115 of Plaintiff's Amended Complaint.

116.   Defendant denies the allegations of paragraph 117 of Plaintiff's Amended Complaint.

## FIFTH CLAIM FOR RELIEF

Defendant has filed a Motion to Dismiss this Claim Pursuant to Fed. R. Civ. P. 12(b)(6). Notwithstanding and without waiving that Motion, Defendant responds to the numbered paragraphs of this Claim because such paragraphs are incorporated by reference in subsequent Claims.

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

14

117.    Defendant restates, repeats and incorporates by reference her responses to paragraphs 1 through 116 of the Amended Complaint as if fully set forth herein.

118.    Defendant denies the allegations of paragraph 118 of Plaintiff's Amended Complaint.

119.    Defendant denies the allegations of paragraph 119 of Plaintiff's Amended Complaint.

120.    Defendant denies the allegations of paragraph 120 of Plaintiff's Amended Complaint.

**SIXTH CLAIM FOR RELIEF**

Defendant has filed a Motion to Dismiss this Claim Pursuant to Fed. R. Civ. P. 12(b)(6). Notwithstanding and without waiving that Motion, Defendant responds to the numbered paragraphs of this Claim because such paragraphs are incorporated by reference in subsequent Claims.

121.    Defendant restates, repeats and incorporates by reference her responses to paragraphs 1 through 120 of the Amended Complaint as if fully set forth herein.

122.    Defendant denies the allegations of paragraph 122 of Plaintiff's Amended Complaint.

**SEVENTH CLAIM FOR RELIEF**

123.    Defendant restates, repeats and incorporates by reference her responses to paragraphs 1 through 122 of the Amended Complaint as if fully set forth herein.

124.    Defendant denies the allegations of paragraph 124 of Plaintiff's Amended Complaint.

125.    Defendant denies the allegations of paragraph 125 of Plaintiff's Amended Complaint.

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

126.     Defendant denies the allegations of paragraph 126 of Plaintiff's Amended Complaint.

### EIGHTH CLAIM FOR RELIEF

127.     Defendant restates, repeats and incorporates by reference her responses to paragraphs 1 through 126 of the Amended Complaint as if fully set forth herein.

128.     Defendant denies the allegations of paragraph 128 of Plaintiff's Amended Complaint.

129.     Defendant denies the allegations of paragraph 129 of Plaintiff's Amended Complaint.

130.     Defendant denies the allegations of paragraph 130 of Plaintiff's Amended Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant does not do business as SABA University School of Medicine.

### SECOND AFFIRMATIVE DEFENSE

For the reasons set forth in the Motion to Dismiss filed by Defendant the Second, Third, Fifth and Sixth claims of the Amended Complaint fail to state a claim for relief and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs Amended Complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

The alleged publications are protected by rights conferred by the Constitution of the United States.

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

16

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

1

**FIFTH AFFIRMATIVE DEFENSE**

2

The statements alleged to be defamatory were and remain true.

3

**SIXTH AFFIRMATIVE DEFENSE**

4

The statements alleged to be defamatory were and remain opinion.

5

6

**SEVENTH AFFIRMATIVE DEFENSE**

7

The alleged publication of the information complained of was privileged.

8

**EIGHTH AFFIRMATIVE DEFENSE**

9

The publication complained of is privileged as fair comment concerning a matter of

10

public interest.

11

12

**NINTH AFFIRMATIVE DEFENSE**

13

The damages, if any, suffered by Plaintiff were the results of acts or omissions of third

14

parties for whom the Defendants are not responsible.

15

**TENTH AFFIRMATIVE DEFENSE**

16

The Plaintiff has failed to mitigate its damages, if any.

17

18

**ELEVENTH AFFIRMATIVE DEFENSE**

19

Plaintiff's damages, if any, were caused or aggravated by its own conduct.

20

**TWELFTH AFFIRMATIVE DEFENSE**

21

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

22

**THIRTEENTH AFFIRMATIVE DEFENSE**

23

Plaintiff's claims are barred by the doctrine of estoppel and by its own unclean hands.

24

25

**FOURTEENTH AFFIRMATIVE DEFENSE**

26

This venue and/or forum is not appropriate, and therefore the matter should be transferred

27

and/or dismissed.

28

. . .

17

1    **WHEREFORE**, Defendant respectfully requests that this Court enter Judgment

2  dismissing Plaintiff's Amended Complaint, award Defendant attorneys' fees and costs

3  necessitated by this action, and any other relief this Court deems just and equitable.

4    DATED this 14th day of February, 2006.

5

6                                          ALVERSON, TAYLOR,
                                           MORTENSEN & SANDERS
7

8

9                                          _____
                                           NATHAN R. REINMILLER, ESQ.
10                                         Nevada Bar No. 6793
                                           7401 W. Charleston Boulevard
11                                         Las Vegas, NV 89117
                                           Attorney for Defendants
12                                         PATRICIA L. HOUGH, M.D.;
                                           DAVID L. FREDRICK; and
13                                         ASSOCIATION OF AMERICAN
                                           INTERNATIONAL MEDICAL
14                                         GRADUATES, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

**CERTIFICATE OF MAILING**

I hereby certify that on this _14th_ day of February, 2006, I did deposit in the United States

Post Office, with postage fully prepaid thereon, a copy of the above and foregoing **ANSWER**

**OF PATRICIA L. HOUGH, M.D. TO AMENDED COMPLAINT OF PLAINTIFF**

addressed to:


Mark G. Tratos, Esq.
F. Christopher Austin, Esq.
Ronald D. Green, Jr., Esq.
GREENBERG TRAURIG LLP
3773 Howard Hughes Pkwy., Ste. 500N
Las Vegas, NV 89109
*Attorney for Plaintiff*

Karl S. Kronenberger, Esq.
Terri R. Hanley, Esq.
KRONENBERGER & ASSOCIATES
220 Montgomery St., Ste. 1920
San Francisco, CA 94104
*Attorney for Plaintiff*



An Employee of ALVERSON, TAYLOR,
MORTENSEN & SANDERS

N:\bruce.grp\Z-client\15989\15989Answer.Hough.wpd

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

Exhibit B

NATHAN R. REINMILLER, ESQ.
Nevada Bar No. 6793
ALVERSON, TAYLOR,
MORTENSEN & SANDERS
7401 W. Charleston Boulevard
Las Vegas, NV 89117
Tel: (702) 384-7000
Fax: (702) 385-7000
Attorney for Defendants
PATRICIA L. HOUGH, M.D.;
DAVID L. FREDRICK; and
ASSOCIATION OF AMERICAN
INTERNATIONAL MEDICAL
GRADUATES, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD., a Cayman Islands company,<br><br>                Plaintiff,<br><br>v.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE FOUNDATION, a Netherland-Antilles company; MEDICAL UNIVERSITY OF THE AMERICAS, a St. Kitts & Nevis company; EDUCATION INFORMATION CONSULTANTS, INC., a Massachusetts corporation; EDUCATIONAL INTERNATIONAL CONSULTANTS, LLC, a Massachusetts limited liability company; PATRICIA L. HOUGH, M.D., an individual, and d.b.a. "Saba University School of Medicine"; DAVID L. FREDRICK, an individual; PANKAJ DESAI, M.D., an individual; ASSOCIATION OF AMERICAN INTERNATIONAL MEDICAL GRAUDATES, INC., a Nevada corporation, a.k.a. "aaimg@yahoo.com"; THOMAS MOORE, M.D. a.k.a. "presaaimg@hotmail.com" and "crocdoc2004@netzero.net," an individual; SARAH B. WEINSTEIN a.k.a. "execsecaaimg@hotmail.com,: an individual; RACHAEL E. SILVER, an individual; and DIEDRE MOORE, an individual,<br><br>                Defendants. | Case No.:  CV-S-05-0848-RCJ (LRL)<br><br>**MOTION OF DEFENDANTS PATRICIA R. HOUGH AND ASSOCIATION OF AMERICAN INTERNATIONAL MEDICAL GRADUATES, INC. TO DISMISS THE SECOND, THIRD, FIFTH AND SIXTH CLAIM OF PLAINTIFF'S AMENDED COMPLAINT** |

2006 FEB 14  P 2: 56

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

## MOTION OF DEFENDANTS PATRICIAL R. HOUGH AND ASSOCIATION OF AMERICAN INTERNATIONAL MEDICAL GRADUATES, INC. TO DISMISS THE SECOND, THIRD, FIFTH AND SIXTH CLAIM OF PLAINTIFF'S AMENDED COMPLAINT

Defendants Patricia L. Hough ("Hough") and the Association of International Medical Graduates, Inc.("AAIMG") moves to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(3), as venue is improper.  Defendants also move pursuant to Fed.R.Civ.P. 12(b)(6) for the dismissal of the Second, Third, Fifth and Sixth claims of Plaintiff's Amended Complaint on the grounds that the allegations of the Second, Third, Fifth and Sixth claims fail to state claims upon which relief may be granted.  Defendants rely upon the Memorandum of Law which is being filed in support of this Motion to Dismiss.

### ISSUES PRESENTED

I.      PLAINTIFF'S CLAIMS MUST BE DISMISSED PURSUANT TO FED.R.CIV.P. 12(b)(3) ON THE GROUND THAT VENUE DOE NOT LIE IN THE DISTRICT OF NEVADA.

II.     PLAINTIFF'S SECOND AND THIRD CLAIMS UNDER THE LANHAM ACT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER 15 U.S.C. § 1126(b) & (h).

III.    SMU'S FIFTH CLAIM FAILS TO STATE A CLAIM FOR RELIEF UNDER THE NEVADA DECEPTIVE TRADE PRACTICE ACT.

IV.     SMU'S SIXTH CLAIM FAILS TO STATE A CLAIM FOR RELIEF UNDER THE CALIFORNIA COMPUTER CRIMES ACT.

### BACKGROUND

The Amended Complaint in this matter alleges that the Defendants named in the Amended Complaint jointly engaged in a conspiracy to injure the reputation of Plaintiff St. Matthew's University ("SMU"), a Cayman Island British West Indies Corporation, by making fraudulent and defamatory statements on a web site allegedly maintained by AAIMG in Russia. In the Second, Third, Fifth and Sixth claims of the Amended Complaint, Plaintiff seeks to allege

2

violations of the Lanham Act, 15 U.S.C. §1125, the Nevada Deceptive Trade Practice Act,

N.R.S. 598(3)(5)(7) and (15), and the California Computer Crimes Act.  However, as

demonstrated herein, the Amended Complaint fails to allege essential elements of those claims

and they therefore must be dismissed.

## ARGUMENT

I. **PLAINTIFF'S CLAIMS MUST BE DISMISSED PURSUANT TO FED.R.CIV.P. 12(b)(3) ON THE GROUND THAT VENUE DOE NOT LIE IN THE DISTRICT OF NEVADA.**

Plaintiff alleges that venue is appropriate in the District of Nevada pursuant to 28 U.S.C.

§§1391(a) and (b).

28 U.S.C. §1391(a) provides:

> A civil action wherein jurisdiction is founded only on diversity of
> citizenship may, except as otherwise provided by law, be brought
> only in (1) a judicial district where any defendant resides, if all
> defendants reside in the same State, (2) a judicial district in which
> a substantial part of the events or omissions giving rise to the claim
> occurred, or a substantial part of property that is the subject of the
> action is situated, or (3) a judicial district in which any defendant
> is subject to personal jurisdiction at the time the action is
> commenced, if there is no district in which the action may
> otherwise be brought.

\*\*\*

28 U.S.C. §1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on
> diversity of citizenship may, except as otherwise provided by law,
> be brought only in (1) a judicial district where any defendant
> resides, if all defendants reside in the same State, (2) a judicial
> district in which a substantial part of the events or omissions
> giving rise to the claim occurred, or a substantial part of property
> that is the subject of the action is situated, or (3) a judicial district
> in which any defendant may be found, if there is no district in
> which the action may otherwise be brought.

The Amended Complaint fails to allege the facts necessary to support a claim that 28

U.S.C. §1391 (a) or (b) authorizes venue in this District.  First, venue does not lie under 28

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

3

U.S.C. §§1391(a)(1) or 28 U.S.C. §§1391(b)(1) because all defendants are not alleged to reside in this District.

Second, venue does not lie under 28 U.S.C. §1391(a)(2) or (b)(2) because the Amended Complaint does not allege that a "substantial part of the events giving rise" to the claims alleged occurred in Nevada. Although the Amended Complaint makes allegation concerning activities allegedly taken by AAIMG, Thomas Moore, Sarah Weinstein, Rachael Silver and Diedre Moore who are alleged to have Nevada business addresses (Amended Complaint ¶5), it does not allege that any allegedly offensive behavior in connection with AAIMG's website which is hosted in Russia (Amended Complaint, ¶62), took place in the District of Nevada. Indeed, the wrongful actions are alleged to actually have been taken not by AAIMG or its officers but rather by Defendants Hough, Fredrick and Desai, none of whom are alleged to be residents of Nevada or to have ever actually performed any actions within the District of Nevada. See Amended Complaint, ¶¶3f and 3g, 48-72. Thus, the Plaintiff's Amended Complaint contradicts its efforts to allege venue under 28 U.S.C. §§1391(a)(2) and (b)(2) by actually alleging that the conduct complained of was carried on by individuals and entities with no contacts with the District of Nevada and by failing to allege wrongful conduct causing injury in Nevada or occurring in Nevada.

Finally, this action could be brought in the State of Florida or Massachusetts where the bulk of the defendants, who are alleged to be residents of the United States and who are alleged to have acted improperly, reside or conduct business activities. See Amended Complaint, ¶¶ 3d, 3e and 3f. Thus, the requirements of 28 U.S.C. §§1391(a)(3) and 1391(b)(3) are not satisfied because there are plainly other districts in which this action can be brought.

. . .

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

4

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

Plaintiff's selection of the District of Nevada appears solely to be aimed at inconveniencing the defendants. Plaintiff is a foreign corporation which resides in the British West Indies. All of the defendants alleged to be actually responsible for the wrongs complained of are residents of distant states or Caribbean countries. None of the actions causing damage to Plaintiff from which its claim arises are alleged to have been taken in Nevada and none of the injuries suffered by Plaintiff are alleged to have been incurred by Plaintiff in Nevada. The injury it allegedly suffers, the loss of its reputation, is one which, if it actually had occurred, would evidence itself by monetary damages caused by a loss of students at Plaintiff's campus in the British West Indies or at its activities conducted in the State of Maine. Where as here the alleged wrongful actions and damages arising from them do not occur in Nevada, venue does not lie in this District. See Sutain v. Shapiro and Lieberman, 678 F.2d 115, 117 (9th Cir. 1982); Magic Toyota, Inc. v. Southeast Toyota Distributors, Inc., 784 F.Supp. 306, 318-319 (D.S.C. 1992); Radical Products, Inc. v. Sundays Distributing, 821 F.Supp. 648, 650 (W.D. Wash. 1992); Meyer v. Reno, 911 F.Supp. 11, 15 (D.D.C. 1996); Medoil Corp. v. Clark, 753 F.Supp. 592, 597-598 (W.D. N.C. 1990).

## II. PLAINTIFF'S SECOND AND THIRD CLAIMS UNDER THE LANHAM ACT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER 15 U.S.C. § 1126(b) & (h).

Plaintiff, a foreign national, alleges unfair competition under the Lanham Act in Counts II and III of its Amended Complaint.[1] Plaintiff's allegations of unfair competition in violation of the Lanham Act fail to state a claim upon which relief can be granted and must be dismissed because they fail to allege that Plaintiff has standing to proceed under the Lanham Act. See Fed.R.Civ.P. 12(b)(6).

---

[1] In Count II, Plaintiff alleges unfair competition arising from alleged false and misleading statements under 15 U.S.C. §1125(a). In Count III, Plaintiff alleges unfair competition arising from allegedly false statements of characteristics or origin under the same statute.

Although Plaintiff has alleged a violation of 15 U.S.C. 1125, because SMU is a foreign entity incorporated in the Cayman Islands, (Amended Complaint, ¶ 3a), this Court's analysis of Plaintiff's right to proceed under the Lanham Act must begin with the language of Sections 1126 (b)[2] and (h)[3], pursuant to which Congress provided the only cause of action for foreign nationals under the Lanham Act.  Sections 1126 (b) and (h) extend the protections and remedies of the Lanham Act for unfair competition only to a foreign national whose "country of origin is a party to any convention or treaty relating to ... unfair competition, to which the United States is also a party, or extends reciprocal rights to nationals of the United States by law." 15 U.S.C. §1126 (b). See Larsen v. Terk Technologies Corp., 151 F.3d 140, 145-46 (4th Cir. 1998). See also Scotch Whiskey Ass'n v. Majestic Distilling Co., 958 F.2d 594, 597 (4th Cir. 1992)(Section 1126(b) of the Lanham Act gives those persons whose country of origin is a party to a treaty relating to unfair competition those benefits of Section 1126 necessary to give effect to the Treaty).

15 U.S.C. §1126(h) in turn authorizes foreign nationals to assert claims of unfair competition if they have such rights under 15 U.S.C. §1126(b).  The legislative history of Section 1126 was discussed in detail and summarized in the case of L'aiglon Apparel v. Lana Lobel, Inc., 214 F.2d 649, 654 (3rd Cir. 1954):

> This legislative history lends support to the following inferences and interpretations limiting Section 44[Section 1126]:
>
> 1. Congress, by its discussion and rejection of the broad provision of H.R. 4744 of the 76th Congress declaring all acts of unfair competition to be unlawful, revealed

[2] 15 U.S.C. §1126, also referenced as Section 44 of the Lanham Act, provides that "[a]ny person whose country of origin is a party to the convention ... shall be entitled to benefits [under § 1126] to the extent necessary to give effect to any provision of such convention ..." 15 U.S.C. §1126(b).

[3] 15 U.S.C. §1126(h) provides that any person covered by § 1126(b) "shall be entitled to effective protection against unfair competition, and the remedies ... shall be available so far as they may be appropriate in repressing acts of unfair competition."

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

an unwillingness to give federal courts jurisdiction of unfair competition claims [by foreign corporations] to the full extent of its power to regulate commerce.

2.  The intent of Congress was to implement international agreements which were not self-executing and which varied in their coverage of practices in the field of unfair competition.

3.  By rejecting the suggestion that the unfair competition provision be placed in the section providing remedy to registrants alone and by placing it in a separate section in accordance with the suggestion that some conventions prohibit unfair competition in respects other than the marking of goods, Congress manifested an intent to fashion a remedy to coincide with rights growing from the respective international agreements.

4. The effective protection against unfair competition' granted in subsection (h) is coextensive with the varying substantive provisions of the international agreements....

In further analyzing the legislative history of this provision, the L'aiglon Apparel Court concluded: " [T]here was no need for such a limited declaration of jurisdiction over unfair competition [claims by foreign nationals] if the Lanham Act had covered ... countless other [situations] in a much broader grant of jurisdiction over all unfair competition in commerce." 214 F.2d at 654.

Thus, the unambiguous statutory language and the legislative history of Section 1126 of the Lanham Act creates a substantive federal law of unfair competition which limits those foreign nationals who are entitled to the benefits of the Lanham Act to those who have rights under treaties referenced in Section 1126 (b).  See L'aiglon Apparel,  214 F.2d at 654.  See generally Pagliero v. Wallace China Co., 198 F.2d 339 (9th Cir. 1952).  Put simply, the purpose of 15 U.S.C. §1126 (h) is to extend  protection to any foreign national whose country of origin is party to any convention or treaty relating to the repression of unfair competition and who meets the other requirements set forth in section 1126(b).  El Greco Leather Products Co. v. Shoe World, Inc., 599 F.Supp. 1380, 1391 (E.D.N.Y. 1984), reversed on other grounds, 806 F.2d 392 (2nd Cir. 1986). If Congress intended to give foreign nationals the unlimited right afforded by 15

U.S.C. §1125 (as claimed by SMU), there would have been no need for Congress to have enacted either 15 U.S.C. §1126(b) or 15 U.S.C. §1126(h), which afford rights under the Lanham Act only to a subset of foreign nationals - those from countries with qualifying treaties.

In the instant case, Plaintiff is a foreign national. However, Plaintiff has not alleged the existence of any convention or treaty relating to the repression of unfair competition to which both the United States and the Caymen Islands are parties. Absent such an allegation, which is a necessary element to enable a foreign national to seek unfair competition protection under the Lanham Act, Counts II and III must be dismissed. This case can be contrasted with the Larsen case in which the Court permitted the case to proceed because the Plaintiff was a Danish national and the United States and Denmark were both parties to the International Convention for the Protection of Industrial Property of 1883. See Larsen, 151 F.3d at 145-46. See also Toho Co. Ltd. v. Sears, Roebuck & Co., 645 F.2d 788, 792-93 (9th Cir. 1981)(federal jurisdiction existed for foreign national based on treaty involving United States and Japan); Maison Lazard v. Manfra, Tordella & Brooks, 585 F.Supp. 1286, 1289 (S.D.N.Y. 1984) (foreign national could bring action under the Lanham Act because the United States and France were signatories to the Paris Convention). Thus, unlike Larsen, Toho, and Maison, Plaintiff, as a foreign national, has failed to allege the necessary elements to bring an unfair competition under the Lanham Act and its Second and Third Claims must therefore be dismissed pursuant to Fed.R.Civ.P. 12 (b)(6).

**III.   SMU'S FIFTH CLAIM FAILS TO STATE A CLAIM FOR RELIEF UNDER THE NEVADA DECEPTIVE TRADE PRACTICE ACT.**

In its Fifth Claim, SMU alleges that Defendant's conduct violates the Nevada Deceptive Trade Practice Act, N.R.S. 598(3), (5)(7) and (15). However, N.R.S. Chapter 598 generally provides "for a public cause of action for deceptive trade practices," Nevada Power v. Eighth Dist. Court. 102 P.3d 578 (2004) (emphasis added), and the Nevada Supreme Court has declined

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

to recognize a private cause of action under that statute. Id., 102 P. 3d at 583 n.7.   In any event, SMU's Amended Complaint fails to allege any conduct within the constitutional reach of the Nevada Deceptive Trade Practice Act because it fails to allege that any of the actions which allegedly cause damage to SMU occurred in Nevada or that any damages occurred to SMU in Nevada.  It is of course axiomatic that the state has police power to regulate conduct occurring within its borders.  See Gonzales v. Oregon, U.S. S.Ct. No. 04-623 (January 17, 2006).  "Within its police power, the Legislature may regulate commercial and business affairs in order to promote the health, safety, morals and general welfare of its citizens and to protect its citizens from injurious activities." State Ex Rel List. v. AAA Auto Leasing, 93 Nev. 483, 486; 568 P.2d 1230 (1977).  It is equally axiomatic that the state's police powers do not extend to conduct occurring outside its jurisdiction which is not alleged to have caused damages within its jurisdiction.  "A state cannot impose punitive sanctions for conduct that affected other states but had no impact on the ...state or its residents."  White v. Ford Motor Co., 312 F.3d 998, 1016 at n. 68 and 1018-1020 (9th Cir. 2003).   Since SMU's Amended Complaint totally fails to allege any act or conduct which warrants extension of the police powers of the State of Nevada to the Defendants, SMU's Fifth Claim based on the Nevada Deceptive Practice Act must be dismissed pursuant to Fed.R.Civ.P. 12(b) (6) for failure to state a claim upon which relief can be granted.

## IV.   SMU'S SIXTH CLAIM FAILS TO STATE A CLAIM FOR RELIEF UNDER THE CALIFORNIA COMPUTER CRIMES ACT.

SMU's Sixth Claim fails to state a claim under the California Computer Crimes Act because the Amended Complaint fails to allege the facts necessary to establish standing to proceed in a civil action under that Act.  California Penal Code Section 502(e) (1) provides:

> (1) In addition to any other civil remedy available, the owner or lessee of the computer, computer system, computer network, computer program, or data may bring a civil action against any person convicted under this section for compensatory damages,

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

> including any expenditure reasonably and necessarily incurred by the owner or lessee to verify that a computer system, computer network, computer program, or data was or was not altered, damaged, or deleted by the access.  For the purposes of actions authorized by this subdivision, the conduct of any unemancipated minor shall be imputed to the parent or legal guardian having control or custody of the minor, pursuant to the provisions of Section 1714.1 of the Civil Code.  (Emphasis added).

The Amended Complaint does not allege that SMU's claims are premised upon its ownership or lease of any "computers, computer systems, … network, … program or data."  Nor does it allege (because it has not occurred) that any defendant has been "convicted under [the California Computer Crimes Act]."  The Amended Complaint also does not allege that any injury occurred in the State of California as a result of the alleged violations of the California Penal Code.  The Amended Complaint thus does not state a claim under the California act because it fails to allege an impact on California or its residents.  White v. Ford Motor Co., 312 F.3d at 1016, n. 68 and 1018-1020.  See discussion at pp. 5-6, supra.  Therefore, the Amended Complaint fails to state the prerequisite for a civil action under that statute and a claim for relief under that statute and the Sixth Claim must be dismissed pursuant to Fed.R.Civ.P. 12(b) (6).

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

10

1

## CONCLUSION

2

The Amended Complaint fails to state claims for relief upon which relief can be granted

3

in its Second, Third, Fifth and Sixth claims and those claims must be dismissed pursuant to

4

Fed.R.Civ.P. 12(b)(6).

5

DATED this 4th day of February, 2006.

6

7                                        PATRICIA L. HOUGH AND THE
                                          ASSOCIATION OF INTERNATIONAL

8                                        MEDICAL GRADUATES, INC.
                                          By Their Attorneys,

9

10

11

12                                       _____
                                          NATHAN R. REINMILLER, ESQ.

13                                       Nevada Bar No. 6793
                                          ALVERSON, TAYLOR,

14                                       MORTENSEN & SANDERS
                                          7401 W. Charleston Boulevard

15                                       Las Vegas, NV 89117

16

17

18

19

20

21

22

23

24

25

26

27

28

11

**ALVERSON, TAYLOR, MORTENSEN & SANDERS**
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

**CERTIFICATE OF MAILING**

I hereby certify that on this _14 th_ day of February, 2006, I did deposit in the United States

Post Office, with postage fully prepaid thereon, a copy of the above and foregoing **MOTION**

**OF DEFENDANTS PATRICIA R. HOUGH AND ASSOCIATION OF AMERICAN**

**INTERNATIONAL MEDICAL GRADUATES, INC. TO DISMISS THE SECOND,**

**THIRD, FIFTH AND SIXTH CLAIM OF PLAINTIFF'S AMENDED COMPLAINT**

addressed to:


Mark G. Tratos, Esq.
F. Christopher Austin, Esq.
Ronald D. Green, Jr., Esq.
GREENBERG TRAURIG LLP
3773 Howard Hughes Pkwy., Ste. 500N
Las Vegas, NV 89109
*Attorney for Plaintiff*

Karl S. Kronenberger, Esq.
Terri R. Hanley, Esq.
KRONENBERGER & ASSOCIATES
220 Montgomery St., Ste. 1920
San Francisco, CA 94104
*Attorney for Plaintiff*


An Employee of ALVERSON, TAYLOR,
MORTENSEN & SANDERS

N:\bruce.grp\Z-client\15989\15989Motion to Dismiss.Hough.AAIMG.wpd

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

12

1

## CERTIFICATE OF MAILING

2

I hereby certify that on this ⊥ day of April, 2006, I did deposit in the United States Post

3

Office, with postage fully prepaid thereon, a copy of the above and foregoing **ANSWER AND**

4

**JOINDER TO MOTION TO DISMISS THE AMENDED COMPLAINT AGAINST**

5

6

**DEFENDANTS THOMAS MOORE, M.D., SARAH B. WEINSTEIN, RACHEL E. SILVER**

7

**AND DIEDRE MOORE** addressed to:

8

9

Mark G. Tratos, Esq.

10

F. Christopher Austin, Esq.
Ronald D. Green, Jr., Esq.

11

GREENBERG TRAURIG LLP
3773 Howard Hughes Pkwy., Ste. 500N

12

Las Vegas, NV 89109

13

*Attorney for Plaintiff*

14

Karl S. Kronenberger, Esq.

15

Terri R. Hanley, Esq.
KRONENBERGER & ASSOCIATES

16

220 Montgomery St., Ste. 1920
San Francisco, CA 94104

17

*Attorney for Plaintiff*

18

19

*Sevakannani*

20

_____

21

An Employee of ALVERSON, TAYLOR,
MORTENSEN & SANDERS

22

N:\bruce.grp\Z-client\15989\15989Response to Amended Complaint.wpd

23

24

25

26

27

28

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000