**GREENBERG TRAURIG LLP**
Mark G. Tratos (Bar No. 1086)
F. Christopher Austin (Bar No. 6559)
Ronald D. Green, Jr. (Bar No. 7360)
3773 Howard Hughes Parkway, Ste. 500 N
Las Vegas, Nevada 89109
Tel: (702) 792-3773
Fax: (702) 792-9002

**KRONENBERGER HANLEY, LLP**
Karl S. Kronenberger (CA Bar No. 226112)
Terri R. Hanley (CA Bar No. 199811)
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD., a Cayman Islands company, | Case No. CV-S-05-0848-BES |
| Plaintiff, | **CONSOLIDATED OPPOSITION TO MOTIONS TO DISMISS OF DEFENDANTS PANKAJ DESAI, M.D., SABA UNIVERSITY, EIC, LLC, AND EIC, INC.** |
| vs. | |
| SABA UNIVERSITY SCHOOL OF MEDICINE FOUNDATION, a Netherland-Antilles company, et al, | |
| Defendants. | |

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS

1
2

**TABLE OF CONTENTS**

3    INTRODUCTION ................................................................................................2

4

5    LEGAL ARGUMENT ..........................................................................................3

6

7    I. DEFENDANT HOUGH HAS ANSWERED FOR, AND THERBY ADMITS TO

8    PERSONAL KNOWLEDGE, AND THEREFORE DEFENDANTS' INVOLVEMENT IN,

9    ACTS IN NEVADA DEFENDANT AAIMG OFFICERS...................................3

10

11   II.   OPPOSITION TO MOTIONS CHALLENGING PERSONAL JURISDICTION ...........4-9

12         A.   Answer of Defendant HOUGH on behalf of Nevada Defendants and AAIMG

13              Officers establish knowledge and involvement in acts occurring in and directed

14              towards Nevada ..................................................................................4-5

15         B.   Evidence Shows Defendant DESAI's personal involvement in alleged acts

16              committed towards and using Nevada's jurisdiction ...............................5-6

17         C.   Plaintiff has established the general and specific jurisdiction over Defendants

18              SABA UNIVERSITY , EIC, INC., and EIC, LLC.....................................6-9

19              1.   General Jurisdiction is established by nation-wide commercial activities of

20                   Defendants SABA UNIVERSITY, and its exclusive agents, EIC, INC. and

21                   EIC, LLC .....................................................................................7-9

22                   i.   SABA's Contacts with Nevada Are Grounds for a Finding of General

23                        Jurisdiction..........................................................................7-8

24                   ii.  The Contacts of the "Subsidiary" AAIMG, Inc. Must Be Attributed to

25                        the "Parent Corporations" of SABA, EIC, LLC and EIC, INC., for the

26                        Purpose of General Jurisdiction............................................8

27
28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

i

OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS

iii.  SABA UNIVERSITY, EIC, LLC and EIC, INC. are the alter egos and agents of Nevada's AAIMG and its defendant officers, as alleged and as admitted by Defendant HOUGH, and evidenced by authenticated documents ........................................................................................8-9

2.  Acts of Defendants Establish Specific Jurisdiction over Defendants SABA UNIVERSITY, EIC, INC., and EIC, LLC...........................................................9

III.  **OPPOSITION TO MOTIONS CHALLENGING VENUE**.........................................**10-11**

A.  Defendant HOUGH's answer in place of Nevada Defendants irrefutably establishes that a "substantial part" of the acts giving rise to Plaintiff's claims occurred in or were directed towards Nevada ........................................................ 10

B.  Injuries incurred by Plaintiff resulting from Defendants' massive and widespread fraud have occurred globally, including within Nevada, where a majority of Defendants' false statements were represented by Defendants as originating 11-12

IV.  **OPPOSITION TO MOTIONS TO DISMISS PURSUANT TO RULE 12(b)(6)**.......**12-18**

A.  Plaintiff Has Standing To Sue Under Section 43(A) Of The Lanham Act (15 Usc §1125(A)) ...................................................................................................... 12

1.  Foreign Nationals Unequivocally Have Standing To Sue Under Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)) .......................................13-15

B.  Plaintiff ST. MATTHEW'S has Alleged Unlawful Actions of Defendants That Are "In Commerce" in the United States, Placing Plaintiff's Allegations Squarely Within the Purview of Section 43(a) of the Lanham Act ...................................15-16

C.  Plaintiff ST. MATTHEW'S Has Never Alleged a Cause of Action under 15 USC § 1126(b) & (h) as Defendants Infer...................................................................16-17

D.  Section 44 of the Lanham Act (15 USC § 1126) Relates to Protection for Trademarks Registered in Foreign Countries, and Is Inapplicable to the Case at Hand.............................................................................................................17-18

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS

V. OPPOSITION TO MOTION CHALLENGING SERVICE ON DEFENDANT SABA UNIVERSITY.............................................................................................................18-20

   A.  Service of Plaintiff's FAC Upon Defendant SABA UNIVERSITY Was Effective Service under the Federal Rules .......................................................................19-20

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS

## TABLE OF AUTHORITIES

<u>Cases</u>

*Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.* (9th Cir.1993)
   1 F.3d 848, 851 ...................................................................................... 7
*Asahi Metal Indus. Co. v. Superior Court* (1987)
   480 U.S. 102, 107, 107 S.Ct. 1026........................................................ 7
*El-Fadl v. Central Bank of Jordan* (D.C.Cir. 1996)
   75 F.3d 668, 676 .................................................................................... 8
*Helicopteros Nacionales de Colombia, S.A. v. Hall* (1984)
   466 U.S. 408, 414, 104 S.Ct. 1868........................................................ 7
*Int'l Shoe Co. v. Washington* (1945)
   326 U.S. 310, 316.................................................................................. 7
*International Café, S.A.L. v. Hard Rock Café Intern. (U.S.A.), Inc.* (11th Cir. 2001)
   252 F.3d 1274, 1278 ............................................................................ 18
*Johnson & Johnson v. Carter-Wallace, Inc.* (2d Cir.1980)
   631 F.2d 186, 190 ................................................................................ 15
*Kramer Motors, Inc. v. British Leyland, Ltd.* (9th Cir.1980)
   628 F.2d 1175, 1177 .............................................................................. 8
*L'Aiglon Apparel v. Lana Lobell, Inc.* (3d Cir.1954)
   214 F.2d 649, 650 .......................................................................... 14, 18
*Lynch v. Blake* (Hawaii,1978)
   59 Haw. 189, 203, 579 P.2d 99, 107 ................................................... 19
*Lynch v. Blake* (Hawaii,1978)
   59 Haw. 193, 579 P.2d 102 ............................................................ 19-20
*Menendez v. Faber, Coe & Gregg, Inc.* (S.D.N.Y.1972)
   345 F.Supp. 527, 558 .......................................................................... 14
*Menendez v. Faber, Coe & Gregg, Inc.* (2d Cir. 1973)
   485 F.2d 1355 ...................................................................................... 14
*Noone v. Banner Talent Associates. Inc.* (D.C.N.Y. 1975)
   398 F.Supp. 260, 262 ..................................................................... 14, 17
*Scotch Whiskey Association v. Barton Distilling Company* (N.D.Ill.1971)
   338 F.Supp. 595, 598-599............................................................... 14, 18
*Scotch Whiskey Association v. Barton Distilling Company*
   489 F.2d 809 (7th Cir. 1973) ................................................................ 14
*Spartan Chemical Co., Inc. v. Atm Enterprises* (N.D. Illinois 1986 )
   1986 WL 2616 ...................................................................................... 14
*United States v. Bestfoods* (1998)
   524 U.S. 51, xx, 118 S.Ct. 1876, 1889 ................................................. 8
*West Indian Sea Island Cotton Ass'n Inc. v. Threadtex, Inc.* (S.D.N.Y. 1991)
   761 F.Supp. 1041 ........................................................................... 14-15

<u>Statutes</u>

15 U.S.C. §1121(a) ...................................................................................... 13
15 U.S.C. § 1125(a) ................................................................................. 12-18
15 USC §1125(a)(1).................................................................................. 12-13
15 U.S.C. §1125(a)(1)(A) ............................................................................ 17

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.kronenbergerlaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS

15 U.S.C. §1125(a)(1)(B) .................................................................... 17
15 U.S.C. § 1126........................................................................... 16-17
15 U.S.C. § 1126(b) ............................................................................ 16
15 U.S.C. § 1126(h) ..................................................................... 16, 18
15 U.S.C. §1127.................................................................................. 13
Federal Rule of Civil Procedure 4(d)(3) ............................................ 19
Federal Rule of Civil Procedure 4(h)(1) ............................................ 20
Federal Rule of Civil Procedure 12(b)(4)........................................... 18

**Secondary Authorities**

4 Callman, Unfair Competition, Trademarks and Monopolies § 100.1(a),
at 844 (3d Ed. 1970) ......................................................................... 14
"Standing to Bring False Advertising Claim or Unfair Competition Claim Under §43(a)(1)
of Lanham Act (15 U.S.C.A. 1125(a)(1))," 124 ALR Fed 189, § 22 .................................... 15

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS

1

INTRODUCTION

2      In the interests of economy, Plaintiff St. Matthew's School of Medicine (Cayman),

3   Ltd. ("ST. MATTHEW'S") hereby submits this consolidated opposition and response to

4   the largely duplicative motions and arguments of Defendants Pankaj Desai, M.D.

5   ("DESAI"), Saba University School of Medicine Foundation ("SABA"), and Education

6   Information Consultants, Inc. and Educational International Consultants, LLC.

7   (collectively, "EICs"), specifically:

8      1.      Defendant Pankaj Desai's Motion to Dismiss Plaintiff's Complaint (filed

9         April 4, 2006) ("DESAI Motion");

10      2.      Defendant Saba University School of Medicine Foundation's Motion to

11         Dismiss Plaintiff's Amended Complaint (filed April 7, 2006) ("SABA Motion"); and

12      3.      Defendant Education Information Consultants, Inc.'s and Educational

13         International Consultants, LLC's Motion to Dismiss Plaintiff's Amended Complaint

14         (filed April 10, 2006) ("EIC Motion").

15      To the extent that the above motions duplicate those motions to dismiss

16   previously filed by Defendants American Association of International Medical Graduates,

17   Inc. ("AAIMG"), David L. Fredrick ("FREDRICK"), and Patricia L. Hough, M.D.

18   ("HOUGH"), Plaintiff restates and incorporates by reference its Consolidated Opposition

19   To Defendant David L. Fredrick's Motion To Dismiss Plaintiff's Complaint, And

20   Defendant Patricia Hough's, And Defendant AAIMG's Motion To Dismiss The Second,

21   Third, Fifth And Sixth Claims," filed on March 6, 2006 (the "Opposition"), and papers filed

22   in support, in their entirety, and as specifically noted below.

23      Furthermore, Plaintiff has filled herewith, and notices the Court, of its "Response

24   to Hough's Answer on behalf of AAIMG Officers," discussed in relevant part below.

25   ///

26

27

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

2

OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS

**I. DEFENDANT HOUGH HAS ANSWERED FOR, AND THEREBY ADMITS TO PERSONAL KNOWLEDGE, AND THEREFORE DEFENDANTS' INVOLVEMENT IN, ACTS IN NEVADA DEFENDANT AAIMG OFFICERS**

On April 4, 2006, counsel for Defendants HOUGH, FREDRICK, AAIMG, SABA UNIVERSITY, EIC, LLC, and EIC, INC., filed an "ANSWER AND JOINDER TO MOTION TO DISMISS THE AMENDED COMPLAINT AGAINST DEFENDANTS THOMAS MOORE, M.D., SARAH B. WEINSTEIN, RACHAEL E. SILVER, AND DIEDRE MOORE" ("HOUGH's AAIMG Answer"). In that document, Defendant HOUGH answers in place of AAIMG Officers, Defendants Thomas Moore, M.D. ("MOORE"), Sarah Weinstein ("WEINSTEIN"), RACHAEL SILVER ("SILVER"), and Diedre Moore ("D. MOORE"), adopting and swearing, subject to Rule 11 sanctions, that her answer is adopted to serve as that of those AAIMG Defendants.

Plaintiff has filed herewith it's "Response to Hough's Answer on behalf of AAIMG Officers," addressing directly Plaintiff's position on the evidentiary and procedural implications and treatment of the subject document.

This document has significant impact on the present motions, in that it serves as Defendant HOUGH's claim and sworn statement that she possesses personal knowledge sufficient to admit or deny the acts of the Nevada Defendants as alleged. In doing so, Defendant HOUGH, who has not challenged personal jurisdiction in Nevada, implicitly and expressly acknowledges and affirms the inherent and inseparable connections between the acts and allegations against the Nevada Defendants and the other Defendants, including the presently moving Defendants, whom Plaintiff has alleged were complicit with Defendant HOUGH in the fraudulent and tortious acts alleged.

Furthermore, such an appearance and sworn statement by Defendant HOUGH serves to negate completely the arguments in challenge of venue made by the presently moving Defendants. HOUGH's assertions that she may, can, and should answer to the acts of Nevada Defendants that are alleged to have occurred in the State of Nevada.

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

3

1   demonstrate that, despite Defendants' groundless assertions to the contrary,

2   Defendants' alleged frauds, statements, and adopted identities in the State of Nevada

3   irrefutably give rise to the claims in Plaintiff's FAC, defeating any motion arguing any

4   position otherwise.

5   **II. OPPOSITION TO MOTIONS CHALLENGING PERSONAL JURISDICTION**

6         Except for changing party names, each of Defendants DESAI, SABA

7   UNIVERSITY,  EIC, INC and EIC LLC have made identical motions to dismiss Plaintiff's

8   FAC on the grounds that this Nevada Court lacks personal jurisdiction.  (SABA Motion,

9   pp. 6-9: DESAI Motion, pp. 4-8; EIC Motion, pp. 5-8.]  These motions in turn, with only

10  minor additional claims, are the same as those presented by their counsel in Defendant

11  FREDRICK'S "Motion To Dismiss Plaintiff's Complaint" (pursuant to federal rules of civil

12  procedure 12(b)(2), (3) & (6), dated February 14, 2006 ("FREDRICK Motion", pp. 3-7).

13        As such, Plaintiff ST. MATTHEW'S incorporates by reference its Opposition to

14  that motion, as described above.  (See Opposition, pp. 3-11.)  As there stated,

15  Defendants' motions refuse to acknowledge or address that Plaintiff has alleged

16  personal jurisdiction based upon not just personal direct contacts with Nevada by any

17  defendant, but also upon:

18       - the Defendants' complicity in a lengthy conspiracy to commit, further, aid, abet

19  and provide the means to commit the tortious and criminal acts alleged, originating in

20  and identified by Plaintiff as occurring in the State of Nevada;

21       - documented evidence of Defendants' providing the means for and participating

22  in the frauds and defamation alleged;

23       - the general jurisdiction of Defendants SABA UNIVERSITY, MUA, and the EICs,

24  by way of their efforts in recruiting, placement, advertising, professional programs, and

25  accreditations throughout the entire United States, including Nevada; and

26       - the tortious acts committed by Defendants outside the State of Nevada, but

27  using a Nevada address, personas, corporation, and identity in the commission thereof,

28  thereby directing their actions towards the forum of the District of Nevada.

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS

1   As these arguments relat to the presently moving Defendants, separate and
2   distinct from the arguments Plaintiff presented in its prior consolidated Opposition of
3   March 6, 2006 (incorporated herein by reference), Plaintiff further states the following:

4   **A. Answer of Defendant HOUGH on behalf of Nevada Defendants and**
5   **AAIMG Officers establishes knowledge and involvement in acts occurring in**
6   **and directed towards Nevada.**

7   As stated above in Section I, the answer of Defendant HOUGH, SABA
8   UNIVERSITY owner and head Academic Dean, and co-owner of Defendants EIC, LLC,
9   and EIC, INC. and Defendant MUA, establishes that she possesses personal knowledge
10   sufficient to answer or deny the allegations of acts against Nevada Defendants MOORE,
11   SILVER, WEINSTEIN, and D. MOORE – each of them the listed officers – Plaintiff
12   alleges fraudulently so – of  Defendant Nevada corporation AAIMG.  In that Plaintiff has
13   shown and alleged the conspiracy and liability of Defendants HOUGH, FREDRICK,
14   DESAI, SABA UNIVERSITY, EIC, INC., EIC, LLC., and MUA, Defendant HOUGH's
15   attempted answer serves to establish an admission of their inherent involvement in the
16   acts and identities n Nevada as alleged.

17   **B. Evidence Shows Defendant DESAI's personal involvement in alleged**
18   **acts committed towards and using Nevada's jurisdiction.**

19   Plaintiff's allegations establishing personal jurisdiction over Defendant DESAI rest
20   not only upon his complicity in the extensive conspiratorial acts of his co-defendants, but
21   in upon the documented personal involvement of Defendant DESAI in the commission,
22   aiding, abetting, and providing the means of committing those acts alleged.

23   Much like Plaintiff's showing of proof as to Defendant FREDRICK's documented
24   involvement in the online and mail frauds and other acts alleged, Plaintiff's discovery
25   efforts have resulted in such documentation of involvement as to Defendant DESAI.
26   Attached as Exhibits A and D to the Declaration of Karl S. Kronenberger in support
27   hereof ("Kronenberger Decl."), are true and correct copies of documents produced in
28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

5

OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS

1   response to Plaintiff's subpoenas for documents, authenticated by declaration of the

2   respective document custodians, which evidence the following:

3         - access logs for the Hotmail email account "presaaimg@hotmail.com," held

4   under the name of Nevada Defendant THOMAS MOORE, shown and alleged to have

5   been used under the names of Nevada Defendants THOMAS MOORE and SARAH

6   WEINSTEIN, to operate and correspond from the fraudulent AAIMG website, using a

7   Nevada address for a corporation incorporated in the State of Nevada;

8         - entries in those logs showing access to the"presaaimg@hotmail.com" email

9   account from the IP address "141.157.69.150;"

10         - authenticated records from Internet service provider Verizon, identifying that at

11   the time and dates logged above, the IP address identified was used by an account held

12   by Defendant DESAI;

13         - authenticated records showing the account associated with the IP number

14   above is owned by and located at the personal residence of Defendant DESAI.

15         These documents establish a *prima facie* case that Defendant DESAI committed,

16   aided, abetted, conspired in, or provided the means for, the tortious and criminal acts

17   and conspiracies originating and occurring in, and directed towards, the State of

18   Nevada.  This showing is far beyond that Plaintiff need make to overcome Defendant

19   DESAI's motion to dismiss on the grounds of lack of personal jurisdiction.

20         **C.  Plaintiff has established the general and specific jurisdiction over**

21         **Defendants SABA UNIVERSITY , EIC, INC., and EIC, LLC**

22         Defendants SABA UNIVERSITY, and (jointly) Defendants EIC, INC. and EIC,

23   LLC, have moved to dismiss the action against them on the grounds this Court lacks

24   personal jurisdiction over them.  They make nearly the identical (word for word, cut and

25   paste) arguments presented in the motions of Defendants FREDRICK and DESAI.  As

26   such, Plaintiff's Opposition filed in response to FREDRICK's Motion is incorporated

27   herein by reference.  (Opposition, pp. 3-11.)

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

6

OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS

1    Furthermore, in that each of Defendants HOUGH, FREDRICK, and DESAI are,
2    respectively, the Academic Dean, President, and Board Member of Defendant SABA
3    UNIVERSITY, and that Plaintiff has alleged each to be an agent and alter ego of the
4    other, the above acts of DESAI, and those of FREDRICK shown in Plaintiff's Opposition,
5    and those allegations of personal jurisdiction unopposed by HOUGH, serve to establish
6    the personal jurisdiction of this Court over Defendants SABA UNIVERSITY, as well as its
7    exclusive administrative agents in the United States, Defendants EIC, INC., and EIC,
8    LLC.

9        **1.  General Jurisdiction is established by nation-wide commercial**
10           **activities of Defendants SABA UNIVERSITY, and its exclusive agents,**
11           **EIC, INC. and EIC, LLC.**

12    The presently moving Defendants' motions completely ignore the existence of
13    more than sufficient grounds to establish the general personal jurisdiction of this Court
14    over the entity Defendants SABA UNIVERSITY, EIC, INC., and EIC, LLC., by way of
15    their nationwide commercial activities constituting sufficient minimum contacts with the
16    State of Nevada (and any other state in the U.S.) to convey the general jurisdiction of
17    this Court over them, making them amendable to any suit in this District.

18    Due process is satisfied "when in personam jurisdiction is asserted over a
19    nonresident corporate defendant that has 'certain minimum contacts' with [the forum]
20    such that the maintenance of the suit does not offend 'traditional notions of fair play and
21    substantial justice.' " *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408,
22    414, 104 S.Ct. 1868, (1984) (quoting *International Shoe*, 326 U.S. at 326, 66 S.Ct. 154).
23    "The Supreme Court has bifurcated this due process determination into two inquiries,
24    requiring, first, that the defendant have the requisite contacts with the forum state to
25    render it subject to the forum's jurisdiction, and second, that the assertion of jurisdiction
26    be reasonable." *Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.*, 1 F.3d 848, 851
27    (9th Cir.1993) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 107, 107
28    S.Ct. 1026 (1987)).

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

a.   **SABA's Contacts with Nevada Are Grounds for a Finding of General Jurisdiction.**

SABA competes with Plaintiff ST. MATTHEW's throughout the United States, in virtually every US State, including Nevada (FAC ¶ 12, 21; FAC, Exhibit B).  Due to their status as agents for SABA, EIC, LLC and EIC, INC. also compete with Plaintiff ST. MATTHEW's in every U.S. state, including Nevada (FAC ¶ 28, 29).  This general advertising by the Defendants to potential medical students throughout the United States, including in Nevada, and to pre-med advisors in universities across the United States, including in Nevada, subjects the Defendants to general jurisdiction in Nevada. Additionally, the fact that Defendants have placed students of SABA into residency programs in hospitals in Nevadais further evidence of significant contacts with the State of Nevada for the purpose of general jurisdiction.  (Kronenberger Decl., Ex. F.)

b.   **The Contacts of the "Subsidiary" AAIMG, Inc. Must Be Attributed to the "Parent Corporations" of SABA, EIC, LLC and EIC, INC., for the Purpose of General Jurisdiction.**

The U.S. Supreme Court has held that a parent corporation may incur liability for the acts of its subsidiary if the parent's involvement exceeds what is "consistent with the parent's investor status." *United States v. Bestfoods*, 524 U.S. 51, 72, 118 S.Ct. 1876, 1889 (1998).  Appropriate parental involvement, which will not incur liability, includes, "monitoring of the subsidiary's performance. supervision of the subsidiary's finance and capital budget decisions, and articulation of general policies and procedures[.]" *Id.* However, "if the parent and subsidiary are not really separate entities, or one acts as an agent of the other, the local subsidiary's contacts with the forum may be imputed to the foreign parent corporation." *El-Fadl v. Central Bank of Jordan*, 75 F.3d 668, 676 (D.C.Cir. 1996).  An alter ego or agency relationship is typified by parental control of the subsidiary's internal affairs or daily operations. *See Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177 (9th Cir.1980).

OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS

1

2

3

4

**c.   SABA UNIVERSITY, EIC, LLC and EIC, INC. are the alter**

**egos and agents of Nevada's AAIMG and its defendant officers,**

**as alleged and as admitted by Defendant HOUGH, and**

**evidenced by authenticated documents.**

5    Plaintiff has alleged that the officers of AAIMG are fictitious individuals created by

6  the Defendants for the purpose of advancing the financial interests of Defendants (FAC

7  ¶ 12, 65).  Plaintiff has also alleged that Defendants, by assuming the identity of these

8  fictitious individuals, controlled every aspect of the internal affairs and day-to-day

9  operations of AAIMG (FAC ¶ 66).

10    Importantly for the purposes of jurisdiction, as argued above in Section I, and in

11  Plaintiff's accompanying Response to HOUGH's AAIMG Answer, Defendant HOUGH

12  has admitted to her personal knowledge of, and therefore complicity in, the acts of and

13  allegations against Nevada Defendant AAIMG officers.  Additionally, SABA's name, and

14  telephone numbers associated with EIC, INC. and EIC, LLC, are directly linked with the

15  daily email operations of AAIMG (*see* Kronenberger Decl., Ex. E) as detailed, *supra*, at

16  Section II.C.2, further evidencing how the entire AAIMG operation is simply a front, or

17  alter ego, for the Defendants and their actions to further their financial interests.

18

19

**2.  Acts of Defendants Establish Specific Jurisdiction over**

**Defendants SABA UNIVERSITY, EIC, INC., and EIC, LLC.**

20    Furthermore, a *prima facie* showing sufficient to establish specific jurisdiction over

21  Defendants SABA UNIVERSITY, EIC, INC., and EIC, LLC. has been made.  In Plaintiff's

22  Opposition to FREDRICK's Motion, allegations and a *prima facie* showing was made of

23  the documented acts of Defendants FREDRICK and HOUGH using dial-up access

24  accounts and telephone numbers of Defendants SABA UNIVERSITY, EIC, INC., and

25  EIC, LLC., to commit the acts upon which Plaintiff's complaint is based.  Also, HOUGH's

26  and FREDRICK's acts, as sole owners and operators of Defendants SABA

27  UNIVERSITY, EIC, INC., and EIC, LLC., and Defendant DESAI's acts, as Member and

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

9

1    Senior Administrator of Defendant SABA UNIVERSITY, maybe be imputed to those

2    entities, on whose behalf and in whose interests they acted.

3            In addition to the allegations in the FAC, Defendants SABA, EIC, LLC and EIC,

4    Inc. are also directly linked to the daily operations of AAIMG, as evidenced by ISP

5    records and telephone numbers used for Internet access.  Specifically, in Plaintiff's

6    opposition to Defendant FREDRICK's March 2006 motion to dismiss, Plaintiff submitted

7    authenticated records showing the name "Saba University" as the owner of an ISP

8    account used to access the AAIMG Hotmail email addresses (March 6, 2006 Opposition,

9    Ex. C).  Regarding EIC, INC. and EIC, LLC, the telephone number (978) 6863-2237,

10   which is associated with both of these Defendants, was used multiple times in accessing

11   the Internet to log in to the AAIMG Hotmail email accounts  (Kronenberger Decl. ¶ 2, 3 &

12   5; Declaration of Jonathan Tam, ¶ 3).

13           As such, Plaintiff has more than established grounds for specific personal

14   jurisdiction over Defendants SABA UNIVERSITY, EIC, INC., and EIC, LLC. sufficient to

15   defeat their motions to dismiss on those grounds.

16   **III. OPPOSITION TO MOTIONS CHALLENGING VENUE**

17           Defendants DESAI, SABA UNIVERSITY, EIC, INC. and EIC, LLC. have all

18   identically moved to dismiss Plaintiff's FAC on the grounds that venue does not lie in the

19   District of Nevada.  (DESAI Motion, pp. 8-10; SABA Motion, pp. 9-12; EIC Motions, pp.

20   9-11.)  In that these duplicative papers are nearly identical to the previous motions to

21   dismiss of Defendants FREDRICK, HOUGH, and AAIMG, Plaintiff incorporates herein its

22   consolidated Opposition of March 6, 2006 to those motions.  (Opposition, pp.11-12.)

23           In addition, Plaintiff now addresses the following issues regarding venue, as

24   relates specifically to the present motions:

25           **A. Defendant HOUGH's answer in place of Nevada Defendants irrefutably**

26   **establishes that a "substantial part" of the acts giving rise to Plaintiff's claims**

27   **occurred in or were directed towards Nevada.**

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

                                                10                        OPPOSITION TO DEFENDANTS'
                                                                          MOTIONS TO DISMISS

1    As stated above in Section I, Defendant HOUGH – owner and chief administrator

2    of Defendant SABA UNIVERSITY, co-owner of Defendants EIC, INC. and EIC, LLC.,

3    has filed in the present action her answer on behalf of Nevada Defendant officers of

4    AAIMG, a Nevada corporation.  This appearance and sworn statement by Defendant

5    HOUGH serves to negate completely the arguments in challenge of venue made by the

6    presently moving Defendants.  HOUGH's assertions that she may, can, and should

7    answer to the acts of Nevada Defendants and their acts alleged as occurring in the State

8    of Nevada show that, despite Defendants' groundless assertions to the contrary,

9    Defendants' alleged frauds, statements, and adopted identities in the State of Nevada

10   irrefutably give rise to the claims in Plaintiff's FAC, defeating any motion arguing any

11   position otherwise.

12        **B.  Injuries incurred by Plaintiff resulting from Defendants' massive and**

13   **widespread fraud have occurred globally, including within Nevada, where a**

14   **majority of Defendants' false statements were represented by Defendants as**

15   **originating.**

16        Defendants' arguments that no harm has occurred within, or injuries suffered in,

17   the State of Nevada, is groundless, and not supported by law or fact.  Plaintiff has

18   alleged, and made more than *prima facie* showing of, a concerted, massive campaign of

19   fraud, lasting for years, and conducted on an international level by one of its closest

20   competitors.  Nearly every aspect of the fraudulent acts and statements alleged

21   originated from and were under the guide of Defendant AAIMG, a Nevada corporation,

22   and stated as being issued from an address within the State of Nevada.  To deny that

23   Plaintiff, a respected international medical school with students and practicing graduates

24   all over the world, was not harmed in its reputation and business in the state of Nevada

25   is absurd.

26        Furthermore, defamation and fraud are not the only claims brought against

27   Defendants.  Plaintiffs have also alleged extensive acts of deceptive trade practices

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS

1  under Nevada law, and clearly alleged and made a *prima facie* showing of Defendants'

2  joint complicity and liability for such acts, in Nevada and elsewhere.

3  **IV.  OPPOSITION TO MOTIONS TO DISMISS PURSUANT TO RULE 12(b)(6)**

4       Defendants DESAI, SABA UNIVERSITY, EIC, LLC, and EIC, INC., have also

5  moved to reiterate the prior motions of Defendants FREDRICK, HOUGH, and AAIMG

6  to dismiss Plaintiff's Second, Third (Lanham Act), Fifth (Nevada Deceptive Trade Acts)

7  and Sixth (California Computer Crimes Act) Claims as brought against them.  (DESAI

8  Motion, pp. 10-15; SABA Motion, pp. 12-18; EIC, pp. 11-17.)

9       To the extent the present motions and arguments as to Plaintiff's Fifth and Sixth

10  Claims are identical to those previously filed, Plaintiff incorporates by reference it's

11  Opposition to those prior motions.  (Opposition, pp. 18-22.)

12       Plaintiff also incorporates by reference its prior oppositions to Defendant

13  FREDRICK, HOUGH and AAIMG's motions to dismiss Second and Thirds Claims

14  under the Lanham Act (Opposition, pp. 12-17.)  To the extent Defendants' present

15  motions raise new issues on these matters, Plaintiff  supplements and responds as

16  follows:

17       **A.  Plaintiff Has Standing To Sue Under Section 43(A) Of The Lanham Act**
     **(15 Usc §1125(A))**

18
     As to the motions of Defendants SABA, DESAI, EIC, LLC and EIC, Inc. to

19  dismiss Plaintiff's Second and Third Claims for Relief under Section 43 of the Lanham

20  Act  pursuant to Rule 12(b)(6) (for the immediate section, the "Motions")[1], Plaintiff

21  hereby opposes as follows.  Importantly for the Court, the Motions seem to be identical

22  to the prior motions to dismiss the Plaintiff's Lanham Act claims made by the other

23  Defendants in this Action, with the exception of two additional paragraphs, which will be

24  specifically addressed herein.

25

26

27

28  [1] For ease of reference, page numbers in this Section only refer to Defendant SABA's
     version of the Motions.

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS

**1. Foreign Nationals Unequivocally Have Standing To Sue Under Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).**

By the explicit wording in the statute and under years of clear case law, foreign nationals have standing to sue under Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).  The statute reads, in pertinent part:

> Any person who, on or in connection with any goods or services, ... uses in commerce ... any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 USC §1125(a)(1)(*emphasis added*).  Section 39 of the Lanham Act also specifically grants federal district courts original jurisdiction over causes of action under the Lanham Act regardless of the citizenship of the parties.  15 U.S.C. §1121(a).  Accordingly, by the express terms of the statute and the express jurisdiction grant of the statute, "any person," including a foreign national, may sue under this section.

Moreover, Section 45 of the Lanham Act (15 U.S.C. §1127) provides several definitions that clarify further the right of foreign nationals under the Act.  Specifically, the "term 'person' and any other word or term used to designate the applicant or other entitled to a benefit or privilege ... of ... [the Lanham Act] ... includes a juristic person as well as a natural person.  The term 'juristic person' includes a firm, corporation, union, association or other organization capable of suing and being sued in a court of law."  15 U.S.C. § 1127; *see also*, 4 Callman, Unfair Competition, Trademarks and Monopolies

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

13

1  § 100.1(a), at 844 (3d Ed. 1970)[2] ("In general, foreigners can claim the same rights and

2  are subject to the same duties as citizens" under the trademark laws.)

3      One argument that Defendants make that is not contained in the prior motions by

4  the other defendants in this Action relates to this statutory definition of "person" at 15

5  U.S.C. §1127 (Motion, p. 15, lines 1-13).  Defendants argue that the definitions for the

6  entire Trademark Act of 1946 that are contained in §1127, are somehow limited by the

7  seldom used §1126 that deals with international trademarks and the right for foreign

8  plaintiffs to bring Lanham Act claims based on trademarks registered internationally.

9  Interestingly, the Defendants admit that the Plaintiff has standing in this Action under the

10  federal question statute of §1121(a), but that such standing is somehow abrogated due

11  to the Plaintiff's status as a foreign national (Motion, p. 15, nt. 1).  The Defendant's

12  arguments do not follow, are made without any reference to case law, and, as explained

13  below, are contrary to the overwhelming case law on the issue of standing of foreign

14  national to sue under Section 43(a).

15      In addition to the clear statutory language, courts have also uniformly held that

16  foreign plaintiffs have standing to sue United States nationals under Section 43(a).

17  *Noone v. Banner Talent Associates, Inc.*, 398 F.Supp. 260, 262 (D.C.N.Y. 1975) ("By its

18  express terms, therefore, the section [Section 43(a) of the Lanham Act] does not limit its

19  applicability to nationals of the United States."); *L'Aiglon Apparel v. Lana Lobell, Inc.*,

20  214 F.2d 649, 650 (3d Cir.1954)("Section 39 [of the Lanham Act] gives federal district

21  courts jurisdiction of causes arising under this statue regardless of the amount in

22  controversy or the citizenship of the litigants."); *Scotch Whiskey Association v. Barton*

23  *Distilling Company*, 338 F.Supp. 595, 598-599 (N.D.Ill.1971), *aff'd*, 489 F.2d 809 (7th

24  Cir. 1973) (holding that foreign plaintiff had standing both under Section 43(a) due to

25  activity in commerce in the United States, and under Section 44 due to violation of laws

26  through the Paris Convention; as a <u>conclusion of law</u>, the court stated, "This court has

27

28  [2] An updated reference is 4A Callman. Unfair Competition, Trademarks and Monopolies § 27:26 (4th Ed. 1981).

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS

1  jurisdiction of [foreign] plaintiffs' claim under Section 43(a)... ."); *Spartan Chemical Co.,*

2  *Inc. v. Atm Enterprises,* 1986 WL 2616 (N.D. Illinois 1986 )("The general rule is that

3  foreign nationals have standing to sue United States nationals under Section 43(a).")[3];

4  *Menendez v. Faber, Coe & Gregg, Inc.,* 345 F.Supp. 527, 558 (S.D.N.Y.1972), modified

5  on other grounds, 485 F.2d 1355 (2d Cir. 1973); s*ee also,* "Standing to Bring False

6  Advertising Claim or Unfair Competition Claim Under §43(a)(1) of Lanham Act (15

7  U.S.C.A. 1125(a)(1))," 124 ALR Fed 189, § 22 (containing examples confirming the

8  standing of foreign nationals to sue under §43(a) as long as foreign plaintiff is engaged

9  in interstate commerce in the United States).

10       The case of *West Indian Sea Island Cotton Ass'n Inc. v. Threadtex, Inc.* offers

11  further support for basic proposition that foreign nationals have a right to sue under

12  Section 43(a). 761 F.Supp. 1041 (S.D.N.Y. 1991). In *West Indian,* just like in the

13  present case, the plaintiff was a foreign national, and the US defendant argued that the

14  plaintiff, as a foreign national, lacked standing to sue under Section 43(a). *Id.* at 1048.

15  However, the court held that the foreign national defendant did indeed have standing

16  under Section 43(a), because the foreign national had a "reasonable commercial interest

17  to be protected" in the United States. *Id.* In fact, the court explained that the only

18  requirement is for a foreign national plaintiff is to show "a reasonable basis for the belief

19  that [it] is likely to be damaged as a result of the false advertising." *Id.* at 1049 (*quoting*

20  *Johnson & Johnson v. Carter-Wallace, Inc.,* 631 F.2d 186, 190 (2d Cir.1980)). In the

21  present case, Plaintiff has alleged significant damage in the United States to Plaintiff's

22  interests here, resulting from, among other actions, the Defendants' false advertising in

23  the United States. Therefore, Plaintiff, under clear and consistent case law, has

24  standing to sue Defendants under Section 43(a) of the Lanham Act.

25
        **B.  Plaintiff ST. MATTHEW'S has Alleged Unlawful Actions of Defendants**
26
        **That Are "In Commerce" in the United States, Placing Plaintiff's**
27

28  [3] A copy of this case, reported on Westlaw, is attached Plaintiff's March 2006 Opposition
as Exhibit F.

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

15

1   **Allegations Squarely Within the Purview of Section 43(a) of the Lanham**

2   **Act.**

3   As detailed above, the Section 43a of the Lanham Act creates a cause of action if

4   "[a]ny person who, on or in connection with any goods or services, ... uses in commerce

5   ... any false designation of origin, false or misleading description of fact, or false or

6   misleading representation of fact, which –" creates a false designation or origin or is

7   makes a misrepresentation in commercial advertising.  15 § U.S.C. 1125(a) (*emphasis*

8   *added*).  Plaintiff ST. MATTHEW'S has clearly alleged acts "in commerce" for the

9   purpose of triggering jurisdiction under Section 43(a), in addition to great harm suffered

10  by Plaintiff within the United States.  Plaintiff has alleged that Defendants formed a

11  corporation in Nevada and proceeded to use that corporation as the fulcrum of an

12  elaborate fraudulent scheme to spread falsehoods throughout the United States to

13  accrediting bodies, teaching hospitals, medical educators, student loan providers and

14  administrators, administrators of teaching hospitals, all without revealing the true

15  identities of Defendants as competitors of Plaintiff.  FAC ¶ 69.  Additionally, Plaintiff has

16  alleged that it has applied for an received accreditation or recognition in 48 of the 50 US

17  states, has clinical locations throughout the United States, and recruits students from the

18  United States.  FAC ¶¶ 19-25.

19  Plaintiff has therefore sufficiently alleged that the unlawful actions of the

20  Defendants occurred "in commerce" for the purpose of Section 43a of the Lanham Act.

21
22  **C.    Plaintiff ST. MATTHEW'S Has Never Alleged a Cause of Action**

    **under 15 USC § 1126(b) & (h) as Defendants Infer.**
23
24  Defendants in their Motions refer multiple times, including in a section heading, to

    the Plaintiff's allegations under 15 U.S.C. § 1126(b) & (h) (Section 44 of the Lanham Act,
25
    which is entitled, "International Conventions").  (Motion, p. 12)  However, Plaintiff ST.
26
    MATTHEW'S has <u>never</u> alleged any cause of action whatsoever under 15 U.S.C.
27
    § 1126.  In fact, in the captions for Plaintiff's claims for relief and in the descriptions
28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS

1   thereunder, Plaintiff alleges its claims specifically under 15 U.S.C. §1125(a) (Section 43

2   of the Lanham Act).   Specifically, the second claim for relief in the FAC explains the

3   allegations, "in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A)."

4   (FAC ¶ 99.)  The third claim for relief in the FAC explains the allegations "in violation of

5   Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. §1125(a)(1)(B)."  (FAC ¶ 103.)

6   Importantly, nowhere has the Plaintiff alleged any cause of action under 15 U.S.C.

7   § 1126 as the Defendants state and argue in their Motions.

8        For these reasons, all of the Defendants' arguments regarding the Lanham Act

9   should be rejected as irrelevant.  In the *Noone* case, cited *supra*, the Defendants used

10  an almost identical tactic, which was also rejected by the court.   In *Noone*, the plaintiff, a

11  British citizen, sued under Section 43a (15 U.S.C. §1125(a)) for acts occurring in

12  commerce in the United States, and the defendants, also British citizens, argued that

13  there was no jurisdiction under Section 44 (15 U.S.C. §1126). *Noone*, 398 F.Supp. at

14  262.  The court explained how the arguments regarding Section 44 were irrelevant,

15  because a cause of action under Section 43a was alleged, not under Section 44. *Id*.

16  Notably, the court in *Noone* specifically made a finding on the issue of Section 43(a)

17  standing for a foreign national. *Id* at 263 ("Therefore, I find that [foreign] plaintiff may

18  sue the individual defendants under Section 43(a) based on the alleged misuse of the

19  trade name within the jurisdiction of this court.")(emphasis added).[4]

20

21  **D.     Section 44 of the Lanham Act (15 USC § 1126) Relates to Protection**

22  **for Trademarks Registered in Foreign Countries, and Is Inapplicable to the**

23  **Case at Hand.**

24      Section 44 of the Lanham Act (15 U.S.C. § 1126), labeled "International

25  Conventions," was designed for the specific purpose of providing protection to foreign

26  nationals who have trademarks filed in their own countries and face trademark

27  [4] Despite this clear finding on the issue of Section 43(a) standing for foreign plaintiff's, Defendant Fredrick, in his Reply to Plaintiff's Opposition to Fredrick's Motion to Dismiss, claims that the *Noone* court "did not ultimately decide this issue" (Reply to Plaintiff's

28  Opposition for Fredrick's Motion to Dismiss, p. 9, line 18).

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

17

OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS

1    infringement or unfair competition occurring in commerce in the United States.  This

2    statute lays out the specific procedure and rights conferred, if a foreign national is from a

3    country that has treaty with the United States that requires US "national treatment" for

4    foreign plaintiffs and foreign trademarks, within the United States.  *International Café,*

5    *S.A.L. v. Hard Rock Café Intern. (U.S.A.), Inc.*, 252 F.3d 1274, 1278 (11th Cir. 2001);

6    *See also*, for a general explanation, *Vanity Fair* at 644.  Importantly, under a straight-

7    forward reading of the statute and the above cited case law, "unfair competition," as

8    referenced in § 1126(h) of the statute, refers to protection of foreign nationals, in the

9    United States, from unfair competition as defined by the laws of their home countries

10   and made applicable in the United States through international treaties and conventions.

11          Thus, the arguments based on "unfair competition" under § 1126(h) and on which

12   Defendants rely in their Motions are completely irrelevant and inapplicable to Plaintiff's

13   claims under § 1125(a).  In fact, a foreign plaintiff can actually plead and prove causes

14   of action under both § 1125(a) and § 1126 at the same time, the former based upon

15   false advertising or false designation of origin in the United States, and the latter based

16   upon foreign laws trademark rights applicable in the United States by treaty.  Ironically,

17   Defendants cite to the case of *Scotch Whiskey Association v. Barton Distilling Company*,

18   338 F.Supp. 595, 598-599 (N.D.III.1971), *aff'd*, 489 F.2d 809 (7th Cir. 1973), for the

19   proposition that a foreign national may only proceed under § 1126; however, a close

20   reading of the district court's decision reveals that the court allowed the foreign plaintiff

21   to proceed on both an § 1125(a) cause of action and an § 1126 cause of action at the

22   same time.  *See Scotch Whiskey*, 338 F.Supp. 598.

23   **V. OPPOSITION TO MOTION CHALLENGING SERVICE ON DEFENDANT SABA**

24   **UNIVERSITY**

25          Lastly, Defendant SABA UNIVERSITY has moved under Rule 12(b)(4) to

26   challenge service upon it of Plaintiff's FAC.  (SABA Motion, p. 12.)  Plaintiff objects on

27   the grounds that (1) Defendant has not moved to quash service, but simply "to dismiss"

28   the FAC; and (2) Defendant SABA UNIVERSITY has appeared and made several other

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

18                           **OPPOSITION TO DEFENDANTS'**
                             **MOTIONS TO DISMISS**

1 | substantive motions that would be less than dispositive of the entire case against it,

2 | waiving any claims of defective service and subjecting itself to the jurisdiction of this

3 | Court.

4 | **A. Service of Plaintiff's FAC Upon Defendant SABA UNIVERSITY Was**

5 | **Effective Service under the Federal Rules.**

6 | Furthermore, Plaintiff ST. MATTHEW'S effected service upon Defendant SABA

7 | UNIVERSITY by serving Defendant DESAI. Defendant SABA UNIVERSITY has

8 | objected to such service, citing the language of Federal Rule of Civil Procedure 4(d)(3)

9 | (sic)regarding service upon a "corporation." (SABA Motion. p. 12.)  Plaintiff ST.

10 | MATTHEW's has alleged (FAC, ¶ 3(b)), and Defendant SABA has acknowledged, that

11 | SABA UNIVERSITY is not a corporation, but a "company" formed by a charter from the

12 | island nation of Saba in the Caribbean, a member of the Netherland Antilles (Motion at

13 | p. 4). Their argument, therefore, applying a literally reading of the Rule pertaining only to

14 | corporations and their traditionally titled corporate "officers" do not apply (*Id.*).

15 | U.S. jurisprudence does however provide for service upon authoritative positions

16 | within unincorporated associations, including general and managing agents.  Fed. Rule

17 | Civ. Proc. 4(h)(1)("...by delivering a copy of the summons and of the complaint to an

18 | officer, a managing or general agent ... ").  Defendant SABA is an academic institution

19 | and is actively administered by various deans and a board of trustees – Defendant

20 | DESAI serves as BOTH to Defendant SABA UNIVERSITY.  (Kronenberger Decl. ¶ 6,

21 | Ex. F.).

22 | SABA, in its Motion, only cites to a state court opinion rendered by a Hawaiian

23 | court for its proposition that service upon a member of a board of trustees in a managing

24 | role is not service upon the organization (Motion at p. 12).  However, the Hawaiian case

25 | on which SABA relies is interpreting a State of Hawaii service statute. *Lynch v. Blake*,

26 | 59 Haw. 189, 203, 579 P.2d 99, 107 (Hawaii,1978).  Additionally, the trustee that was

27 | served in Lynch was not a trustee on a managing board of trustees, but instead, was a

28 | trustee holding a twelve percent interest in title to property, for the benefit of the creditors

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

1   trustee holding a twelve percent interest in title to property, for the benefit of the creditors

2   and stockholders of one of the defendants. Id., 59 Haw. 193, 579 P.2d 102.  As such,

3   Lynch is completely distinguishable from the case at hand, and SABA was effectively

4   served pursuant to the plain meaning of Federal Rule of Civil Procedure 4(h)(1).

5        **FOR THE FOREGOING REASONS,** Defendants' motions to dismiss Plaintiff's

6   First Amended Complaint pursuant to Rules 12(b)(2), (3) and (6) should be DENIED.

7

8   Respectfully Submitted,

9

10  DATED: April 24, 2006.                **KRONENBERGER HANLEY, LLP**

11

12                                         By: _Karl S. Kronenberger_____

13                                         Karl S. Kronenberger

14                                         Terri R. Hanley
                                           Attorneys for Plaintiff
                                           ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD.

15

16  DATED: April 24, 2006.                **GREENBERG TRAURIG, LLP**

17
                                           By: _____
18                                         Mark G. Tratos

19                                         F. Christopher Austin
                                           Ronald D. Green, Jr.
20                                         Designated Local Counsel for Plaintiff
                                           ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD.

21

22

23

24

25

26

27

28

                                        20                    **OPPOSITION TO DEFENDANTS'
                                                              MOTIONS TO DISMISS**

CERTIFICATE OF SERVICE

I am a resident of the state of California, over the age of eighteen years and not a party to this action.   My business address is 220 Montgomery Street, Suite 1920, San Francisco, California, 94104.

On April 24, 2006, I served the following document(s):

1.  **CONSOLIDATED OPPOSITION TO MOTIONS TO DISMISS OF DEFENDANTS PANKAJ DESAI, M.D., SABA UNIVERSITY, EIC, LLC, AND EIC, INC.**

on the parties listed below as follows:

**NATHAN REINMILLER, ESQ**
Alverson Taylor Mortensen & Sanders
7401 West Charleston Blvd
Las Vegas, NV 89117
Fax:  (702) 385-7000

| | |
|---|---|
| ☐ | BY FACSIMILE MACHINE (FAX), by personally transmitting a true copy thereof via an electronic facsimile machine to the fax number listed herein. |
| X | BY FIRST CLASS MAIL, by placing a true copy thereof in a sealed envelope, with postage thereon fully prepaid, for collection and mailing, in San Francisco, California, following ordinary business practices, which is deposited with the US Postal Service the same day as it is placed for processing. |
| ☐ | BY PERSONAL SERVICE, by personally delivering a true copy thereof to the addresse(s) listed herein at the location listed herein. |
| ☐ | BY OVERNIGHT DELIVERY containing a true copy thereof to the addresse(s) listed herein at the location listed herein. |
| ☐ | BY EMAIL to the addresses listed above. |
| ☐ | (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. |
| X | (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. |

Jonathan S. Tam

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

CERTIFICATE OF SERVICE