NATHAN R. REINMILLER, ESQ.
Nevada Bar No. 6793
ALVERSON, TAYLOR,
MORTENSEN & SANDERS
7401 W. Charleston Boulevard
Las Vegas, NV 89117
Tel: (702) 384-7000
Fax: (702) 385-7000
Attorney for Defendants
PANKAJ DESAI, M.D., SABA
UNIVERSITY SCHOOL OF
MEDICINE FOUNDATION,
EDUCATION INFORMATION
CONSULTANTS, INC.,
And EDUCATIONAL INTERNATIONAL
CONSULTANTS, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD., a Cayman Islands company,<br><br>Plaintiff,<br><br>v.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE FOUNDATION, a Netherland-Antilles company; MEDICAL UNIVERSITY OF THE AMERICAS, a St. Kitts & Nevis company; EDUCATION INFORMATION CONSULTANTS, INC., a Massachusetts corporation; EDUCATIONAL INTERNATIONAL CONSULTANTS, LLC, a Massachusetts limited liability company; PATRICIA L. HOUGH, M.D., an individual, and d.b.a. "Saba University School of Medicine"; DAVID L. FREDRICK, an individual; PANKAJ DESAI, M.D., an individual; ASSOCIATION OF AMERICAN INTERNATIONAL MEDICAL GRAUDATES, INC., a Nevada corporation, a.k.a. "aaimg@yahoo.com"; THOMAS MOORE, M.D. a.k.a. "presaaimg@hotmail.com" and "crocdoc2004@netzero.net." an individual; SARAH B. WEINSTEIN a.k.a. "execsecaaimg@hotmail.com.; an individual; RACHAEL E. SILVER, an individual; and DIEDRE MOORE, an individual,<br><br>Defendants. | Case No.:   CV-S-05-0848-RCJ (LRL)<br><br>**CONSOLIDATED REPLY OF DEFENDANTS PANKAJ DESAI, M.D., SABA UNIVERSITY SCHOOL OF MEDICINE FOUNDATION, EDUCATION INFORMATION CONSULTANTS, INC., AND EDUCATIONAL INTERNATIONAL CONSULTANTS, LLC. TO PLAINTIFF'S CONSOLIDATED OPPOSITION TO ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

**CONSOLIDATED REPLY OF DEFENDANTS PANKAJ DESAI, M.D.,
SABA UNIVERSITY SCHOOL OF MEDICINE FOUNDATION,
EDUCATION INFORMATION CONSULTANTS, INC. AND
EDUCATIONAL INTERNATIONAL CONSULTANTS, LLC TO
PLAINTIFF'S CONSOLIDATED OPPOSITION TO ITS
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants Pankaj Desai, M.D. ("Desai"), SABA University School of Medicine

Foundation ("SABA"), Education Information Consultants, Inc., and Educational International

Consultants, LLC (collectively, "EIC") file this Memorandum in Reply to the Consolidated

Opposition to the Motion to Dismiss Plaintiff's Amended Complaint filed by Plaintiff St.

Matthew's University ("SMU").  Though these Defendants filed separate memoranda in support

of their motions to dismiss, SMU filed a consolidated opposition which merges the Defendants

and confuses the factual issues raised by each Defendant by implying that all facts relied on by

SMU apply to each Defendant.  Nevertheless, because they are responding to a consolidated

brief, these Defendants, are filing this Consolidated Reply by which they address in separate

sections the fact specific arguments applicable to each of them and address in the final two

sections the issues common to them all.

## I.      SUMMARY OF ARGUMENT

SMU has failed to carry its burden of establishing that this Court has personal

jurisdiction over Desai, SABA, or EIC.  The unsworn allegations of the Amended Complaint and

the documents relied on in SMU's Opposition do not in any way rebut the sworn denials of

Desai, SABA, and EIC that they participated in any of the matters complained of in the

. . .

. . .

. . .

. . .

. . .

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

1    Amended Complaint in Nevada or elsewhere, or that this Court can exercise general jurisdiction

2    over them.[1]

3        SMU failed to meet its burden of establishing that its service of process on SABA was

4    sufficient.

5        SMU failed to meet its burden of establishing that Nevada is the appropriate venue for its

6    claims against these Defendants.

7        SMU's Opposition also fails to establish its right to pursue its Second and Third Claims

8    under the Lanham Act against any of the Defendants.  As a foreign entity, SMU may only pursue

9
10   a claim under the Lanham Act if it has such rights under a convention or treaty relating to unfair

11   competition.  Section 44 of the Lanham Act codifies Congress' determination that there is no

12   reason for the United States to afford a citizen of a foreign country such rights if citizens of the

13   United States are not accorded such rights by a treaty with that foreign country.  SMU's

14   Amended Complaint fails to allege and SMU has failed to put forward any such treaty, and for

15
16   these reasons its Second and Third Claims must be dismissed.[2]

17   . . .

18   . . .

19   . . .

20   [1]  On page 3, and again on page 5, of SMU's consolidated opposition, SMU claims that the Answer
21   and Joinder to Motion to Dismiss the Amended Complaint Against Defendants Thomas Moore, M.D.,
     Sarah B. Weinstein, Rachael E. Silver, and Diedre Moore filed by Patricia L. Hough "has a significant
22   impact on the present motions, in that it serves as Defendant Hough's claim and sworn statement that
     she possesses personal knowledge sufficient to admit or deny the acts of the Nevada Defendants...."
23   This is an egregious overstatement that lacks any basis in the pleadings. Nothing in that document filed
     only on behalf of Hough applies to Desai, SABA, or EIC, and this Court should not in any way accept
24   SMU's spurious contention that it does. That document addresses only the persons mentioned in it.
     Desai, SABA, and EIC are not mentioned in it, and they have denied under oath any involvement in
25   the matters complained of by SMU, which of course includes involvement in any conduct complained
     of which refers to Hough, T. Moore, Weinstein, Silver and D. Moore.  See also pp. 8-9, infra.

26   [2]  In its Opposition, SMU did not address the contention of Desai, SABA and EIC that SMU's Fifth
     and Sixth Claims fail to state a claim, claims for relief under the Nevada Deceptive Trade Act and the
27   California Corporate Crimes Act, respectively.  Desai, SABA, and EIC reiterate and incorporate the
     reasons set forth in their initial briefs in support of their motion to dismiss.  See EIC Brief at 13-15,
28   SABA Brief at 16-18; Desai Brief at 13-15.

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

**II.   SMU HAS FAILED TO MEET ITS BURDEN OF ESTABLISHING THAT THIS
       COURT HAS PERSONAL JURISDICTION OVER DESAI, SABA AND EIC**

    **A.   Legal Issues Common To Personal Jurisdiction Issues Raised By Desai,
            SABA, And EIC.**

SMU claims that a <u>sworn</u> denial of the <u>unsworn</u> allegations of the Amended Complaint

has no evidentiary weight and therefore claims that Desai, SABA and EIC must be <u>assumed</u> to

have joined in the alleged conspiracy and must be assumed to have known "of the tortious acts of

[the] alleged co-conspirators and the effects of such acts in the State of Nevada."[3]  (Consolidated

Opposition To Defendant Desai's, SABA's and EIC's Motion to Dismiss ("SMU Opp.") at 5-6,

p. 9-10.)  In making this argument, SMU's Consolidated Opposition improperly and confusingly

lumps all the Defendants together and relies on the groundless allegations of the unsworn

complaint in an attempt to establish specific jurisdiction over Desai, SABA and EIC.

*SMU ignores that where defendants move to dismiss a complaint for lack of personal*

*jurisdiction the plaintiff bears the burden of demonstrating that jurisdiction is appropriate as to*

*each defendant.*  <u>Schwarzenegger</u> v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004);

<u>Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir.1990)</u>.  The plaintiff cannot "simply rest on the

bare allegations of its complaint."  <u>Schwarzenegger,</u> 374 F.3d at 800; <u>Amba Marketing Systems,</u>

<u>Inc. v. Jobar Intern., Inc., 551 F.2d 784, 787 (9th Cir.1977)</u>.

It is not the law that the Amended Complaint must be accepted as true.  It is only the law

that uncontroverted allegations of the Amended Complaint may be taken as true.

<u>Schwarzenneger</u>, 374 F.3d at 800; <u>American Tel. & Tel. Co. v. Compagnie Bruxelles Lambert,</u>

<u>94 F.3d 586, 588 (9th Cir.1996)</u>.  Desai, SABA, and EIC have categorically denied under oath

that they caused SMU any injury in Nevada or anywhere else or that they conspired with Patricia

L. Hough ("Hough") or anyone else in connection with the alleged conspiratorial activities in

---

[3]  SMU makes this argument, which it made in its prior consolidated opposition, by referring the Court
to pages 3-11 of its opposition to Fredrick's Motion to Dismiss.

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

Nevada or elsewhere.  (Affidavit of David L. Fredrick, President of SABA ("SABA Aff.")

¶¶ 4-9; Affidavit of Pankaj Desai ("Desai Aff.") ¶¶ 4-7; Affidavit of David L. Fredrick, Manager

of EIC ("EIC Aff.") ¶¶ 4-9).  There is absolutely no evidence that Desai, SABA, or EIC had any

involvement with the formation of AAIMG - the only contact which this case has with Nevada -

and each has denied under oath any involvement with AAIMG or its activities.  (SABA Aff. at ¶

7; EIC Aff. at ¶ 6; Desai Aff. at ¶ 5.)

SMU has not submitted any sworn evidence to meet its burden of establishing specific

jurisdiction over Desai, SABA, and EIC in Nevada.  Its unsworn complaint does not suffice to

establish jurisdiction where, as here, it is controverted by sworn evidence, and the Motions of

Desai, SABA and EIC should be granted.  <u>Tomlinson v. H&R Block, Inc.</u>, 151 Fed. Appx. 655,

657 (10th Cir. 2005)("The allegations in the complaint must be taken as true to the extent they

are uncontroverted by the defendant's affidavits.")  <u>See also</u> <u>Williams v. Bowman Livestock</u>

<u>Equipment. Co.</u>, 927 F.2d 1128, 1130-31 (10th Cir. 1991).

**B.      Personal  Jurisdiction Issues Specific To Desai**

In response to Desai's sworn denial, SMU contends that Exhibits A and D to its

Opposition establish that Desai logged into the AAIMG website on two occasions.  Desai's

sworn affidavit denies that he participated in any way in any activities related to AAIMG.

(Desai Aff. ¶¶ 4-7.)  That someone logged into the AAIMG web site from an account in Desai's

name does not establish that Desai personally had any contacts with AAIMG <u>or</u> with Nevada,

either specifically with respect to this litigation or generally, both of which Desai denies.  (Id.)

Whoever made the September 17 and 18, 2004 contacts actually doesn't matter, as neither were

with or into Nevada.  By its own Amended Complaint, SMU acknowledges that the AAIMG

website is not in Nevada. Rather, it is hosted in Russia and has a California e-mail address.

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

(Amended Complaint ¶ 6 and page 15 n.7.)  There is no basis whatsoever for jurisdiction over Desai.

### C.    Personal Jurisdiction Issues Specific To SABA

SMU's unfounded claim that SABA allegedly logged into the AAIMG website through an ISP account it owned is inconsequential.  (SMU Opposition at 10; Ex. C to March 6, 2006 Opposition of SMU.)  First, the sworn affidavit submitted on SABA's behalf denies that it participated in any way in any activities related to AAIMG. (SABA Aff. ¶¶ 4-9.)  Second, even if someone logged into the AAIMG web site from an account in SABA's name, this does not establish that such person was authorized by or acted for SABA or that SABA had any contacts with AAIMG or with Nevada, either specifically with respect to this litigation or generally, which facts SABA denies.  (Id.)  Moreover, even assuming that the contacts were by SABA, those contacts were not with or into Nevada.  By its own Amended Complaint, SMU acknowledges that the AAIMG website is not in Nevada.  Rather, it is hosted in Russia and has a California e-mail address.  (Amended Complaint ¶ 6 and page 15 n.7.)  Thus, SMU has introduced no evidence to establish specific jurisdiction over SABA.

Unable to establish specific jurisdiction over SABA- i.e., that SABA participated in or had knowledge of any activities alleged in the Amended Complaint or that it acted in furtherance of those activities in Nevada or elsewhere, SMU seeks to establish general jurisdiction over SABA.  General jurisdiction applies where a defendant is held to answer in a forum for causes of action unrelated to forum activities.  Baker v. Eighth Judicial District Court ex rel. County of Clark, 116 Nev. 527, 532 (2000); Trump v. Eighth Judicial District Court of State of Nev. In and For County of Clark, 109 Nev. 687, 699 (1993).  General jurisdiction over a nonresident will only lie where the nonresident's activities in the forum are "substantial" or "continuous and

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

1  systematic." <u>Baker</u>, 116 Nev. at 532; <u>Trump</u>, 109 Nev. at 699.  There is no proof of such

2  conduct by SABA.

3       SMU claims this Court can exercise general jurisdiction over SABA because it allegedly

4  advertises throughout the United States, including Nevada, to potential medical students and to

5  pre-med advisors.  (SMU Opposition at 9.)  However, SMU has offered no evidence as to any

6  advertising by SABA in Nevada.  Its argument is thus based on pure conjecture, and SMU

7  cannot rely on this claim to establish jurisdiction.

8

9       SMU next contends, again without any evidence, that SABA placed former students into

10  residency programs in hospitals in Nevada.  (SMU Opposition at 9 and Ex. F.) However, Exhibit

11  F, relied upon by SMU, only shows that a few former SABA students were employed as

12  residents in hospitals in Nevada <u>after</u> their graduation from SABA.  Residency programs are

13  operated by hospitals, not by SABA.  (Ex. A to Affidavit of Vincent O'Rourke, filed herewith.)

14  Thus, the fact that a few graduates of SABA are residents in Nevada does not establish contacts

15  by SABA with Nevada.

16

17       **D.      Personal Jurisdiction Issues Specific To EIC**

18       In its effort to establish specific jurisdiction, SMU claims that EIC, as an alleged agent of

19  SABA, allegedly logged into the AAIMG website through an ISP account in SABA's name.

20  (SMU Opposition at 10; Ex. C to March 6, 2006 Opposition.)  First, the sworn affidavit

21  submitted on EIC's behalf denies that EIC participated in any way in any activities related to

22  AAIMG.  (EIC Aff. ¶¶ 4-9.)  Second, that someone logged into the AAIMG web site from an

23  account in SABA's name does not establish that such person was authorized by or acted for EIC

24  or that EIC had any contacts with AAIMG <u>or</u> with Nevada, either specifically with respect to this

25  litigation or generally, and EIC denies such actions. (Id.)  Even assuming that the contacts were

26  by EIC, those contacts were not with or into Nevada.  By its own Amended Complaint, SMU

27

28

1  acknowledges that the AAIMG website is not in Nevada. Rather, it is hosted in Russia and has a

2  California e-mail address.  (Amended Complaint ¶ 6 and page 15 n.7.)

3       Unable to establish specific jurisdiction over EIC- i.e., that EIC  participated in or had

4  knowledge of any activities alleged in the Amended Complaint or that it acted in furtherance of

5  those activities in Nevada or elsewhere, SMU seeks to establish general jurisdiction over EIC.

6       The Amended Complaint alleges that this Court has personal jurisdiction over SABA and

7  EIC because they allegedly conducted business in Nevada under the guise of AAIMG, Moore,

8
9  Weinstein or Silver (Amended Complaint ¶ 6).  This allegation has been denied under oath by

10 both SABA and EIC.  (SABA Aff. ¶¶ 7-9; EIC Aff. ¶¶ 6-9.)  SMU now claims this Court can

11 exercise general jurisdiction over EIC because it is allegedly an agent of SABA and because

12 SABA allegedly advertises throughout the United States, including Nevada, to potential medical

13 students and to pre-med advisors.  (SMU Opposition at 9.)  However, SMU has offered no

14 evidence as to such advertisements either on EIC's own behalf or as SABA's agent, in Nevada or

15
16 elsewhere.  SMU's argument is thus based on pure conjecture, and SMU cannot rely on this

17 claim to establish jurisdiction in the face of EIC's sworn denials.

18      SMU next contends, again without any evidence, that SABA, and hence EIC as its agent,

19 placed former students into residency programs in hospitals in Nevada. (SMU Opposition at 9

20 and Ex. F.) However, Exhibit F, relied upon by SMU, only shows that a few former SABA

21
22 students were employed as residents in hospitals in Nevada.  Residency programs are run by

23 hospitals not SABA.  (Ex. A to Affidavit of Vincent O'Rourke, filed herewith.)  The fact that a

24 few graduates of SABA are residents in Nevada does not establish contacts by EIC with Nevada.

25 **III.    SMU'S SERVICE UPON SABA WAS INSUFFICIENT**

26      Citing Fed.R.Civ.P. 4(h)(1), SMU contends that it effected  service "by delivering a copy

27
28 of the summons and of the complaint to an  officer, a managing or general agent...."  SMU then

**ALVERSON, TAYLOR, MORTENSEN & SANDERS**
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

argues that it met this requirement by serving Desai who is on SABA's board of trustees and is

allegedly a dean of the school. (SMU Opposition at 19.)  The document relied on by SMU does

not support a claim that Desai is a dean of SABA and the sworn affidavit filed by its President on

behalf of SABA establishes that Desai is not an officer, managing or general agent of SABA and

"is not authorized to accept service for SABA." (SABA Aff. ¶ 5.)  Thus, SMU failed to establish

sufficient service of process on SABA.

IV.    SMU'S SERVICE UPON SABA WAS INSUFFICIENT

As it did in connection with personal jurisdiction, SMU claims venue is appropriate in

light of Hough's alleged answer "in place of the Nevada Defendants," which according to SMU

establishes that a "substantial part" of the acts giving rise to the Amended Complaint occurred in

or were directed toward Nevada. (SMU Opposition at 10-12.)  Contrary to SMU's contention,

Hough has not stated that she should answer for the actions of the so-called Nevada Defendants.

Rather, Hough's pleading stated:

> The Amended Complaint alleges, inter alia, that Defendants
> Thomas Moore, M.D., Sarah B. Weinstein, Rachel E. Silver and
> Diedre Moore are false identities used by Defendant Patricia L.
> Hough, M.D ("Hough") and others.  In light of this allegation, the
> undersigned, who appears as counsel for Defendant Hough adopts
> the Answer of Hough to the Amended Complaint and the Motion
> of Hough to Dismiss the Second, Third, Fifth and Sixth Claims of
> the Amended Complaint as Hough's Response to the Amended
> Complaint against said Defendants Thomas Moore, M.D., Sarah B.
> Weinstein, Rachel E. Silver and Diedre Moore.

Thus, Hough did not file an answer on behalf of the so-called Nevada Defendants.  Even if she

did, however, that would have no bearing on SABA since she did not answer for SABA, EIC or

Desai or purport to do so.

SMU erroneously claims that venue is appropriate because it allegedly suffered injury in

Nevada. (Consolidated Opposition at 11.)  The Amended Complaint alleges one act that

occurred in the State of Nevada - the formation of AAIMG.  The Amended Complaint does not

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

claim that any of the statements on the AAIMG website or made in the AAIMG e-mails which are claimed to have caused SMU injury have anything to do with Nevada. Rather, it alleges that the offending website was hosted in Russia (Amended Complaint ¶ 6) and that the offending e-mails emanated from servers hosted in California. (Amended Complaint p.15 n.7.) Thus, the Amended Complaint, on its face, makes it abundantly clear that Nevada is not "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. 1391(b)(2).

In <u>Myers v. Bennett Law Offices</u>, 238 F.3d 1068 (9th Cir. 2001), the Ninth Circuit recognized that in construing 28 U.S.C. 1391(b)(2), the "substantiality of the operative events is determined by assessment of the ramifications for efficient conduct of the suit," <u>Myers v. Bennett Law Offices</u>, 238 F.3d at 1075 (quoting <u>Lamont v. Haig</u>, 590 F. 2d 1124, 1134-35 (D.C. Cir. 1978)), and that in a tort action it is relevant to look to the place at which the harms were allegedly suffered by the Plaintiff in determining where a substantial part of the events giving rise to the claim occurred. <u>Id</u>. at 1076. Based upon SMU's theory of the case, the only place in the United States where SMU would have suffered damages from this tortious conduct would be in connection with its student programs in Maine (<u>see</u> Exhibit A, attached to Affidavit of Vincent F. O'Rourke, Jr.), where a separate action is currently pending between Fredrick and SMU. <u>David L. Fredrick v. St. Matthews University</u>, U.S.D.C. Maine, No. 06-CV-00052-DBH. Moreover, it would be far more judicially efficient to venue this action in either Maine, where SMU theoretically has suffered its damages, or Massachusetts, where SMU now claims many operative activities occurred. Both of these jurisdictions would be far more efficient from the point of view of witnesses and documentary evidence than Nevada, which has little or no contact with the action, the witnesses or the damages alleged. <u>See Core-Vent Corp. v. Nobel Industries</u>

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

AB, 11 F.3d 1482, 1486 (9ᵗʰ Cir. 1993).  (No personal jurisdiction in California over enterprise with worldwide market and no activities directed at California or its residents.)

**V.      THIS COURT MUST DISMISS COUNTS II AND III OF PLAINTIFF'S AMENDED COMPLAINT BECAUSE PLAINTIFF, AS A FOREIGN NATIONAL, COULD ONLY BRING A LANHAM ACT CLAIM UNDER 15 U.S.C. § 1126, WHICH IT ADMITTEDLY HAS NOT DONE.**

SMU is a foreign national, incorporated in the Cayman Islands.  (Amended Complaint ¶ 3a.)  Contrary to SMU's contention, SMU may only proceed under Section 1126 (b) and (h) of the Lanham Act,[4] pursuant to which Congress provided a cause of action for foreign nationals. Sections 1126 (b) and (h) extend the protections and remedies of the Lanham Act for unfair competition only to a foreign national whose "country of origin is a party to any convention or treaty relating to … unfair competition, to which the United States is also a party, or extends reciprocal rights to nationals of the United States by law." 15 U.S.C. § 1126 (b).  In Larsen v. Terk Technologies Corp., 151 F.3d 140, 145-46 (4ᵗʰ Cir. 1998), the United States Court of Appeals for the Fourth Circuit ruled that Section 44 of the Lanham Act, 15 U.S.C. §1126:

> extends the protections and remedies of the Lanham Act to any foreign national whose 'country of origin is a party to any convention or treaty relating to trademarks, trade or commercial names, or the repression of unfair competition, to which the United States is also a party, or extends reciprocal rights to nationals of the United States by law.'   15 U.S.C. § 1126(b), (g), (h).   Larsen is entitled to the protections and remedies of the Lanham Act because Denmark and the United States are both parties to the International Convention for the Protection of Industrial Property of 1883 (the Paris Convention), opened for signature Mar. 20, 1883, 25 Stat. 1372, T.S. No. 379, as amended at Stockholm, July 14, 1967, 21 U.S.T. 1583, T.I.A.S. No. 6923. See  4 J. Thomas McCarthy,  McCarthy on Trademarks and Unfair Competition § 29:21, at 29-46, 29-49 (4th ed.1998).

---

[4]  15 U.S.C. § 1126, also referenced as Section 44 of the Lanham Act, provides that "[a]ny person whose country of origin is a party to the convention … shall be entitled to benefits [under § 1126] to the extent necessary to give effect to any provision of such convention …" 15 U.S.C. § 1126(b).   15 U.S.C. § 1126(h) provides that any person covered by § 1126(b) "shall be entitled to effective protection against unfair competition, and the remedies … shall be available so far as they may be appropriate in repressing acts of unfair competition."

See also Scotch Whiskey Ass'n v. Majestic Distilling Co., 958 F.2d 594, 597 (4th Cir. 1992)(Section 1126(b) of the Lanham Act gives those persons whose country of origin is a party to a treaty relating to unfair competition those benefits of Section 1126 necessary to give effect to the Treaty).

15 U.S.C. § 1126(h) is intended to provide Lanham Act protection only to a foreign national whose country of origin is party to any convention or treaty relating to the repression of unfair competition and who meets the other requirements set forth in section 1126(b). Larsen, 151 F.3d at 145-46; Pagliero v. Wallace China Co., 198 F.2d 339 (9th Cir. 1952); Stauffer v. Exley, 184 F.2d 962 (9th Cir. 1950). After analyzing the legislative history of Section 1126, the United States Court of Appeals for the Third Circuit concluded that the statute clearly limited the circumstances under which a foreign national could bring a Lanham Act claim: "[T]here [would be] no need for such a limited declaration of jurisdiction over unfair competition [claims by foreign nationals] if the Lanham Act had covered … countless other [situations] in a much broader grant of jurisdiction over all unfair competition in commerce." L'Aiglon Apparel v. Lana Lobell, Inc., 214 F.2d 649, 654 (3rd Cir. 1954).[5]

Although SMU is a foreign national, SMU acknowledges that it has not alleged a cause of action under 15 U.S.C. §§ 1126(b) and (h). (SMU Opp. at 16.) ("Importantly, nowhere has the Plaintiff alleged any cause of action under 15 U.S.C. § 1126 as Defendants state and argue in their Motions.") Because SMU's only potential cause of action under the Lanham Act is under Section 1126, Counts II and III should be dismissed.

Having admitted it did not file an action under 15 U.S.C. § 1126, SMU attempts to avoid dismissal by arguing that a foreign national can bring a Lanham Act claim under Section 1125 because, by its terms, "any person" can bring an action under that statute. (SMU Opp. at 13.)

---

[5]  The legislative history of the Lanham Act is set out in detail in L'Aiglon Apparel v. Lana Lobell, Inc., 214 F.2d 649, 654 (3rd Cir. 1954).

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

This argument, however, ignores the definition of "person" set forth in 15 U.S.C. § 1127, which

does not include foreign nationals:

> The term "person" and any other word or term used to designate
> the applicant or other entitled to a benefit or privilege or rendered
> liable under the provisions of this Act includes a juristic person as
> well as a natural person.   The term "juristic person" includes a
> firm, corporation, union, association, or other organization capable
> of suing or being sued in a court of law.  (Emphasis added.)

Thus, the definition of person is limited to those entitled to "a benefit or privilege under

the Act."  This definition must be read in conjunction with Section 1126 which defines the scope

of that privilege and establishes that a foreign national like SMU may only bring an action for

unfair competition if it meets the prerequisites of Section 1126(b) and (h).  SMU does not meet

those prerequisites because there is no applicable Cayman Island treaty.  Therefore SMU is not a

"person" under the Act and Section 1125 is not applicable.  SMU's construction of the Lanham

Act which would provide unlimited rights under the Lanham Act to foreign corporations makes

Section 1126(b) and (h) totally superfluous and such a statutory construction violates the

requirement that a statute must be construed to give meaning to all its provisions.  Commissioner

of Internal Revenue v. Ewing, 439 F.3d 1009, 1014 (9th Cir. 2006).[6]

Finally, SMU inaccurately contends that courts have uniformly held that foreign

nationals can bring actions under Section 1125. (SMU Opp. at 14.)  The cases relied upon by

SMU do not support its position.  SMU first cites the case of Noone v. Banner Talent Associates,

Inc., 398 F.Supp. 260 (S.D.N.Y. 1975), in which the court inferentially rejected SMU's

contention.  In response to plaintiff's argument that he could bring an action under Section

---

[6]  SMU also argues that pursuant to 15 U.S.C. §1121(a) the district courts have original jurisdiction over causes of action under the Lanham Act regardless of the citizenship of the parties and, therefore, this establishes that a foreign national can bring an action.  This argument lacks merit because this statute merely establishes that a claim under the Lanham Act can be brought in federal district court, if properly pled, based on federal question jurisdiction, regardless of diversity of citizenship.  This statute does not expand the substantive scope of the causes of action under the Lanham Act and does not provide SMU with a cause of action.

13

43(a)[15 U.S.C. § 1125(a)], the defendant argued that the action had to be brought, if at all, under Section 44(b)[15 U.S.C. § 1126(b)].   The District Court avoided ruling on the issue and permitted the matter to go forward by ruling: "that although plaintiff frames his claim for relief pursuant to Section 43(a), I would find that the facts would clearly support a claim for relief pursuant to Section 44(b)." 398 F. Supp. at 262.  (Emphasis added.)

L'Aiglon Apparel, supra, 214 F.2d 649, relied on by SMU, in fact supports the Defendants' argument.  The L'Aiglon Court addressed in detail the legislative history of Section 1126 and correctly concluded that Section 1126 expressly limits the claims that can be made by a foreign national.  214 F.2d at 654.  Indeed, as the Court stated, Section 1126 would not exist if Congress intended to give foreign nationals a plenary right to sue under the Lanham Act.  Id. L'Aiglon did not and could not in light of its analysis conclude that a foreign national can sue under Section 1125.  Id.

Scotch Whiskey Ass'n v. Barton Distilling Co., 338 F.Supp. 595 (N.D. Ill. 1971), also does not support SMU.  The Scotch Whiskey Court failed to address, much less resolve, the issue of whether SMU can bring an action under Section 1125 or is limited to an action under Section 1126.  Although the Court ruled that the Plaintiff could bring an action under Section 1125(a), it did so without any analysis and also ruled that Plaintiff stated a claim under Section 1126 and in fact exercised jurisdiction under Section 1126.  The Court held, among other things:

> 4.   This court has jurisdiction of plaintiffs' claim under the Convention of Paris for the Protection of Industrial Property, as implemented by 15 U.S.C. 1126(b), since plaintiffs' claim arises under the Trademark Laws, with jurisdiction being conferred by 15 U.S.C. 1121 and 28 U.S.C. 1338(a).

> 5.   The court has jurisdiction of plaintiffs' claim under the Convention of Paris for the Protection of Industrial Property, since plaintiffs' claim arises under a treaty of the United States and the value of the matter in controversy is in excess of $10,000, exclusive of interest and costs, with jurisdiction being conferred by 28 U.S.C. 1331.

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

338 F. Supp. at 598-99.  (Emphasis added.)

SMU's reliance on <u>Spartan Chemical Co. v. ATM Enterprises of America</u>, (Exhibit F to SMU Opp.), is also misplaced.  While that Court stated that a foreign national could bring an action under Section 1125, there is no indication that the defendant in <u>Spartan Chemical</u> raised the issue of the limitations on foreign nationals established by Section 1126(b) and the <u>Spartan Chemical</u> Court did not address the issue.  The Court's sole reliance for the proposition that an action could be brought under Section 1125 was <u>Noone</u>, <u>supra</u>, which, as discussed above, avoided addressing the issue presented here because the Court found that Noone had stated a claim under Section 1126(b).

None of the remaining cases cited by SMU ever mentioned, let alone addressed,  Section 1126, and the limitations imposed by that statute on actions brought by foreign nationals. <u>Johnson & Johnson v. Carter-Wallace Inc.</u>, 631 F.2d 186 (2d Cir. 1980); <u>West Indian Sea Island Cotton Ass'n Inc. v. Threadtex, Inc.</u>, 761 F.Supp. 1041 (S.D.N.Y. 1991); <u>Menendez v. Faber, Coe, & Gregg Inc.</u>, 345 F.Supp. 527 (S.D.N.Y. 1972).

<div align="center">

**CONCLUSION**

</div>

The Amended Complaint in this matter against SABA , EIC and Desai should be dismissed pursuant to Fed.R.Civ.P. 12 (b)(2) and Fed.R.Civ.P. 12 (b)(3) because this Court lacks personal jurisdiction over them, and venue is not proper with respect to the claims against them.  Moreover, SABA has never been properly served.  Alternatively, the Amended Complaint fails

. . .

. . .

. . .

. . .

. . .

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

1   to state claims upon which relief can be granted in its Second, Third, Fifth and Sixth Claims and

2   those Claims must be dismissed if this Court retains jurisdiction over the claims against any of

3   Defendants.

4          DATED this _4TH_ day of May, 2006.

5                                              ALVERSON, TAYLOR,
6                                              MORTENSEN & SANDERS
7

8

9                                              _____
10                                             NATHAN R. REINMILLER, ESQ.
                                               Nevada Bar No. 6793
11                                             7401 W. Charleston Boulevard
                                               Las Vegas, NV 89117
12                                             Attorney for Defendants
                                               PANKAJ DESAI, M.D., SABA
13                                             UNIVERSITY SCHOOL OF
                                               MEDICINE FOUNDATION,
14                                             EDUCATION INFORMATION
                                               CONSULTANTS, INC.,
15                                             And EDUCATIONAL INTERNATIONAL
                                               CONSULTANTS, LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

## CERTIFICATE OF MAILING

I hereby certify that on this ⊔ day of May, 2006, I did deposit in the United States Post Office, with postage fully prepaid thereon, a copy of the above and foregoing **CONSOLIDATED REPLY OF DEFENDANTS PANKAJ DESAI, M.D., SABA UNIVERSITY SCHOOL OF MEDICINE FOUNDATION, EDUCATION INFORMATION CONSULTANTS, INC., AND EDUCATIONAL INTERNATIONAL CONSULTANTS, LLC. TO PLAINTIFF'S CONSOLIDATED OPPOSITION TO ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** addressed to:

Mark G. Tratos, Esq.
F. Christopher Austin, Esq.
Ronald D. Green, Jr., Esq.
GREENBERG TRAURIG LLP
3773 Howard Hughes Pkwy., Ste. 500N
Las Vegas, NV 89109
Attorney for Plaintiff

Karl S. Kronenberger, Esq.
Terri R. Hanley, Esq.
KRONENBERGER & ASSOCIATES
220 Montgomery St., Ste. 1920
San Francisco, CA 94104
*Attorney for Plaintiff*

An Employee of ALVERSON, TAYLOR, MORTENSEN & SANDERS

N:\bruce.grp\Z-client\15989\15989Consolidated Reply to MTD Pltfs Amended Complaint.wpd

ALVERSON, TAYLOR, MORTENSEN & SANDERS
LAWYERS
7401 WEST CHARLESTON BOULEVARD
LAS VEGAS, NEVADA 89117-1401
(702) 384-7000

Exhibit "A"

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| ST. MATTHEW'S UNIVERSITY<br>(CAYMAN) LTD., a Cayman Islands company,<br><br>Plaintiff,<br><br>vs.<br><br>SABA UNIVERSITY SCHOOL OF<br>MEDICINE FOUNDATION, a Netherland-<br>Antilles company; MEDICAL UNIVERSITY<br>OF THE AMERICAS, a St. Kitts & Nevis<br>company; EDUCATION INFORMATION<br>CONSULTANTS, INC., a Massachusetts<br>corporation; EDUCATIONAL INTERNATIONAL<br>CONSULTANTS, LLC, a Massachusetts<br>limited liability company; PATRICIA L. HOUGH,<br>M.D. an individual, and d.b.a. "Saba University<br>School of Medicine"; DAVID L. FREDRICK, an<br>individual; PANKAJ DESAI, M.D., an individual;<br>ASSOCIATION OF AMERICAN<br>INTERNATIONAL MEDICAL GRADUATES,<br>INC., a Nevada corporation, a.k.a.<br>"aaimg@yahoo.com"; THOMAS MOORE, M.D.<br>a.k.a. "presaaimg@hotmail.com" and<br>"crocdoc2004@netzero.net," an individual;<br>SARAH B. WEINSTEIN a.k.a.<br>"execsecaaimg@hotmail.com," an individual;<br>RACHAEL E. SILVER, an individual; and<br>DIEDRE MOORE, an individual,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: CV-S-05-0848-RCJ(LRL) |

## AFFIDAVIT OF VINCENT F. O'ROURKE, JR.

I, Vincent F. O'Rourke, Jr., being sworn under oath depose and state as follows:

1.      I am an attorney licensed to practice in the Commonwealth of Massachusetts.

2.      I represent the defendants SABA University School of Medicine Foundation,

Education Information Consultants, Inc., Educational International Consultants, LLC and Pankaj

Desai, M.D.

3.      Attached hereto as Exhibit A are true and accurate copies of pages which

appeared on the website of Defendant SABA University School of Medicine on April 26, 2006.

Signed under the pains and penalties of perjury this 4th day of May, 2006.

_____
Vincent F. O'Rourke, Jr.

## COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

On this 4th day of May 2006, before me, the undersigned notary public, personally

appeared Vincent F. O'Rourke, Jr., proved to me through satisfactory evidence of identification,

which was ☐ photographic identification with signature issued by a federal or state

governmental agency, ☐ oath or affirmation of a credible witness, ☑ personal knowledge of

the undersigned, to be the person whose name is signed on the preceding or attached

document(s), and acknowledged to me that he signed it voluntarily for its stated purpose.

_____  (official seal)
                                  Notary Public

My commission expires

# EXHIBIT

# A

| Home | Admissions | Registrar | Clinical | Student Life | Residency/Alumni | Other | *Education For Life* |

# SABA UNIVERSITY
# SCHOOL OF MEDICINE

urrent Section  →   Admissions • Curriculum • Hospital Affiliations

**Admissions**

**Requirements**

**Curriculum**

**Application**

**Student Handbook**

**Books Online**

**Financial Info**

## CURRICULUM

| Basic Sciences | Pre-Clinical | Clinical Medicine |
|---|---|---|
| Hospital Affiliations | Bachelor of Health Science | Graduate Degree Programs & Faculty |
| SABA Marine Park Hyperbaric Facility | Master of Science/ Hyperbaric Medicine | Hyperbaric Medicine Curriculum |
| Graduate Course Descriptions | The Institutional Review Board For Human Subjects | Institute for Graduate Studies and Research |
| The Research Comittee | | |



## HOSPITAL AFFILIATIONS

Hospital affiliations in the United States are divided into major geographic areas: East coast, Southeast, Mid-west and West. Although 95% of all SABA University students complete their clinical rotations in the United States, rotations outside the United States are also available. SABA University graduates have participated in rotations in Great Britain, Ireland, Israel, Canada, Australia, India and The Netherlands-Antilles. SABA University students have also done elective rotations with voluntary groups in Africa, Central America and Bosnia.



The following is a partial list of major affiliated hospitals in the United States where SABA University students regularly do rotations:

- Harbor Hospital Center, Baltimore, MD
- Union Memorial Hospital, Baltimore, MD
- Spring Grove Hospital, Catonsville, MD
- Holy Cross Hospital, Silver Springs, MD
- Brookdale Hospital, NY
- Peninsula General Hospital, NY
- Bridgeport Hospital, Bridgeport, CT
- Cape Cod Hospital, Hyannis, MA
- Jackson Park Hospital, Chicago, IL
- St. Anthony Medical Center, Chicago, IL
- St. Luke's Hospital, Kansas City, MO
- St. Mary's Health Center, St. Louis, MO
- Leonard J. Chabert Hospital, LA
- Cherry Hospital, Goldsboro, NC
- Michael Reese Hospital, Chicago, IL
- St. Mary's Hospital, Waterbury, CT
- Lincoln Medical and Mental Health Center, Bronx, NY

- Sheppard Pratt Health System, Baltimore, MD
- St. Anthony Hospital, Chicago, IL

---

POST GRADUATE RESIDENCY TRAINING

The staff at SABA University School of Medicine takes special pride in mentoring students for residency positions in the United States and other countries. Students become eligible for the National Resident Matching Program in the United States by passing Steps I and II of the USMLE , the CSA exam and the TOEFL. Each student is given individual attention and guidance throughout their application process. Personal statements are reviewed and a comprehensive Dean's Letter is written for residency training directors. Click here to see a list of SABA University graduates and their residency placements.

Home | Admissions | Registrar | Clinical | Student Life | Residency/Alumni | Other | Contact Us | Apply Online

U.S. Information/Admissions Office
Educational International Consultants, LLC
P.O. Box 386
Gardner, MA 01440, US
Telephone (978) 630-5122
Telephone Toll Free 800-825-7754
Fax (978) 632-2168
admissions@saba.edu

Caribbean Campus
Saba University School of Medicine
P.O. Box 1000
The Bottom, Saba, Netherlands-Antilles
Telephone 011- 599-4163456
Fax 011-599-4163458
Info@saba.edu

The Current Date Is Wednesday April 26,2006
The Current Time Is 08:32AM EDT

All information is deemed reliable but is not guaranteed and should be verified by the viewer.
Some images provided byComstock Images, Inc.



