**GREENBERG TRAURIG LLP**
Mark G. Tratos (Bar No. 1086)
F. Christopher Austin (Bar No. 6559)
Ronald D. Green, Jr. (Bar No. 7360)
3773 Howard Hughes Parkway, Ste. 500 N
Las Vegas, Nevada 89109
Tel: (702) 792-3773
Fax: (702) 792-9002

**KRONENBERGER HANLEY, LLP**
Karl S. Kronenberger (CA Bar No. 226112) (*Pro Hac Vice*)
Terri R. Hanley (CA Bar No. 199811) (*Pro Hac Vice*)
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Plaintiff

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| **ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD.,** a Cayman Islands company,<br><br>Plaintiff,<br><br>vs.<br><br>**SABA UNIVERSITY SCHOOL OF MEDICINE FOUNDATION,** a Netherland-Antilles company, et al,<br><br>Defendants. | Case No. CV-S-05-0848-BES<br><br>**NOTICE OF ORDER IN RELATED ACTION FILED BY DEFENDANT DAVID L. FREDRICK IN UNITED STATES DISTRICT COURT, DISTRICT OF MAINE (CASE NO. 06-CV-00052-DBH)** |

1    Pursuant to the Notice of Related Action filed by Plaintiff St. Matthew's University

2    (Cayman) LTD. ("ST. MATTHEW'S") filed March 28, 2006, noticing this Court of a

3    Federal action by Defendant David L. Fredrick ("FREDRICK") against ST. MATTHEW'S

4    in the District of Maine (Case No. 06-CV-00052-DBH, the "Maine Action"), ST.

5    MATTHEW'S files this notice of the following activity:

6    On May 12, 2006, Magistrate Judge Margaret J. Kravchuk of the District of Maine

7    issued the attached "Recommended Decision" (Maine Action, #18), pertaining to the

8    motion of St. Matthew's University (Cayman LTD.) to dismiss or transfer, and for

9    sanctions, as to Fredrick's action against it in Maine. A true and correct copy of Judge

10   Kravchuk's recommendation is attached hereto for reference, and Plaintiff ST.

11   MATTHEW'S requests this Court take judicial notice thereof.

12   By order dated May 31, 2006, U.S. District Judge D. Brock Hornby adopted and

13   entered the Recommended Decision.  A true and correct copy of Judge Hornby's minute

14   order (Maine Action, docket #19) is attached hereto for reference, and Plaintiff ST.

15   MATTHEW'S requests this Court take judicial notice thereof.

16

17   Respectfully Submitted,

18

19   DATED: June 8, 2006.              **KRONENBERGER HANLEY, LLP**

20

21                                      By: _____

22                                          Karl S. Kronenberger
                                            Terri R. Hanley
23                                          Attorneys for Plaintiff
                                            ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD.

24

25

26

27

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

1    DATED: June 8, 2006.      **GREENBERG TRAURIG, LLP**

2

3                                By: _____

4                                   Mark G. Tratos
                                  F. Christopher Austin

5                                   Ronald D. Green, Jr.
                                  Designated Local Counsel for Plaintiff

6                                   ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

Case No. CV-S-05-0848-BES        2        **NOTICE OF ORDER IN RELATED ACTION**

1

## CERTIFICATE OF SERVICE

2     I am a resident of the state of Nevada, over the age of eighteen years and not a

3 party to this action.   My business address is 3773 Howard Hughes Parkway, Suite 500 North, Las Vegas, NV 89109.

4     On June 8, 2006, I served the following document(s):

5     **1.  NOTICE OF ORDER IN RELATED ACTION FILED BY DEFENDANT DAVID**

6         **L. FREDRICK IN UNITED STATES DISTRICT COURT, DISTRICT OF MAINE (CASE NO. 06-CV-00052-DBH)**

7 on the parties listed below as follows:

8 **NATHAN R. REINMILLER, ESQ.**
    Alverson Taylor Mortensen & Sanders
9     7401 West Charleston Blvd
    Las Vegas, NV 89117
10    Counsel for DEFENDANTS

11

12 ☐    BY FACSIMILE MACHINE (FAX), by personally transmitting a true copy
        thereof via an electronic facsimile machine to the fax number listed herein.
13

14 ☒    BY FIRST CLASS MAIL, by placing a true copy thereof in a sealed
        envelope, with postage thereon fully prepaid, for collection and mailing, in
        San Francisco, California, following ordinary business practices, which is
15      deposited with the US Postal Service the same day as it is placed for
        processing.
16

17 ☐    BY PERSONAL SERVICE, by personally delivering a true copy thereof to
        the address(es) listed herein at the location listed herein.

18 ☐    BY OVERNIGHT DELIVERY containing a true copy thereof to the
        address(es) listed herein at the location listed herein.
19

20 ☐    BY EMAIL to the addresses listed above.

21 ☐    (State) I declare under penalty of perjury under the laws of the State of
        California that the foregoing is true and correct.
22

23 ☒    (Federal) I declare that I am employed in the office of a member of the bar
        of this court at whose direction the service was made.

24

25     By: _____

26     Employee of Greenberg Traurig, LLP

27

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID L. FREDRICK, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 06-52-P-H |
| | ) | |
| ST. MATTHEW'S UNIVERSITY | ) | |
| CAYMAN LTD, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION**

On March 9, 2006, David Fredrick, a resident of Florida and the President of SABA University School of Medicine, a Netherlands-Antilles Company, brought a complaint in the District of Maine against St. Matthew's University (Cayman) Ltd., a Cayman Islands foreign company. This complaint seeks a declaratory judgment finding that Fredrick has not defamed St. Matthew's University, has not engaged in unfair competition with St. Matthew's, has not interfered with St. Matthew's contractual relationships, and has not interfered with St. Matthew's efforts to obtain accreditation from state and national medical boards. Both SABA and St. Matthew's University offer a medical education to students from the United States and many European and other foreign countries. Indeed St. Matthew's curriculum is offered in Maine in conjunction with Maine-based St. Joseph's College pursuant to an agreement between the two institutions. St. Matthew's now asks the court to dismiss the complaint due to improper venue or for failure to state a claim, impose Federal Rule of Civil Procedure 11 sanctions, or, in the alternative, transfer venue of this case to the District of Nevada where litigation is already pending involving the same parties and the identical issues.

I now recommend that the Court reserve ruling on the motion to dismiss and the motion for Rule 11 sanctions and stay[1] this action pending a decision in the District of Nevada on Fredrick's motion to dismiss for lack of personal jurisdiction.  If the Nevada court dismisses Fredrick as a defendant in that multi-party action, I would proceed to issue a recommended decision on the merits of the motion to dismiss for failure to state a claim and the motion for Rule 11 sanctions.  If Fredrick is not dismissed in that suit, I recommend that this Court grant the motion to dismiss as all of the issues raised by this complaint can then be fully litigated in the Nevada action.

## Background Facts

On July 7, 2005, St. Matthew's filed an action (Case No. CV-S-05-0848-RCJ(LRL)) in the District of Nevada against the Association of American International Medical Graduates, Inc. ("AAIMG"), a Nevada corporation, and its officers.  The Nevada complaint alleges, among other things, deceptive trade practices, fraud and defamation.  The operative facts of the complaint concern a website maintained under the auspices of AAIMG that allegedly contained false and misleading information about St. Matthew's and other Caribbean medical schools.  Pursuant to somewhat unusual procedure, the entire Nevada action was filed under seal, and the Court authorized ex parte, pre-service discovery to allow St. Matthew's to ascertain the true identities of the individuals behind AAIMG.  See St. Matthew's University School of Medicine (Cayman) v. Association of American International Medical Graduates, et. al., Civ. No. S-05-0848-RCJ

---

[1]       Since neither party suggested a stay as a reasonable alternative, I held a brief telephonic conference with counsel to advise them of the tenor of this recommended decision and obtain their input on the notion of proceeding in this fashion.  Neither party articulated a reason why a stay while awaiting ruling from the Nevada court would work a particular hardship for that party.  Defendant seeks to retain the right to press the Rule 11 request for sanctions.  Plaintiff, of course, believes such sanctions are unwarranted.  Nothing in this recommended decision would prevent defendant from pressing his Rule 11 motion in the event this court dismissed this action after the Nevada court rules on Fredrick's motion and the recommendation explicitly provides that if the case is not dismissed because of the first-filed rule after the Nevada court rules on the jurisdictional motion, the request for sanctions and the Rule 12(b)(6) component of the motion to dismiss will be addressed.

(LRL) (D. Nev. 2005).  After discovery efforts on the part of St. Matthew's, it amended its Nevada complaint to name additional defendants, including the plaintiff in the Maine action, David Fredrick, and Fredrick's wife, Dr. Patricia Hough.   St. Matthew's first amended complaint in the Nevada action, dated October 28, 2005, includes allegations of falsification of documents submitted to the Secretary of State of Nevada, and violations of the Lanham Act, section 43, 15 U.S.C. § 1125, in the form of false statements in advertising and false designation of origin.   St. Matthew's also alleges that Fredrick and Hough conspired together and with the other named Nevada defendants to commit such acts and that each is the agent of the other.  In recent filings by St. Matthew's in the Nevada action, it has alleged and submitted documents in support of allegations that a significant amount of the operations and fraudulent activities of the defendants in the Nevada action occurred through the use of a computer in the residence of Fredrick and Hough, using an internet access account containing Fredrick's name, accessed by dialup modem via a telephone line and number located at Fredrick's residence and registered under the name of Hough.

St. Matthew's served Fredrick on December 30, 2005, and Fredrick filed several motions in the Nevada action, including a motion to dismiss for lack of personal jurisdiction, dated February 15, 2006.  Briefing on Fredrick's Nevada motions has been completed and the matter is now pending before Judge Brian Sandoval in the District Court of Nevada.  (No hearing has yet been noticed.)  Fredrick's wife, Hough, made no challenge to personal jurisdiction in Nevada, but also has pending in Nevada pretrial motions on venue and under Federal Rule of Civil Procedure 12(b)(6).

Since before his service in the Nevada action, Fredrick engaged in settlement discussions with St. Matthew's over the course of weeks. (Kronenberger Decl. ¶ 4.) Also, upon motion by St.

Matthew's, the Court in the Nevada action has ordered that the seal in that case be lifted, as the purpose of the seal was to enable St. Matthew's to identify and serve Fredrick and the other defendants, who had allegedly engaged in a pattern of fraud and who were alleged to be actively hiding their true identities.  More than two months after Fredrick had been served and had appeared in the Nevada Action, on March 9, 2006, he filed this Maine action seeking declaratory relief on the exact issues that are being litigated in the Nevada action.  Fredrick's complaint and amended complaint in the Maine action have an attached letter from St. Matthew's counsel to Fredrick's counsel, dated December 5, 2005.  This letter contains a recitation of alleged damages incurred by St. Matthew's resulting from Fredrick's wrongful and illegal acts and those of Fredrick's co-defendants in the Nevada action.

## Discussion

St. Matthew's brings this motion to dismiss claiming this Maine action is duplicitous of the first-filed Nevada action.  St. Matthew's also claims there is no actual and present controversy between the parties for the purposes of an action for declaratory relief in Maine and the action should be dismissed for failure to state a claim. Lastly, St. Matthew's requests, pursuant to Federal Rule of Civil Procedure 11, that the Court order Fredrick to pay sanctions, attorneys fees, and costs incurred by St. Matthew's in defending this Maine action.  The alternative requested relief is that venue of this action be transferred to the District of Nevada.

Section 1406(a) of title 28 of the United States Code provides grounds for a dismissal or transfer of an action in any instance when venue is improper.  St. Matthew's argues that Fredrick's violation of the "first-filed rule" supports the conclusion that proper venue for Fredrick's declaratory judgment action is the District of Nevada and that, pursuant to the statutory provision it cites, this court should dismiss the action, or, alternatively, transfer the

complaint to Nevada.  Under the "first-filed rule," preference is given to the first of two duplicative actions proceeding in different federal courts. "Where identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision." Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir.1987).  The first-filed rule has been acknowledged in the First Circuit. See, e.g., Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir.2000) (involving federal cases in Massachusetts and Washington, D.C.); TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F.3d 1, 2 (1st Cir.1996) (involving federal cases in New Hampshire and Texas); Cianbro Corp., 814 F.2d at 11(involving federal cases in New Hampshire and Maine).  Courts in this circuit have also acknowledged that in some instances there may be sufficient special circumstances to disregard the first-filed rule.  Nortek, Inc. v. Molnar, 36 F.Supp.2d 63, 71 (D.R.I. 1999) (suggesting the parties "shuffle off to Buffalo" to resolve the underlying contract dispute under New York law rather than proceeding in Rhode Island on the first-filed declaratory judgment action brought by the employer in an employment contract dispute with former employee).

The principle underlying the first-filed rule is that  federal district courts -- sister courts of coordinate jurisdiction and equal rank -- should, in the interests of comity and sound judicial administration, normally dismiss or transfer the second-filed action when two identical actions are filed in courts of concurrent jurisdiction. See West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 730 (5th Cir. 1985).  While admittedly exceptions to that general rule have developed, none of those exceptions are even arguably applicable to these facts.  The sole issue Fredrick attempts to raise is whether two sister courts actually have concurrent jurisdiction at this time.  According to Fredrick, his pending motion to dismiss for lack of personal

jurisdiction in the District of Nevada negates the applicability of the first-filed ruled because the District of Nevada is not a court with concurrent jurisdiction over him. But that proposition is preposterous, until and unless the district court in Nevada rules that it does not have personal jurisdiction vis-à-vis Fredrick. It would be improper, as all parties acknowledge, for this court to rule that the District of Nevada could or could not properly exercise personal jurisdiction over Fredrick in the lawsuit pending in Nevada. Thus it appears to me that it would be premature for this court to either dismiss this action or transfer the action to Nevada under 28 U.S.C. § 1406 based upon improper venue. Obviously if Nevada does not have jurisdiction over Fredrick, Maine venue appears as reasonable as either of the states where Fredrick claims there might be personal jurisdiction over him but which arguably have no personal jurisdiction over St. Matthew's.

It also is evident that it is simply a waste of judicial resources for this court to determine the merits of the Rule 12(b)(6) motion to dismiss for failure to state a claim for declaratory relief when that complaint is the mirror image of the lawsuit pending in Nevada and those issues can be fully addressed in the Nevada forum if that court has personal jurisdiction over Fredrick. There is no question in my mind that the core issues Fredrick raises in his declaratory judgment count will be resolved in the Nevada court if it assumes jurisdiction over Fredrick (along with the other defendants in that action). In that scenario there would never be a valid reason to transfer this case to Nevada. Fredrick requests no relief other than a declaration of his rights vis-à-vis the allegations made by St. Matthew's. If Fredrick remains a defendant in Nevada, this action can be dismissed.

Courts have recognized the practical dilemmas that rigid adherence to the first-filed rule can create and have suggested that sometimes the court that received the second filing might

choose to stay that action as the most appropriate plan of attack.  See West Gulf Maritime Ass'n.,
751 F.2d at 729 n.1 ("A stay may, for example, be appropriate to permit the court of first filing to
rule on a motion to transfer. If that court transfers the first-filed action, the stay could be lifted
and the actions consolidated. If the transfer is denied, however, the stay could be lifted and the
second-filed action dismissed or transferred.").  In the present situation that course of action
strikes me as eminently sensible.  When the dust finally settles in the Nevada desert, St.
Matthew's may decide it wants this case to proceed and might even want to bring its own
counterclaim against Fredrick in this forum.  In the meantime, with a stay in place, the parties are
not needlessly expending time and money litigating on two fronts.  With the stay in place there is
no danger of inconsistent rulings between this court and the Nevada court nor is Fredrick placed
in the situation wherein, if he does remain in the Nevada action, he might be collaterally
estopped because of factual findings made in this forum pertinent to the Nevada litigation.
Having reviewed the Nevada docket it is apparent to me that the litigation in that court is much
more complex than this particular declaratory judgment action.  There are currently motions to
dismiss filed by other defendants pending and awaiting decision. Thus if this case were not
stayed until the Fredrick's Nevada motion to dismiss is resolved, it appears that it would be ready
for trial much more quickly than the Nevada case.  For one thing, this case as presently postured
would involve no economic discovery regarding St. Matthew's alleged damages, probably an
issue that will lengthen the pretrial discovery in the Nevada case.  Additionally this district
normally only allows six months to complete all discovery in a case such as this one.  Given
these considerations, staying this Maine action is the alternative that best serves the interests at
stake for both parties and the court.

## Conclusion

Based upon the foregoing, I recommend that this action be stayed pending resolution of David Fredrick's motion to dismiss in the District of Nevada.  In the event that motion is denied, I recommend that the court apply the first-filed rule and **grant** this motion to dismiss.  In the event Fredrick's Nevada motion is granted, the stay should be lifted and this court should rule upon the other issues raised in the motion to dismiss pending in this court.  If the Court accepts this recommendation, it shall be incumbent upon counsel for St. Matthew's University, as movant in this dispute, to notify this court when the District of Nevada has ruled upon Fredrick's pending motion in that action.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

May 12, 2006

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

STANDARD, STAYED

# U.S. District Court
## District of Maine (Portland)
## CIVIL DOCKET FOR CASE #: 2:06-cv-00052-DBH

FREDRICK v. ST MATTHEW'S UNIVERSITY CAYMAN LTD

Assigned to: JUDGE D. BROCK HORNBY

Cause: 28:1332 Diversity-Injunctive & Declaratory Relief

Date Filed: 03/09/2006
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

### Plaintiff

**DAVID L FREDRICK**               represented by   **BARRY A. BACHRACH**
LAW OFFICE OF BARRY BACHRACH
311 MAIN STREET
WORCESTER, MA 01608
508-926-3403
Fax: 508-929-3003
Email: bbachrach@bowditch.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**ST MATTHEW'S UNIVERSITY CAYMAN LTD**        represented by   **KARL S. KRONENBERGER**
KRONENBERGER HANLEY, LLP
220 MONTGOMERY STREET
SUITE 1920
SAN FRANCISCO, CA 94104
US
(415) 955-1155
Email: karl@kronenbergerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**TERRI R. HANLEY**
KRONENBERGER HANLEY, LLP
220 MONTGOMERY STREET
SUITE 1920
SAN FRANCISCO, CA 94104
US
415-955-1155
Email: terri@kronenbergerlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**PASQUALE J. PERRINO, JR.**
LAW OFFICE OF P.J. PERRINO, JR.
128 STATE STREET
AUGUSTA, ME 04330
(207) 622-1918
Email: pjperrino@verizon.net
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/09/2006 | 1 | COMPLAINT against ST MATHEW'S UNIVERSITY CAYMAN LTD, filed by DAVID L FREDRICK. (Service of Process Deadline 7/7/2006) (Attachments: # 1 letter to Attorney Angelini dated 12/5/2005)(bfa, ) (Entered: 03/09/2006) |
| 03/09/2006 | 2 | Summons Issued as to ST MATHEW'S UNIVERSITY CAYMAN LTD.<br><br>**Counsel shall print the embossed summons and effect service in the manner in accordance with Fed.R.Civ.P.4.**<br><br><span style="color:red">**Note-If you are using Version 6 of Adobe Acrobat, be sure the PRINT WHAT field is set to DOCUMENTS AND COMMENTS (Click File, then Print to check this setting).**</span><br><br>(bfa, ) (Entered: 03/09/2006) |
| 03/10/2006 | 3 | AMENDED COMPLAINT *for Declaratory Judgment* against ST MATHEW'S UNIVERSITY CAYMAN LTD, filed by DAVID L FREDRICK. (Service of Process Deadline 7/10/2006) (Attachments: # 1 Exhibit Ex A to Amended Complaint)(BACHRACH, BARRY) (Entered: 03/10/2006) |
| 03/13/2006 | | Filing Fee Received from DAVID L FREDRICK: Amount Paid: $250. Receipt Number: 206000875. Method of Payment: check. Purpose of Payment: civil filing fee. Date Paid: 3/13/2006 re 1 Complaint. (bfa, ) (Entered: 03/13/2006) |
| 03/30/2006 | 4 | AFFIDAVIT of Service by DAVID L FREDRICK. ST MATHEW'S UNIVERSITY CAYMAN LTD served on 3/15/2006. (BACHRACH, BARRY) (Entered: 03/30/2006) |
| 03/30/2006 | | SET Answer Deadline for ST MATHEW'S UNIVERSITY CAYMAN LTD - PER AFFIDAVIT OF SERVICE #4: Answer due by 4/4/2006.(mnw, ) (Entered: 03/30/2006) |
| 04/04/2006 | 5 | NOTICE of Appearance by PASQUALE J. PERRINO, JR on behalf of ST MATHEW'S UNIVERSITY CAYMAN LTD (PERRINO, PASQUALE) (Entered: 04/04/2006) |
| 04/04/2006 | 6 | NOTICE of Appearance Pro Hac Vice of Terri R. Hanley, Esq. filed by PASQUALE J. PERRINO, JR on behalf of ST MATHEW'S UNIVERSITY CAYMAN LTD (Attachments: # 1 Exhibit Certification of Terri R. Hanley, Esq. to Appear as Counsel Pro Hac Vice)(PERRINO, PASQUALE) (Entered: 04/04/2006) |

| 04/04/2006 | 7 | NOTICE of Appearance Pro Hac Vice of Karl S. Kronenberger, Esq. filed by PASQUALE J. PERRINO, JR on behalf of ST MATHEW'S UNIVERSITY CAYMAN LTD (Attachments: # 1 Exhibit Certification of Karl S. Kronenberger, Esq., to Appear as Counsel Pro Hac Vice)(PERRINO, PASQUALE) (Entered: 04/04/2006) |
| 04/04/2006 | 8 | MOTION to Dismiss by ST MATHEW'S UNIVERSITY CAYMAN LTD.Responses due by 4/25/2006. (Attachments: # 1 Exhibit Declaration of Karl S. Kronenberger in Support of Motion to Dismiss Amended Complaint)(PERRINO, PASQUALE) (Entered: 04/04/2006) |
| 04/04/2006 | 9 | MOTION FOR JUDICIAL NOTICE OF COURT DOCUMENTS, DISTRICT OF NEVADA (CASE NO. CV-S-05-0848-BES-LRL) by ST MATHEW'S UNIVERSITY CAYMAN LTD.Responses due by 4/25/2006. (Attachments: # 1 Exhibit-pages 1 - 75# 2 Exhibit - pages 76 - 125# 3 Exhibit - pages 126 - 150# 4 Exhibit - pages 151 - 200# 5 Exhibit - pages 201 - 215# 6 Exhibit - pages 216 - 230# 7 Exhibit - pages 231 - 245# 8 Exhibit - Pages 256 - 277# 9 Exhibit - Pages 246 - 255)(PERRINO, PASQUALE) Modified on 4/5/2006 to add description of motion(mnw, ). Modified on 5/11/2006 to clean up docket text (mnw, ). (Entered: 04/04/2006) |
| 04/04/2006 | 10 | MOTION TO TRANSFER VENUE TO THE DISTRICT OF NEVADA *(MOTION TO TRANSFER VENUE INCLUDED WITHIN PLEADING NO. 8. TO VIEW MOTION TO TRANSFER, SEE PLEADING NO. 8)* by ST MATHEW'S UNIVERSITY CAYMAN LTD.Responses due by 4/25/2006. (mnw, ) (Entered: 04/05/2006) |
| 04/21/2006 | 11 | RESPONSE to Motion re 8 Motion to Dismiss and [10] MOTION TO TRANSFER VENUE TO THE DISTRICT OF NEVADA *Opposition to Motion to Dismiss or Transfer Amended Complaint* filed by DAVID L FREDRICK.Reply due by 5/2/2006. (BACHRACH, BARRY) Modified on 4/21/2006 to add link to document #8 (mnw, ). (Entered: 04/21/2006) |
| 04/21/2006 | 12 | NOTICE/CORRESPONDENCE Re: Request for Judicial Notice of Court Documents, District of Nevada (Case No. CV-S-05-0848-BES-LRL by DAVID L FREDRICK (BACHRACH, BARRY) (Entered: 04/21/2006) |
| 04/21/2006 | | SET Deadlines as to 8 MOTION to Dismiss - RESPONSE TO MOTION TO DISMISS FILED ON 04/21/06: Reply due by 5/2/2006.(mnw, ) (Entered: 04/21/2006) |
| 05/02/2006 | 13 | REPLY to Motion re 8 MOTION to Dismiss filed and [10] MOTION to Transfer Venue to the District of Nevada by ST MATHEWS UNIVERSITY CAYMAN LTD. (PERRINO, PASQUALE) Modified on 5/3/2006 to correct text to indicate that the document attached is a Reply to Motions #8 and #10, not a Response to those motions (mnw, ). (Entered: 05/02/2006) |
| 05/03/2006 | | NOTICE of Docket Entry Modification regarding 13 Response to Motion: Docket Entry Modified by the Clerk's Office to correct text to indicate that the document attached is a Reply to Motions 8 to Dismiss and [10] to Transfer Venue to the District of Nevada. The Reply deadline that was generated by the docketing of the Response has been terminated as it was set in error. (mnw, ) (Entered: 05/03/2006) |

| 05/03/2006 | | SET Deadlines - NO CORPORATE DISCLOSURE STATEMENT ON FILE FOR ST MATHEWS UNIVERSITY CAYMAN LTD. Corporate Disclosure Statement due by 5/5/2006.(mnw, ) (Entered: 05/03/2006) |
|---|---|---|
| 05/05/2006 | 14 | CORPORATE DISCLOSURE STATEMENT by ST MATHEWS UNIVERSITY CAYMAN LTD. (PERRINO, PASQUALE) (Entered: 05/05/2006) |
| 05/05/2006 | 15 | CERTIFICATE OF SERVICE by ST MATHEWS UNIVERSITY CAYMAN LTD re 14 Corporate Disclosure Statement (PERRINO, PASQUALE) (Entered: 05/05/2006) |
| 05/11/2006 | 16 | Minute Entry for proceedings held before Judge MARGARET J. KRAVCHUK : Telephone Conference held re: Docket Nos. 8 and 9. No written report of telephone conference will issue. (CWP, ) (Entered: 05/11/2006) |
| 05/12/2006 | 17 | ORDER granting without objection 9 Motion For Judicial Notice of Court Documents, District of Nevada. By Judge MARGARET J. KRAVCHUK. (CWP, ) (Entered: 05/12/2006) |
| 05/12/2006 | 18 | REPORT AND RECOMMENDED DECISION re 8 MOTION to Dismiss filed by ST MATTHEW'S UNIVERSITY CAYMAN LTD, [10] MOTION TO TRANSFER VENUE TO THE DISTRICT OF NEVADA *(MOTION TO TRANSFER VENUE INCLUDED WITHIN PLEADING NO. 8. TO VIEW MOTION TO TRANSFER, SEE PLEADING NO. 8)* filed by ST MATTHEW'S UNIVERSITY CAYMAN LTD. Objections to R&R due by 5/30/2006. By Judge MARGARET J. KRAVCHUK. (CWP, ) (Entered: 05/12/2006) |
| 05/31/2006 | 19 | ORDER adopting Report and Recommended Decision re 18 Report and Recommendations. By Judge D. BROCK HORNBY. (HORNBY, D.) (Entered: 05/31/2006) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/08/2006 12:43:58 | | |
| **PACER Login:** | kk0184 | **Client Code:** | smu |
| **Description:** | Docket Report | **Search Criteria:** | 2:06-cv-00052-DBH |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |