**GREENBERG TRAURIG LLP**
Mark G. Tratos (Bar No. 1086)
F. Christopher Austin (Bar No. 6559)
Ronald D. Green, Jr. (Bar No. 7360)
3773 Howard Hughes Parkway, Ste. 500 N
Las Vegas, Nevada 89109
Tel: (702) 792-3773
Fax: (702) 792-9002

**KRONENBERGER HANLEY, LLP**
Karl S. Kronenberger (CA Bar No. 226112)
Terri R. Hanley (CA Bar No. 199811)
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD., a Cayman Islands company,<br><br>Plaintiff,<br><br>vs.<br><br>SABA UNIVERSITY SCHOOL OF MEDICINE FOUNDATION, a Netherland-Antilles company, et al.,<br><br>Defendants. | Case No. CV-S-05-0848-BES<br><br>**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF SUMMONS ON DEFENDANT MEDICAL UNIVERSITY OF THE AMERICAS**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |

Plaintiff St. Matthew's University (Cayman) LTD. ("ST. MATTHEW'S"), through its attorneys, hereby brings this motion for alternative service of complaint and summons upon Defendant Medical University of the Americas ("MUA"), a St. Kitts & Nevis company primarily owned, controlled and operated by Defendants Patricia Hough ("HOUGH"), David Fredrick ("FREDRICK"), and Defendants Education Information Consultants, Inc. and Educational International Consultants, LLC. (together, "EIC"), in any of the following means:

(i) service upon Nathan Reinmiller of Alverson Taylor Mortensen Sanders, in Las Vegas, Nevada, counsel of record for MUA agents Defendants FREDRICK, HOUGH, Saba University School of Medicine Foundation ("SABA UNIVERSITY") and EIC;

(ii) service via U.S. Mail to MUA's U.S. Information Office, Defendants Education Information Consultants, Inc./Educational International Consultants, LLC[1], 63 Walnut Street, Gardner, Massachusetts, 01440; or

(iii) service via email to admission@mua.edu and medschool@caribsurf.com, two email addresses belonging to Defendant MUA.

This motion is brought pursuant to the Federal Rules of Civil Procedure Rule 4(e)(1) and Nevada Rules of Civil Procedure Rule (4)(e)(1), and the inherent power of the Court, and is based upon this notice; the attached memorandum in support; the Declaration of Terri R. Hanley in Support of Motion for Alternative Service of Summons on Defendant Medical University of the Americas; any papers in reply; Plaintiff's First Amended Complaint, filed October 28, 2005 ("FAC"); Plaintiff's Motions For (1) Alternative Service and (2) Lifting Seal Order, filed on February 8, 2006, and all papers filed therewith; Plaintiff's Motion For Enlargement Of Time In Which To Serve First Amended Complaint and Summons Pursuant to Rule 4(m), filed on March 20, 2006, and

---

[1] The administrative offices for Defendant MUA is inaccurately identified on MUA's website as "Education International Consultants, Inc." After investigation, no such entity exists. Rather, the two Defendant EIC's are registered with the State of Massachusetts at the same address, as stated herein. See Exhibits A, B to Declaration of Terri R. Hanley in support hereof ("Hanley Decl.").

Case No. CV-S-05-0848-BES     2     MOTION FOR ALTERNATIVE SERVICE ON DEFENDANT MUA

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

1  all papers filed therewith; and any argument or evidence offered upon hearing on the
2  matter.
3
4  DATED: July 7, 2006.                KRONENBERGER HANLEY, LLP
5
6                                      By: /s/ TRH
7                                      Karl S. Kronenberger
                                       Terri R. Hanley
                                       Attorneys for Plaintiff
8                                      ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD.
9
   DATED: July 7, 2006.                GREENBERG TRAURIG, LLP
10
11
12                                     By: _____
                                       Mark G. Tratos
13                                     F. Christopher Austin
                                       Ronald D. Green, Jr.
14                                     Designated Local Counsel for Plaintiff
                                       ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD.
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On April 11, 2006, this Court granted Plaintiff St. Matthew's University's ("ST. MATTHEW'S") motion to enlarge for 90 days the time to serve St. Matthew's First Amended Complaint ("FAC") and summons on Defendant Medical University of the Americas ("MUA"). As the Court is aware, MUA is a St. Kitts & Nevis company that ST. MATTHEW'S has alleged to be an alter ego and instrumentality of Defendants David L. Fredrick ("FREDRICK") and Patricia L. Hough, M.D. ("HOUGH").

ST. MATTHEW'S efforts to serve Defendant MUA have included the employment of a nationwide service of process agency, and extensive investigation into the identities and locations of MUA administrators. Despite these efforts on the part of ST. MATTHEW's over the past three months, however, ST. MATTHEW'S has been unable to personally serve an administrator of MUA, as none were to be located at their stated and registered addresses or locations. Furthermore, inquires made by ST. MATTHEW'S retained process servers to locate the persons to be served were repeatedly and continually avoided or refused.

Accordingly, and in the interest of moving this litigation forward, ST. MATTHEW'S brings this motion for alternative service of complaint and summons upon MUA by any of the following means:

(i) service upon Nathan Reinmiller of Alverson, Taylor, Mortensen & Sanders, in Las Vegas, Nevada, counsel of record for MUA agents and owners Defendants FREDRICK, HOUGH, MUA parent institution Defendant Saba University School of Medicine Foundation ("SABA UNIVERSITY"), and MUA's exclusive administrative agent, Defendants EIC;

(ii) service via U.S. Mail to MUA's exclusive administrative agent(s), Defendants Education Information Consultants, Inc./Educational International Consultants, LLC[2], at 63 Walnut Street, Gardner, Massachusetts, 01440; or

---

[2] The administrative offices for Defendant MUA is inaccurately identified on MUA's

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

(iii) service via email to admission@mua.edu and medschool@caribsurf.com, two email addresses belonging to MUA.

The issues raised by this motion are not novel to this litigation. This Court already has granted ST. MATTHEW'S unopposed Motion For Alternative Service (filed February 8, 2006) on Defendants Thomas Moore, M.D., Sarah Weinstein and Rachael Silver, which ST. MATTHEW'S has alleged to be aliases of FREDRICK and HOUGH. As allowed by order of this Court, ST. MATTHEW'S served those three Defendants via personal service on Nathan Reinmiller, Esq., local counsel to Defendants FREDRICK, HOUGH, AAIMG, and the EICs.

## II. FACTUAL BACKGROUND

### A. Appearing Defendants FREDRICK, HOUGH, and EICs are the agents and exclusive possessors of Defendant MUA.

Plaintiff's FAC and motions filed in the case allege and evidence the following:

- Defendant MUA is wholly owned and controlled by Defendants FREDRICK and HOUGH and/or their wholly and directly owned and controlled companies, who are the sole stockholders, officers, and directors of MUA; (FAC ¶3f, 11; "Certificate Required By Local Rule 10-6" filed by Defendants HOUGH, AAIMG May 17, 2006 (#65), attached as "Exhibit C" to the Declaration of Terri R. Hanley in support hereof ("Hanley Decl."));

- FREDRICK and HOUGH so control and operate Defendant MUA that as a result, Defendant MUA is an instrumentality, conduit, adjunct and alter ego of Defendants FREDRICK and HOUGH (FAC ¶3f, 11); and

- Defendant MUA has as its exclusive administrative and controlling agent Defendants EIC, which are wholly and directly owned and controlled by Defendants FREDRICK and HOUGH (Hanley Decl., Exs. A and B);

---

website as "Education International Consultants, Inc." (See Hanley Decl., Ex. A.) After investigation, no such entity exists. Rather, the two Defendant EIC's are registered with the State of Massachusetts at the same address, as stated herein.

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

The most convincing evidence of the above are Defendants' own submissions in the present case show ST. MATTHEW'S allegations regarding the control and ownership of Defendants FREDRICK and HOUGH to be true. In their "Certificate Required By Local Rule 10-6" filed May 17, 2006 (#65) (Hanley Decl., Ex. C), Defendants HOUGH and AAIMG assert that no parties other than the named Defendants hold an interest in any party hereto, including Defendant MUA – necessarily averring that Defendants HOUGH and FREDRICK, and their wholly owned instrumentalities Defendants EIC, possess exclusive interest and control over Defendants MUA, as well as it's sister school Defendant SABA UNIVERSITY.

Likewise, all information discovered regarding Defendant MUA evidences the agency of the other named Defendants. The website of Defendant MUA lists several postal and several email addresses. (Hanley Decl., Ex. A). Two of the three postal addresses, including that for MUA's "U.S. Information Office," are to a postal box belonging to Defendants EIC – the wholly-owned instrumentality of Defendants FREDRICK and HOUGH, as well as the exclusive administrative agent of Defendant SABA UNIVERSITY, another international medical school owned by FREDRICK and HOUGH (*Id.*; FAC, ¶ 3e, 11). One of the three email addresses is to an individual employee or agent of Defendant SABA UNIVERSITY. (Hanley Decl., Ex. A).

**B. ST. MATTHEW'S diligent and extensive efforts to serve Defendant MUA have been frustrated by the acts and omissions of Defendants.**

ST. MATTHEW'S inability to personally serve MUA is not for lack of diligent effort. ST. MATTHEW'S has searched on Internet and through public records, and even has retained private process servers, in an attempt to find and serve an individual or entity sufficient to accept service on behalf of MUA. (Hanley Decl., ¶¶ 1-4.) Multiple attempts by mail and personal service as authorized by State and Federal law have proven futile, as addresses and locations for the head administration of Defendant MUA have proven to be inaccurate, or their whereabouts unknown or undivulged by those knowing. (*Id.*)

**C. Appearing Defendants have repeatedly refused to accept or waive service for <u>any</u> defendant, including Defendant MUA.**

ST. MATTHEW'S attempts to resolve the present issue also has attempted to serve MUA by various means, including:

- a request for waiver of service of summons was served together with the FAC and summons on December 5, 2005, to MUA's U.S. Information Office, at the address of Defendants EIC;
- a request for waiver of service of summons was mailed December 30, 2005 to attorney Michael Angelini, attorney for Defendants FREDRICK, HOUGH, SABA UNIVERSITY, the EICs, and SABA UNIVERSITY and its board member, Defendant Pankaj Desai, M.D. ("DESAI"), as well as the alleged alter egos and instrumentalities, Defendant AAIMG and its officers (Hanley Decl., ¶ 1); and
- an oral request to Defendants' attorneys of record Michael Angelini and Nathan Reinmiller during a May 11, 2006 teleconference to accept service on behalf of MUA (Hanley Decl., ¶ 5).

Despite the extensive service efforts and even motion practice and orders on service, each and every waiver or request was rejected or denied.

**III. ARGUMENT**

**A. The Court should permit service on MUA by service on attorney Nathan Reinmiller, counsel for MUA agents HOUGH, FREDRICK and EICs.**

As detailed above, Defendants EIC (exclusively owned and operated by Defendants FREDRICK and HOUGH) are exclusive agents of Defendant MUA, in that they are authorized by MUA to receive communications pertaining to MUA's operations. (*See* Hanley Decl., Exs. A, B; Certificate of Interested Parties (Hough, AAIMG) (#65).)

Additionally, as alleged in the FAC, MUA is: (i) itself an alleged alter ego and instrumentality of FREDRICK and HOUGH (FAC, ¶ 3f, 11); (ii) is a beneficiary of the alleged wrongdoing by all defendants, including the Defendants HOUGH and

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

FREDRICK (FAC, ¶ 11); and is an alleged co-conspirator of all defendants, including Defendants HOUGH, FREDRICK, EICs, and SABA UNIVERSITY (*Id.*).

Plaintiff therefore asks the Court allow service upon Defendant MUA upon counsel for its exclusive agents and owners – Defendants HOUGH, FREDRICK, and EIC. Plaintiff prays the Court find that these parties are legally designated agents of Defendant MUA pursuant to Fed. Rules of Civ. Proc. 4(e)(2), and that service may be made upon their counsel of record Nathan Reinmiller. In light of the closely held relationships amongst the allegedly conspiring Defendants, it cannot be argued that service on the counsel of record for these appearing Defendants will be insufficient to apprise MUA of this action, of which it is certainly already aware in detail.

Accordingly, this Court should grant ST. MATTHEW'S' motion to serve MUA by means of service on attorney Nathan Reinmiller.

**B. The Court should permit service by mail to MUA's office at Defendant EICs, or by email to the addresses on MUA's website.**

As shown above, MUA's website lists a U.S. mailing address – a postal box operated by Defendants EIC, an alleged co-conspirator of MUA and another alter ego and instrumentality of Defendants FREDRICK and HOUGH (Hanley Decl., Ex. A). Similarly, MUA uses at least three email addresses, all listed on its website; one of those addresses is owned by defendant SABA UNIVERSITY, which in turn is owned and operated by FREDRICK and HOUGH, as alleged and shown above. Given that web of relationships, and the unity of ownership and identity between the Defendants, there can be no question that service of the FAC and summons to MUA's listed postal or email addresses will be sufficient to apprise MUA of this litigation and the claims against it.

Accordingly, the Court should grant ST. MATTHEW'S' motion for alternative service on MUA by means of posted mail to MUA's U.S. Information Office or email to admission@mua.edu or medschool@caribsurf.com, two of the email addresses listed on MUA's website.

## IV. ENABLING OF TIME TO SERVE

As noted above, on April 11, 2006, this Court granted Plaintiff's motion to enlarge the time to serve St. Matthew's First Amended Complaint ("FAC") and summons on Defendant Medical University of the Americas ("MUA") for 90 days, creating a revised service deadline of July 10, 2006. As this request is made prior to that deadline, and as Plaintiff proffers the above is good cause shown for a failure to serve, Plaintiff hereby requests the Court to enable its order upon the above motion to extend the time for service, if such extension is required. Plaintiff represents it will effectuate the fastest form of service authorized hereunder by the Court.

## V. CONCLUSION

ST. MATTHEW'S has exercised every reasonable effort to locate and serve MUA. Given its diligence, MUA's efforts to conceal itself and to avoid service, MUA's demonstrated and alleged unity of identity and ownership amongst Defendants HOUGH, FREDRICK, EICs, and SABA UNIVERSITY, and the need to move this litigation forward, the Court should grant ST. MATTHEW'S' motion for alternative service on MUA by any of the means set forth in ST. MATTHEW'S motion.

DATED: July 7, 2006.  **KRONENBERGER HANLEY, LLP**

By: *[signature]*
Karl S. Kronenberger
Terri R. Hanley
Attorneys for Plaintiff
ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD.

DATED: July 7, 2006.  **GREENBERG TRAURIG, LLP**

By: *[signature]*
Mark G. Tratos
F. Christopher Austin
Ronald D. Green, Jr.
Designated Local Counsel for Plaintiff
ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD.

# CERTIFICATE OF SERVICE

I am a resident of the state of Nevada, over the age of eighteen years and not a party to this action. My business address is 3773 Howard Hughes Parkway, Suite 500 North, Las Vegas, NV 89169.

On July 7, 2006, I served the following document(s):

1. **PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF SUMMONS ON DEFENDANT MEDICAL UNIVERSITY OF THE AMERICAS, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

on the parties listed below as follows:

**NATHAN REINMILLER, ESQ**
Alverson Taylor Mortensen & Sanders
7401 West Charleston Blvd
Las Vegas, NV 89117
Fax: (702) 385-7000

[X] BY FACSIMILE MACHINE (FAX), by personally transmitting a true copy thereof via an electronic facsimile machine to the fax number listed herein.

[X] BY FIRST CLASS MAIL, by placing a true copy thereof in a sealed envelope, with postage thereon fully prepaid, for collection and mailing, in San Francisco, California, following ordinary business practices, which is deposited with the US Postal Service the same day as it is placed for processing.

[ ] BY PERSONAL SERVICE, by personally delivering a true copy thereof to the addresse(s) listed herein at the location listed herein.

[ ] BY OVERNIGHT DELIVERY containing a true copy thereof to the addresse(s) listed herein at the location listed herein.

[ ] BY EMAIL to the addresses listed above.

[ ] (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Sam S. Whitehead*
Employee of Greenberg Traurig, LLP