**GREENBERG TRAURIG LLP**
Mark G. Tratos (Bar No. 1086)
F. Christopher Austin (Bar No. 6559)
Ronald D. Green, Jr. (Bar No. 7360)
3773 Howard Hughes Parkway, Ste. 500 N
Las Vegas, Nevada 89169
Tel:  (702) 792-3773
Fax:  (702) 792-9002

**KRONENBERGER HANLEY, LLP**
Karl S. Kronenberger (CA Bar No. 226112)
Terri R. Hanley (CA Bar No. 199811)
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD.**, a Cayman Islands company,<br><br>Plaintiff,<br><br>vs.<br><br>**SABA UNIVERSITY SCHOOL OF MEDICINE FOUNDATION**, a Netherland-Antilles company, et al.,<br><br>Defendants. | Case No. CV-S-05-0848-BES<br><br>**PLAINTIFF'S NOTICE OF CROSS-MOTION AND CROSS-MOTION FOR COSTS AND FEES UNDER 28 USC 1927, AND FOR ORDER REQUIRING ATTORNEY REINMILLER TO SERVE AS AAIMG DEFENDANTS' COUNSEL OF RECORD**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-MOTION, AND IN OPPOSITION TO MOTION OF PATRICIA HOUGH TO REMOVE DEFAULT AS TO AAIMG DEFENDANTS** |

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

## NOTICE OF CROSS-MOTION AND CROSS-MOTION FOR COSTS AND FEES UNDER 28 USC 1927, AND FOR ORDER REQUIRING ATTORNEY REINMILLER TO SERVE AS AAIMG DEFENDANTS' COUNSEL OF RECORD UNDER LOCAL RULE IA 10-6(A)

Plaintiff St. Matthew's University (Cayman) LTD. ("**SMU**"), through its attorneys, hereby brings this motion under 28 U.S.C. 1927 for an award of its costs and fees in responding to the Motion of Defendant Patricia L. Hough to Remove Default of Sarah Weinstein, Rachael Silver, Diedre Moore and Thomas Moore, M.D., and for an order requiring Defendant Hough ("**Hough**")'s counsel of record, attorney Nathan R. Reinmiller ("**Reinmiller**"), to hereafter serve as counsel of record for Weinstein, Silver, Moore and Moore (collectively, the "**AAIMG Defendants**") under Local Rule IA 10-6(a).

This motion is brought pursuant to 28 U.S.C. 1927 and Local Rule IA 10-6(a), and the inherent power of the Court, and is based upon this notice of cross-motion and cross-motion; the attached memorandum in support thereof, and in opposition to Hough's motion to remove default; the attached Proposed Order; any papers in reply; SMU'S First Amended Complaint, filed October 28, 2005; the other pleadings, motions and papers filed with the Court in this action; and any argument or evidence offered upon hearing on the matter.

/
/
/
/
/
/
/
/
/

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.Kronenbergerlaw.com

1    DATED: August 21, 2006.          **KRONENBERGER HANLEY, LLP**

2

3                                     By: _____

4                                     Karl S. Kronenberger
                                      Terri R. Hanley
5                                     Attorneys for Plaintiff
                                      ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD.
6

7    DATED: August 21, 2006.          **GREENBERG TRAURIG, LLP**

8

9                                     By: _____

10                                    Mark G. Tratos
                                      F. Christopher Austin
11                                    Ronald D. Green, Jr.
                                      Designated Local Counsel for Plaintiff
12                                    ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-MOTION AND IN OPPOSITION TO MOTION OF PATRICIA HOUGH TO REMOVE DEFAULT AS TO AAIMG DEFENDANTS**

## I.   INTRODUCTION

With her Motion to Remove Default of Sarah Weinstein, Rachael Silver, Diedre Moore and Thomas Moore, M.D., Defendant Patricia L. Hough ("**Hough**") sets a new standard for dilatory conduct.  The Court should mark the occasion by ordering  her counsel, Nathan R. Reinmiller ("Reinmiller"), to pay Plaintiff St. Matthew's University ("**SMU**")'s costs and fees in responding to that motion under 28 U.S.C. 1927, and by requiring Reinmiller to henceforth serve as counsel of record for Weinstein, Silver, Moore and Moore (collectively, the "**AAIMG Defendants**") under Local Rule IA 10-6(a).

Hough fails to cite any authority relevant to her motion's central question:  Can a defendant who denied in her Answer[1] any alleged connection to other Defendants nevertheless move to lift a default as to those other Defendants?  Hough's failure is easily excused, since it's likely that no prior litigant or attorney has considered the question worthy of a court's time.

This is not the first time that Hough and counsel Reinmiller have attempted to represent the interest of the AAIMG Defendants; on April 4, 2006, Hough, through Reinmiller, filed an Answer and Joinder to Motion to Dismiss the Amended Complaint as to the AAIMG Defendants.  The Court flatly disregarded that ploy, and on July 13, 2006, entered default as to the AAIMG Defendants.  That Hough nevertheless proceeded with her current motion makes clear her intentions – to unreasonably and vexatiously multiply these proceedings in a manner justifying an award of SMU's costs and fees under 28 U.S.C. 1927.

/

---

[1] *See* Answer of Patricia L. Hough, M.D. to Amended Complaint of Plaintiff ("**Answer of Hough**") at ¶ 12.

1    Surprisingly, despite this Court's rejection of Reinmiller's prior attempts to

2    represent the AAIMG Defendants through Hough, Mr. Reinmiller continues to proceed

3    as though he represents them.  At the time he filed this motion, Reinmiller knew that the

4    Court had rejected his prior attempts to represent the interests of the AAIMG

5    Defendants.  Still, he persevered.  If Reinmiller is that keen on representing the interests

6    of the AAIMG Defendants, then the Court should recognize Reinmiller under Local Rule

7    IA 10-6 as having twice appeared on their behalf, and should order Reinmiller to

8    henceforth serve as the AAIMG Defendants' counsel of record.

9    An interesting aspect of Hough's motion is that it represented an opportune time

10   for Hough to explain her relationship, if any, to the AAIMG Defendants.  Hough declined

11   that opportunity, choosing instead to style her motion as a benevolent attempt to save

12   the Court from committing a "meaningless judicial act."  Memorandum in Support of

13   Motion at 1:25-26.  If Hough were so interested in helping the Court, she would cease

14   creating time-consuming sideshows, and would redirect her efforts by helping the Court

15   focus on, and resolve, SMU's claims.

16   As alleged in the Amended Complaint, the AAIMG Defendants opened accounts,

17   initiated financial transactions, formed and entity and engaged in a collection of wrongful

18   speech against SMU.  (Amended Complaint at ¶¶ 35-64.)  SMU alleged that it believes

19   the AAIMG Defendants to be assumed identities of Hough and other Defendants.

20   (Amended Complaint at ¶ 12.)  Until SMU can so prove, however, it must litigate this

21   case as if the AAIMG Defendants existed.  With every attempt by Hough and Reinmiller

22   to represent the interests of the AAIMG Defendants, they provide more proof – all to be

23   introduced at trial against Hough – that Hough and the AAIMG Defendants are one-and-

24   the-same.  Rather than continue to manufacture evidence to be used against her, Hough

25   should consider retrenching and preparing to defend against the merits of SMU's claims.

26   For those and the other reasons stated below, the Court should deny Hough and

27   Reinmiller's Motion to Remove Default and should order that:

28   /

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.Kronenbergerlaw.com

1.  Reinmiller pay SMU its costs and fees in responding to this motion under 28 U.S.C. 1927, in an amount to be proved in a later filing; and

2.  Reinmiller be recognized under Local Rule IA 10-6(a) as having appeared on behalf of the AAIMG Defendants, and that Reinmiller henceforth serve as the AAIMG Defendants' counsel of record.

## II.  ARGUMENT

### A.  The Court Already Has Concluded That Hough Lacks Standing to Litigate on Behalf of the AAIMG Defendants.

Hough, in her Answer, denied any alleged connection to the AAIMG Defendants. (Answer of Hough at ¶ 12.)  Nevertheless, on April 4, 2006, Hough, through Reinmiller, filed an answer and motion to dismiss as to the AAIMG Defendants.  On July 13, 2006, the Court entered a default against the AAIMG Defendants, thus rejecting Hough and Reinmiller's attempts to represent the AAIMG Defendants' interests.  The Court's decision to do so was well-founded, if for no other reason than Hough's lack of standing forbids her from raising any argument on behalf of any party except herself.

The doctrine of standing, as it has evolved in the context of a plaintiffs' right to bring a claim, "embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights ..." *Allen v. Wright*, 468 U.S. 737, 751-52 (1984).  To determine whether a litigant has standing, courts look, in the first instance, to three factors:  (1) whether the litigant has suffered an "injury in fact" that is both (a) concrete and particularized and (b) actual or imminent, rather than conjectural or hypothetical; (2) whether the litigant's injury is fairly traceable to the challenged action; and (3) whether it is likely, rather than speculative, that court action will redress the litigant's injury.  *Nuclear Information and Resource Service v. Nuclear Regulatory Commission*, --- F.3d ----, 2006 WL 2042893 (9th Cir. 2006).

Those standards demonstrate the ridiculousness of Hough's motion.  Most charitably, Hough's motion can be characterized as an attempt to protect the AAIMG

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.Kronenbergerlaw.com

1   Defendants from the entry of default.  But the motion makes no attempt to demonstrate

2   any cognizable injury to the AAIMG Defendants, much less any cognizable injury to

3   Hough or the redress that would flow from the granting of Hough's motion.  It cannot be

4   seriously questioned litigants lack standing to file pleadings and motions on behalf of

5   other litigants.  Can one imagine if every defendant in this action took the liberty of

6   representing every other?

7          Hough's representation that she seeks to save the Court from committing a

8   "meaningless judicial act" aside,[2] the Court should recognize the motion for what it is:

9   An attempt to derail this litigation and thus forestall the entry of judgments and the

10   discovery of facts that, one way or the other, will demonstrate her unlawful and

11   actionable conduct.  The parties and Court are capable of looking out for their own

12   interests.  On that ground alone, the Court should deny Hough's motion.

13   **B.  As a Result of Reinmiller's Repeated Appearances Representing the**

14   **Interest of the AAIMG Defendants , the Court Should Order Him to Serve as Their**

15   **Counsel of Record Under Local Rule IA 10-6 (a).**

16          Local Rule IA 10-6(a) states:  "An attorney who has appeared for a party shall be

17   recognized by the court and all the parties as having control of the client's case."   This

18   is the second occasion on which Reinmiller has filed a pleading or motion representing

19   the interests of the AAIMG Defendants, the first being Hough and Reinmiller's April 4,

20   2006, Answer and Joinder to Motion to Dismiss the Amended Complaint.  Reinmiller

21   cannot have it both ways:  Either he is counsel of record to the AAIMG Defendants

22   (meaning he'll accept service on their behalf and otherwise represent them) or he is not.

23   At this point, in light of Hough's repeated gamesplaying, with the apparent assistance of

24   her counsel, the Court should recognize that Reinmiller has chosen to serve as counsel

25   of record to the AAIMG Defendants, and should order him to do so for the duration of

26   this action.

27   /

28   _____

[2] Memorandum in Support of Motion at 1:25-26.

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

**C.  The Unnecessary and Vexatious Motions Practice Warrants an Order Awarding SMU Its Costs in Responding to Hough and Reinmiller's Motion Under 28 U.S.C. 1927.**

As stated in 28 U.S.C. 1927:  "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  The requirement of "unreasonably and vexatiously" is satisfied where the attorney or other person acts in bad faith, with an improper motive or with reckless disregard to a duty owed the Court.  *Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998); *see also New Alaska Develop. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989).

At the time Reinmiller filed Hough's latest motion, he knew, given the Court's flat-out rejection of his Answer and Joinder to Motion to Dismiss the Amended Complaint as to the AAIMG Defendants, that it lacked any foundation in law or reason.  That being the case, the only plausible purpose for his filing it was to create additional distracting, time-consuming and expensive motions practice.  This case is complicated enough.  The Court should take bold steps to prevent it from becoming even more complicated, including by ordering Reinmiller to pay SMU's its cost and fees in defending his and Hough's latest motion, in an amount to be proved in a later filing.

**III.   CONCLUSION**

For the foregoing reasons, the Court should deny Hough's Motion to Remove Default of Sarah Weinstein, Rachael Silver, Diedre Moore and Thomas Moore, M.D., and should instead grant SMU's motion for an order:  (1) requiring Reinmiller to pay SMU its costs in responding to his and Hough's latest motion under 28 U.S.C. 1927, in an amount to be proved in a later filing, and (2) requiring Reinmiller to serve as counsel of record for the AAIMG Defendants under Local Rule IA 10-6(a).

/

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

8

1    DATED: August 21, 2006.          **KRONENBERGER HANLEY, LLP**

2

3                                     By: _____

4                                     Karl S. Kronenberger
                                      Terri R. Hanley
5                                     Attorneys for Plaintiff
                                      ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD.
6

7    DATED: August 21, 2006.          **GREENBERG TRAURIG, LLP**

8

9                                     By: _____

10                                    Mark G. Tratos
                                      F. Christopher Austin
11                                    Ronald D. Green, Jr.
                                      Designated Local Counsel for Plaintiff
                                      ST. MATTHEW'S UNIVERSITY (CAYMAN) LTD.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

# CERTIFICATE OF SERVICE

I am a resident of the state of Nevada, over the age of eighteen years and not a party to this action.   My business address is 3773 Howard Hughes Parkway, Suite 500 North, Las Vegas, NV 89169.

On August 21, 2006, I served the following document(s):

**PLAINTIFF'S NOTICE OF CROSS-MOTION AND CROSS-MOTION FOR COSTS AND FEES UNDER 28 USC 1927, AND FOR ORDER REQUIRING ATTORNEY REINMILLER TO SERVE AS AAIMG DEFENDANTS' COUNSEL OF RECORD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CROSS-MOTION, AND IN OPPOSITION TO MOTION OF PATRICIA HOUGH TO REMOVE DEFAULT AS TO AAIMG DEFENDANTS**

on the parties listed below as follows:

**NATHAN REINMILLER, ESQ**
Alverson Taylor Mortensen & Sanders
7401 West Charleston Blvd
Las Vegas, NV 89117
Fax:  (702) 385-7000

| | |
|---|---|
| **X** | BY FACSIMILE MACHINE (FAX), by personally transmitting a true copy thereof via an electronic facsimile machine to the fax number listed herein. |
| **X** | BY FIRST CLASS MAIL, by placing a true copy thereof in a sealed envelope, with postage thereon fully prepaid, for collection and mailing, in San Francisco, California, following ordinary business practices, which is deposited with the US Postal Service the same day as it is placed for processing. |
| | BY PERSONAL SERVICE, by personally delivering a true copy thereof to the addresse(s) listed herein at the location listed herein. |
| | BY OVERNIGHT DELIVERY containing a true copy thereof to the addresse(s) listed herein at the location listed herein. |
| | BY EMAIL to the addresses listed above. |
| | (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. |
| **X** | (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. |

_(signature)_
Employee of Greenberg
Traurig, LLP

KRONENBERGER HANLEY, LLP
220 Montgomery Street, Suite 1920
San Francisco, CA 94104
www.KronenbergerLaw.com

CERTIFICATE OF SERVICE